## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Red Door Salons Inc.,

                Plaintiff,

v.

Erwin Gomez, an individual,
James Packard-Gomez, an individual,
GoPac Industries Inc. d/b/a Erwin Gomez
Salon and Spa, a Maryland Corporation,

                Defendants.

**Civil Action No. 1:06CV00286 (GK)**

## PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

Pursuant to Fed. R. Civ. P. 26(d), Plaintiff Red Door Salons, Inc. (hereinafter, "Red Door") respectfully asks the Court to enter the attached Order authorizing expedited discovery. This lawsuit involves the Defendants' misappropriation of confidential, trade secret information and other violations of a Confidentiality and Non-Competition agreement. Expedited discovery is needed to determine the full extent and impact of Defendants' conduct, and to facilitate a speedy resolution of this matter.

This Motion is supported by the following Statement of Points and Authorities, and the Court file in this matter, which are incorporated herein by reference.

## STATEMENT OF POINTS AND AUTHORITIES

**I.      FACTUAL BACKGROUND.**

Red Door is an exclusive Hair Salon and Spa that has conducted business in the District of Columbia for nearly 40 years. As a customer-service business, Red Door's customer relations and goodwill are critical to the success of its business. To that end, Red Door has made

substantial investments in developing and maintaining confidential, proprietary and trade secret information, which includes Red Door's customer information lists.

Red Door hired Defendant Erwin Gomez (hereinafter, "Gomez") in 1994 as a makeup artist. As a condition of his employment, Gomez signed a Confidentiality and Non-Competition Agreement. Under the terms of the Agreement, Gomez promised that for a period of four months after the termination of his employment, he would not render any services ordinarily provided by Red Door salons within three miles of Red Door. Gomez also promised that for a period of six months after termination of his employment, he would not solicit any Red Door employee to work in any business in competition with Red Door. Gomez agreed to not disclose any of Red Door's confidential customer information, and promised that upon his termination he would immediately return all of Red Door's confidential information.

On or about September 8, 2005, Gomez voluntarily resigned his employment with Red Door, and announced a final departure date of October 31, 2005. However, prior to his departure, Gomez took steps to create the Erwin Gomez Salon, which is a company that directly competes with Red Door. Defendants also solicited several Red Door employees to work at the Erwin Gomez Salon, all of whom had access to Red Door's confidential customer information.

Approximately two months after Gomez' departure, several Red Door customers expressed concern about the fact that they had been contacted by Defendants, and were asked to schedule appointments at the Erwin-Gomez Salon. These customers worried that Red Door had "sold" their contact information. Red Door assured its customers that it had not disclosed their contact information, and suspected that the Defendants had misappropriated proprietary information. Red Door investigated the matter and, based on the information known to date, it appears that the Defendants have at a minimum solicited Red Door's employees and used

confidential information to contact and solicit Red Door's customers, all in clear violation of the Confidentiality and Non-Competition Agreement.[1]

Despite the injuries that Red Door has suffered, and will continue to suffer absent Court intervention, Red Door is not seeking a Temporary Restraining Order at this time. Although the information Red Door has received regarding Defendants' conduct is substantial and reliable, much of it is based on second-hand accounts, and the Defendants have not yet explained their actions. Notwithstanding this fact, it does appear that the Defendants have violated the Confidentiality and Non-Competition Agreement. Therefore, it would be prudent and entirely appropriate for the Court to order expedited discovery to determine the full extent and impact of the Defendants' conduct, to facilitate a speedy resolution of this matter and to determine whether preliminary injunctive relief is needed.

## II.    RED DOOR SHOULD BE PERMITTED TO CONDUCT EXPEDITED DISCOVERY.

A party requesting expedited discovery must demonstrate:

1.    Irreparable injury;

2.    Some probability of success on the merits;

3.    Some connection between the expedited discovery and the avoidance of the irreparable injury; and

4.    Some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted.

---

[1] Upon information and belief, Defendant James Packard-Gomez has significant contact with the Erwin Gomez Salon, and hired Gomez and other Red Door employees with the intent of interfering with their contractual obligations to Red Door. When Plaintiff's counsel initially contacted the Erwin Gomez Salon in an attempt to resolve this matter, Mr. Packard-Gomez claimed that he was in charge of the Salon, and was also the owner.

*In re Fannie Mae Derivative Litigation*, 227 F.R.D. 142, 142 (D.D.C. 2005) (quoting *Notaro v. Kock*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982)).[2]  All four factors weigh heavily in favor of Red Door's request for expedited discovery.

A.    **Irreparable Injury.**

Without an expedited resolution of this matter, Red Door will continue to suffer substantial injury which cannot be adequately compensated by monetary damages.  These injuries include the loss of current and future relationships with well-established customers, the loss of income generated by those customers, and the general loss of customer trust and goodwill.  *See e.g., Morgan Stanley DW Inc., v. Rothe*, 150 F. Supp. 2d 67, 76 (D.D.C. 2001). Indeed, the threat of irreparable harm is always present when former employees misappropriate confidential and trade secret information.  *See Computer Assoc. Int'l, Inc. v. Bryan*, 784 F. Supp. 982, 986 (E.D.N.Y. 1992); *see also Rothe*, 150 F. Supp. at 76 (holding that customer lists are entitled to trade secret status.).  It is for precisely this reason that expedited discovery is necessary in this case.

B.    **Probability of Success on the Merits.**

Based on Defendants' conduct known to date, Red Door will likely prevail on the merits. Red Door's Confidentiality and Non-Competition Agreement is entirely reasonable and fully enforceable.  *See* Compl. at Exhibit A; *see also, Morgan Stanley DW Inc., v. Rothe*, 150 F. Supp.

---

[2]  The *Fannie Mae* court recognized a second, similar standard sometimes used to evaluate expedited discovery requests, under which courts consider the "reasonableness of the request in light of all of the surrounding circumstances . . .."  *Id.* (quoting *Entm't Tech. Corp. v. Walt Disney Imagineering*, 2003 U.S. Dist. LEXIS 19832, No. 03-3546 (E.D. Pa. 2003)).  The circumstances considered include:  (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.  *Id.*  For the reasons set forth in this Motion, Red Door's request should be granted under either standard.

2d 67, 74 (D.D.C. 2001) (enforcing a more restrictive agreement that was "designed to prevent potentially harmful interference with [plaintiff's] crucial customer base."). The relevant provisions of the Agreement prohibit the solicitation of Red Door's customers and employees. The *Rothe* Court, in granting plaintiff's request for a temporary restraining order, noted:

> Based on the two main allegations against the defendant – that he has already begun soliciting former clients and that he removed at least one file from Morgan Stanley – the plaintiff has demonstrated a likelihood of success on the merits in that that it has already shown that the defendant's alleged actions would violate the terms of the Agreement.

*Id.* at 75.

The allegations against the Defendants are serious and require thorough, immediate investigation. Defendants have violated the terms of the Confidentiality and Non-Competition Agreement by hiring several former Red Door employees. Defendants have also violated not only the Agreement but also, potentially, criminal law by misappropriating confidential and trade secret information. Expedited discovery will uncover the full extent of Defendants' conduct, and will facilitate a swift resolution of this matter, thereby preventing further injury to Red Door.

**C.    Connection Between the Expedited Discovery and Irreparable Injury.**

Expedited discovery is necessary so that Red Door can immediately discover the full extent of Defendants' misappropriation of confidential and trade secret information, and their improper solicitation of Red Door's customers and employees. To that end, Red Door must immediately conduct discovery on a variety of issues, such as: (1) The circumstances surrounding the creation and operation of the Erwin Gomez Salon; (2) Defendants' solicitation of Red Door's customers and employees both during and after the period of Defendant Gomez' employment with Red Door; (3) The services provided by Defendants to Red Door's customers; and (4) The circumstances surrounding the departure of five (5) employees from Red Door to the

Erwin Gomez Salon. Red Door will be able to obtain the needed information by conducting the following discovery:

1.  Deposing Defendants Erwin Gomez and James Packard-Gomez;

2.  Deposing the former Red Door employees who, upon information and belief, are currently employed by Defendants, including Valerie Carrasquillo (hair stylist), Nia Cooper (nail technician), Mata Keo (guest services representative), Angee Keo (guest services representative), and Tia Rice (hair stylist).

3.  Serving Plaintiff's First Request for Production of Documents, attached hereto as Exhibit A;

4.  Having a computer specialist inspect the Defendants' computer networks to determine what confidential, trade secret information Defendants have misappropriated, as well as other relevant information.

**D.  Balance of Hardships.**

The balance of hardships weighs heavily in favor of Red Door's request for expedited discovery. While the harm Red Door will suffer absent a swift resolution of this matter is significant, Defendants will not suffer any undue hardship if the Court orders expedited discovery, because they can continue to perform their current jobs without interruption, and hopefully without using Red Door's confidential and trade secret information. The requested discovery would take place in any event, and in fact expediting the discovery may reduce expenses by leading to a swifter resolution.

**III.  DEFENSE COUNSEL WILL NOT VOLUNTARILY AGREE TO EXPEDITE DISCOVERY.**

Pursuant to Local Rule of the United States District Court for the District of Columbia 7(m), Plaintiff's counsel Stephanie Quincy discussed the need to expedite discovery with defense

counsel in a good-faith effort to resolve this issue without Court intervention. *See* correspondence from Stephanie J. Quincy to Stephen J. O'Conner dated February 27, 2006, attached as Exhibit B.  Defense counsel have indicated that they will not voluntarily agree to expedite discovery, and are awaiting the present Motion. *See id*; *see also* correspondence from David C. Tobin to Stephanie J. Quincy dated February 28, 2006, attached as Exhibit C.

## IV.    CONCLUSION.

For the foregoing reasons, Red Door respectfully asks the Court to enter the proposed expedited discovery Order filed contemporaneously herewith.

DATED this ⁊⁊ day of March, 2006.

SHERMAN & HOWARD, LLC

By _____
Stephanie J. Quincy (Admitted Pro Hac Vice
Robert G. Vaught (Admitted Pro Hac Vice)
1850 North Central Ave., Suite 500
Phoenix, Arizona  85004
Telephone:  (602) 636-2008
squincy@sah.com

Joel L. Green (192682)
Jennings, Strouss & Salmon, P.L.C.
1700 Pennsylvania Ave., N.W.
Suite 500
Washington, D.C.  20006
Telephone:  (202) 371-9889

Attorneys for Plaintiff Red Door Salons, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this _7_ day of March, 2006, I electronically transmitted the foregoing to the Clerk's office using the CM/ECF System for filing.

Copies of the foregoing have been sent this date via Facsimile and Federal Express to the following:

David C. Tobin, Esq.
Stephen J. O'Connor, Esq.
TOBIN, O'CONNOR, EWING & RICHARD
5335 Wisconsin Avenue N.W., Suite 700
Washington, D.C. 20015

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Red Door Salons, Inc.,

                     Plaintiff,

v.

Erwin Gomez, an individual, James Packard-Gomez, an individual, GoPac Industries Inc. d/b/a Erwin Gomez Salon and Spa, a Maryland Corporation,

                     Defendants.

Civil Action No. 1:06CV00286(GK)

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**TO:   Defendants Erwin Gomez, James Packard-Gomez and GoPac Industries d/b/a/ Erwin Gomez Salon and Spa**

Pursuant to Federal Rule of Civil Procedure 34 and the Expedited Discovery Order entered by the Court, you are hereby requested to produce for inspection and copying at the offices of Plaintiff's counsel, or such other location as may be agreed upon by the parties or their counsel of record, within ten (10) days after service, all of the documents described herein, that are in your custody, control or possession.

## INSTRUCTIONS

A.    In responding to this Request for Production of Documents ("Request" or "Requests"), you are required to produce all documents known or available to you, or which are in the possession, custody or control of you, your agents, representatives, investigators or that of your attorneys or their agents, employees, officers or other representatives

B.    With respect to each document produced, please designate each Request to which the document is responsive.

C.    Whenever the plural form of a noun is used in this Request, it is intended to and does apply as well to the singular form of the noun unless otherwise specified. Whenever the singular form of a noun is used in this Request, it is intended to and does apply as well to the plural form of the noun.

D.    Unless otherwise stated, if reference is made to any date or figure in addition to the date or figure specified, the reference is intended to connote an approximation.

E.    If, for any reason, you are unable to produce in full any document requested, you must:  (1) produce each document to the fullest extent possible; (2) specify the reason(s) for your inability to produce the remainder of the document; and (3) state in detail what information, knowledge, or belief you have concerning the location and substance of each document that has not been produced in full.

F.    If any document requested was at one time in existence, but is no longer in existence, for each such document please specify:  (1) the type of document no longer in existence; (2) the date the document was created; (3) the identity of the person(s) who created the document; (4) the information contained in such document; (5) the date on which the document ceased to exist; (6) the circumstances under which the document ceased to exist; (7) the identity of any person(s) having knowledge of the circumstances

under which the document ceased to exist; and (8) the identity of any person(s) having knowledge of the contents of the document.

      G.     If you are aware of the existence of any document requested which you are unable to locate or produce, please provide the following information as to each such document: (1) the identity of the document; (2) the last known location of the document; (3) the full name, position and business address of the person or persons in custody or control of the document; and (4) the reason(s) for your inability to locate the document.

      H.     For each document requested which you are unable to produce and which was at any time within your possession, custody or control, or to which you had access at any time, specify in detail: (1) the nature of the document (*e.g.* letter, memorandum, etc.); (2) the author of the document; (3) all recipients of the document and any copy thereof; (4) the date on which you lost, relinquished, or otherwise ceased to have possession, custody, control of, or access to the document; (5) identify all persons having knowledge of the circumstances whereby you lost, relinquished, or otherwise ceased to have possession, custody, or control of, or access to the document; and (6) identify all persons who have or have had knowledge of the contents of the document.

      I.     Unless you have identified the existence of a document that you cannot produce, it will be understood that you have produced all responsive documents of which you are aware and that there exists no other documents of the nature specified, which could be located or produced through the exercise of reasonable diligence.

      J.     Your obligation to respond to each of these Requests is a continuing one. If, after responding to any Request, you obtain or become aware of any new or additional information pertaining to any Request contained herein, you are required to supplement your answer within five after you knew or should have known of the existence of such information. All supplemental responses must be served upon Defendants' counsel within ten (10) days after Plaintiff knows or should have known of such information.

## PROCEDURE FOR CLAIMING LIMITATION ON DISCOVERY

In the event that you contend any document requested is privileged or otherwise does not need to be produced in response to this Request, please note such failure to produce as an objection to the Request and comply with the Request to the extent it is not subject to the objection. In addition, state separately for each document the reason(s) for each objection or non-production, and identify each document withheld from production by its author(s), date, and intended recipient(s). Further, identify all individuals who received copies of the document and describe the document's general subject matter. Last, please segregate and maintain any withheld documents for later proceedings.

## DEFINITIONS

A.    "You", "your," or "yourself" refers to Defendants Erwin Gomez ("Gomez"), James Packard-Gomez ("Packard") and/or the Erwin Gomez Salon and Spa (the "Erwin Gomez Salon"), individually and collectively and any and all agents or representatives and each person acting or purporting to act on her behalf.

B.    "Any," "each," and "all" shall be read to be all inclusive, and to require the production of each and every document responsive to the particular Request in which such term appears.

C.    "And" and "or" and any other conjunctions or disjunctions used herein shall be read both conjunctively and disjunctively as to require the production of all documents responsive to all or any part of each particular Request in which any conjunction or disjunction appears.

D.    "Person" means any natural person in any capacity whatsoever or any business, legal or governmental entity or association including divisions, departments and the units thereof, and any individual, firm, corporation, association, organization, or any other entity.

4

E.     "Concern(s)," "concerning," "relate(s)," "relating," or "regarding" means referring or pertaining to, describing, mentioning, evidencing or constituting, in whole or in part, directly or indirectly, the subject matter identified.

F.     "Document," "Documents," or "Documentation" means all writings of every type and description, WHETHER DRAFT OR FINAL, including but not limited to letters, correspondence, electronic mail, memoranda, notes, drawings, graphs, charts, photographs, telephone records, memoranda of telephone conversations or personal conversations, video or audio tape recordings, and other data compilations from which information can be obtained and translated, computer printouts and disks, transcripts, affidavits, contracts, agreements, calendars, diaries, telegrams, newsletters, publications, reports, records, medical records, schedules, invoices, purchase orders, business plans, income and revenue projections, balance sheets and other accounting records, agendas, summaries, and all other such documents.  The terms "Document," "Documents," or "Documentation" also include all copies and versions thereof which contain any additional writing, underlining, notes, deletions, or any other markings or notations, or are otherwise not identical copies of the original.  A draft or other non-identical copy is a separate "Document" within the meaning of this term.

G.     "Communication," or "communicate" means the transmittal of information in any form whatsoever (in the form of facts, ideas, inquiries or otherwise).

## REQUESTS FOR PRODUCTION

1.     Produce all documents relating to the Erwin Gomez Salon's formation as a legal entity.  The requested documents include all documents reflecting any ownership interest, business plans, designs, architectural drawings, contracts, agreements, loans, correspondence, notes, diaries, calendars, tax documents, schedules, income sheets, balance statements, and budgets.

2.     Produce all documents relating to the lease or purchase of the Erwin Gomez Salon's business location.

3.     Produce the invoices for all business cards you have purchased for anyone who has worked or is working for the Erwin Gomez Salon and GoPac Industries, Inc.

4.     Produce all documents relating to all persons who have requested, scheduled or received services at the Erwin Gomez Salon.  The requested documents include any compilation of the names, addresses, telephone numbers or e-mail addresses of any individuals who have requested, scheduled or received services at the Erwin Gomez Salon including all services performed and produce in electronic form a copy of your database related to "Shortcuts Salon and Spa Software."

5.     Produce all documents regarding your efforts to obtain customers.  The requested documents include all documents evidencing or relating to your oral or written communications to actual or prospective customers; the names, addresses, telephone numbers, and e-mail addresses to which you directed those communications; and the date on which the communications were made.

6.     Produce copies of all of your advertising, marketing and/or promotional materials from January 1, 2005 to the present.

7.     Produce all documents relating to your federal and state taxes for 2004 and 2005.

8.     Produce all documents relating to any of Red Door's current or former employees, including but not limited to recruitment and training material.

9.     Produce all documents relating to Red Door, its current and former customers and its marketing and sales plans and strategies.

10.    Produce all documents that you or anyone acting pursuant to your direction or in concert with you, removed from any office, salon or computer of Red Door.

DATED this _____ day of March, 2006.

SHERMAN & HOWARD, LLC


By _____
Stephanie J. Quincy (Admitted Pro Hac Vice
Robert G. Vaught (Admitted Pro Hac Vice)
1850 North Central Ave., Suite 500
Phoenix, Arizona  85004
Telephone:  (602) 636-2008
squincy@sah.com

Joel L. Green (192682)
Jennings, Strouss & Salmon, P.L.C.
1700 Pennsylvania Ave., N.W.
Suite 500
Washington, D.C.  20006
Telephone:  (202) 371-9889


Attorneys for Plaintiff Red Door Salons, Inc.

## CERTIFICATE OF SERVICE

Copies of the foregoing have been sent this date via Facsimile and Federal Express to the following:

David C. Tobin, Esq.
Stephen J. O'Connor, Esq.
TOBIN, O'CONNOR, EWING & RICHARD
5335 Wisconsin Avenue N.W., Suite 700
Washington, D.C. 20015

_____

# EXHIBIT B

# Sherman & Howard L.L.C.

ATTORNEYS & COUNSELORS AT LAW
1850 N. CENTRAL AVENUE, SUITE 500
PHOENIX, ARIZONA 85004
TELEPHONE: 602 636-2000
FAX: 602 234-7979
OFFICES: DENVER • COLORADO SPRINGS
RENO • LAS VEGAS

Stephanie J. Quincy
Direct Dial Number: (602) 636-2008
E-mail: squincy@sah.com

February 27, 2006

**Via Facsimile and U.S. Mail**

Stephen J. O'Connor, Esq.
TOBIN, O'CONNOR, EWING & RICHARD
5335 Wisconsin Avenue N.W., Suite 700
Washington, D.C. 20015

> *Re:*   *Elizabeth Arden Spas v. Erwin Gomez-Packard, James Packard-Gomez*
> *and Erwin Gomez Salon*

Dear Mr. O'Connor:

This letter will confirm a conversation with your office earlier today. I spoke with you some time ago about the need for expedited discovery in this matter. I requested that when you determined whom you would be representing, to please let me know. I heard nothing from you. Though your associate advised me that you will be representing all parties, he declined to accept service for Mr. Packard-Gomez. As we need to get this case moving, we will continue in our efforts to serve your client and will also send you an acceptance of service form.

Your associate today told me that you would not agree to any expedited discovery. I told him that we would of course produce our witnesses for deposition as well, along with responding to reasonable written discovery. I also attempted to explain why we believed we needed expedited discovery. He abjectly refused and in fact refused to discuss any scheduling in the case.

I am hopeful we can work cooperatively on discovery and scheduling issues. This will be a case involving many depositions and much written discovery. As I stated to your client, it is not worth our clients' money to battle needlessly over immaterial issues.

# Sherman & Howard L.L.C.

Stephen J. O'Connor
February 27, 2006
Page 2

Based on this conversation, we will file our motion for expedited discovery.

Very truly yours,

Stephanie J. Quincy

SJQ/sar

# EXHIBIT C

# Tobin
# O'Connor
# Ewing &
# Richard

*Practicality in Practice*

Attorneys at Law
*A Partnership of Professional Corporations*

David C. Tobin
Direct Dial (202) 362-5903
dctobin@tobinoconnor.com

February 28, 2006

**BY FACSIMILE (602-234-7979)**

Stephanie J. Quincy, Esq.
Sherman & Howard L.L.C.
1850 North Central Avenue, Suite 500
Phoenix, Arizona  85004

      RE:   *Elizabeth Arden Spas v. Erwin Gomez-Packard, James Packard-Gomez
              and Erwin Gomez Salon*

Dear Ms. Quincy:

      This is in response to your letter to Stephen O'Connor of yesterday.  I am the
person with whom you spoke yesterday afternoon.

      We disagree with the propriety of expedited discovery in this case.  However, I
did not refuse to discuss scheduling or other matters in our telephone conversation
yesterday.  To the contrary, you hung up the phone on me mid-sentence as I was
attempting to discuss matters with you.  I, too, am hopeful that we can work
cooperatively on discovery and scheduling issues.  This cannot occur, however, if you
refuse to discuss matters.  Hanging up the phone does not engender good communication.

      In any event, I will await your motion for expedited discovery and respond
accordingly.

           Sincerely,

           David C. Tobin

DCT:cla

5335 Wisconsin Avenue, NW
Suite 700
Washington, DC 20015

Phone 202-362-5900
Fax 202-362-5901
www.tobinoconnor.com