**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **RED DOOR SALONS, INC.,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No.: 1:06CV00286 |
| | : | Judge Gladys Kessler |
| **ERWIN GOMEZ, et al.,** | : | Deck Type: Contract |
| | : | |
| Defendants. | : | |

**DEFENDANT ERWIN GOMEZ'S OPPOSITION TO**
**PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY**

**I.   INTRODUCTION**

Plaintiff has failed to demonstrate any basis for conducting expedited discovery in this case. Simply put, plaintiff has virtually no likelihood of succeeding on its claims against defendant Erwin Gomez. Putting aside for a moment the fact that this plaintiff does not have a non-compete agreement of any sort with Mr. Gomez, the agreement on which plaintiff relies does not prohibit Mr. Gomez from soliciting or servicing clients of his previous employer. Thus, even assuming that agreement is enforceable against Mr. Gomez, there is no evidence that he has done anything to violate it.

Nor has plaintiff provided this Court or Mr. Gomez with any factual support for its claims of unfair competition or irreparable injury. Noticeably absent from both the complaint and the motion for expedited discovery is an affidavit of anyone attesting to anything – either alleged wrongdoing by Mr. Gomez, or any type of irreparable harm to plaintiff. At most, plaintiff's motion suggests that "several customers" complained about a contact from Mr. Gomez. Plaintiff has not identified a single customer it claims to have lost, much less how such an event would "irreparably" injure plaintiff.

Finally, the discovery plaintiff proposes bears no connection to the avoidance of any irreparable injury. The document requests appended to the motion seek items such as business cards produced for employees, all advertising and marketing materials, copies of business cards, and even federal and state tax returns. Plaintiff makes no effort to demonstrate how the production of such items would prevent "irreparable injury," likely because it could not possible do so. Therefore, plaintiff's motion should be denied.

## II.    FACTS

According to the plaintiff, Mr. Gomez informed his employer in June 2005 of his intent to open a competing salon. See Complaint at ¶ 19. The correspondence attached to the complaint as Exhibit B further indicates that Mr. Gomez had already leased space for his salon, **and informed his employer of that fact:**

> On June 21, you discussed with Chris Fields and me, your career plans to open your own spa/salon operation at some time in the near future. . . . **You also indicated that presently, you have leased space for this salon business operation, and were waiting for closure on finances to fund this project.**

See Exhibit B to Complaint (emphasis supplied).

Contrary to the "emergency" suggested by plaintiff's motion for expedited discovery, plaintiff never suggested that Mr. Gomez was prohibited from opening a competing salon. That is likely because the agreement signed by Mr. Gomez restricted him only from competing "within three (3) miles of the salon location" where he was employed prior to leaving, and for a period of only four months (which period has already elapsed). See Exhibit A to Complaint at 2. Plaintiff – which, as detailed in Mr. Gomez's motion to dismiss, is not even a party to this document – does not and cannot claim that Mr. Gomez's work location in Georgetown violates this three-mile restriction.

Mr. Gomez opened his salon in October 2005. Complaint at ¶ 21. Despite full knowledge of this fact, plaintiff did not seek any kind of relief against Mr. Gomez until February 16, 2006 when it filed the complaint in this matter. Plaintiff waited nearly three more weeks before filing the instant motion for expedited discovery. Plaintiff has yet to file a motion for preliminary injunction.

### III.   ARGUMENT

#### A.   Standard for Ordering Expedited Discovery

In In re Fannie Mae Derivative Litigation, 227 F.R.D. 142 (D.D.C. 2005), this Court recognized the following "stringent standard" to be met by a party seeking expedited discovery:

> [C]ourts should require the plaintiff to demonstrate (1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted.

Id. at 142, citing Notaro v. Koch, 95 F.R.D. 403, 405 (S.D.N.Y. 1982). Plaintiff has utterly failed to fulfill this standard.

#### B.   Plaintiff Has Virtually No Likelihood of Success on the Merits

1.   The plaintiff is not a party to a non-compete with Mr. Gomez

As discussed more fully in Mr. Gomez's motion to dismiss, the plaintiff in this case, Red Door Salons, Inc., is not a party to the employment agreement attached as Exhibit A to the Complaint. That agreement is signed by Mr. Gomez and by "Elizabeth Arden Salons, Inc." For the reasons set forth in the motion to dismiss, this plaintiff has no standing to enforce that agreement.

3

    2.    <u>The agreement relied on by plaintiff does not prohibit Mr. Gomez from soliciting former clients</u>

In any event, assuming this plaintiff could enforce the agreement, nowhere does it prohibit Mr. Gomez from soliciting former clients from plaintiff. The only restriction on Mr. Gomez's competition in the salon business is the aforementioned three-mile and four-month restriction. Plaintiff cannot claim that Mr. Gomez has violated that provision because his salon is located more than three miles from his previous place of employment.

Plaintiff has no contractual right to prohibit Mr. Gomez from competing with it in the open marketplace. And absent such an agreement, plaintiff has no legal basis to prohibit Mr. Gomez for competing for customers currently or previously serviced by plaintiff. <u>See, e.g.</u>, <u>Group Ass'n. Plans v. Colquhoun</u>, 466 F.2d 469, 474, (D.C. Cir. 1972) (noting common law right of employee to compete with former employer absent contractual restriction, even to the extent of "stealing" former clients); <u>see also</u> <u>Aetna Cas. and Sur. Co. v. Lee</u>, 229 F.2d 787, 788-89 (D.C. Cir. <u>cert</u>. <u>denied</u> 351 U.S. 973 (1956)) (same).

    3.    <u>Plaintiff has made no effort to demonstrate that it possesses any protectable "trade secrets"</u>

Although plaintiff's motion claims that plaintiff "has made substantial investments in developing and maintaining confidential, proprietary and trade secret information," Motion for Expedited Discovery at 1-2, nowhere in the motion are we provided with even the most general description of what that information might be, other than plaintiff's reference to "customer information lists". <u>Id.</u> at 2. At a minimum, plaintiff should be required to provide this Court with some factual information suggesting that such "trade secret" information exists.

For example, the District of Columbia Uniform Trade Secrets Act expressly defines "trade secrets" as follows:

> Information, including a formula, pattern, compilation, program, device, method, technique, or process that:
>
> (A) Derives actual or potential independent economic value, from not being generally known to, and not being readily ascertainable by, proper means by another who can obtain economic value from its disclosure or use; and
>
> (B) Is the subject of reasonable efforts to maintain its secrecy.

D.C. Code § 36-401(4).

Unfortunately, plaintiff's motion neither references the Uniform Trade Secrets Act nor does it make any effort to describe why plaintiff's customer information lists would meet the Act's definition of trade secrets. Plaintiff has not attached an affidavit, as it could have, explaining:

- What type of information is contained on the lists;
- How such lists are compiled;
- Who is in charge of the lists;
- Why the lists derive "independent economic value" from not being generally known; and
- What measures plaintiff undertakes to protect the lists.

Neither this Court nor defendant can evaluate the merits of plaintiff's trade secrets claim at this point. Notably, the District of Columbia Court of Appeals has observed that not all customer lists deserve trade secret protection. <u>Ruesch v. Ruesch Intern. Monetary Services, Inc.</u>, 479 A.2d 295 (D.C. 1984). Accordingly, plaintiff cannot claim to have any likelihood of succeeding on this claim, at least at this point.

5

      4.    <u>Plaintiff has made no effort to establish that Mr. Gomez "stole" or otherwise improperly acquired any trade secret information.</u>

Paragraph 23 of the Complaint states unequivocally that "Gomez has stolen and used Red Door's Confidential Information in violation of the Gomez Agreement and the 2005 Letter Agreement." Assuming that plaintiff has a good faith factual basis for making this allegation, plaintiff has not seen fit to share that information with this Court or defendant. For example, if someone saw Mr. Gomez steal trade secrets, plaintiff could have provided an affidavit to that effect. Likewise, if there was computer-based evidence indicating that Mr. Gomez had accessed and/or printed out trade secret information prior to his departure, plaintiff could have established that by affidavit. Plaintiff's motion, however, is totally devoid of support for this serious allegation. That is because the allegation is false.

Plaintiff is in control of its allegations and its evidence. It cannot expect to obtain extraordinary relief such as expedited discovery without providing a minimal factual basis for doing so.

      5.    <u>Plaintiff has made no effort to establish that Mr. Gomez improperly solicited former employees</u>

As with the trade secret allegations, plaintiff provides no factual basis to conclude that Mr. Gomez improperly solicited former employees of plaintiff. Apart from alleging that several former employees of plaintiff work at Erwin Gomez salon, there is no affidavit or other evidence suggesting that Mr. Gomez solicited them.

Also notably absent from plaintiff's motion is a copy of an employment agreement with any of the former employees mentioned in the motion. That is likely because there is no restriction that would prohibit these employees from working with Mr. Gomez. For example, attached hereto as Exhibit 1 is a copy of the Elizabeth Arden employment agreement of Nikia

Cooper, one of the former employees mentioned in the motion. The only restriction on Ms. Cooper's employment after leaving plaintiff's employ is the three-mile/four-month restriction discussed <u>supra</u>. Simply put, Ms. Cooper's current employment does not violate her agreement with plaintiff.

It would have been simple enough for plaintiff to have attached some evidence of its claimed violations, but it has chosen not to do so. Plaintiff's allegations are just that – allegations, and nothing more.

**C.     There Is No Evidence of Any Harm, Much Less Irreparable Harm**

Plaintiff has also failed to provide any basis for evaluating its claim of threatened or actual harm. While plaintiff's motion suggests that "several Red Door customers expressed concern" about allegedly being contacted by "defendants," there is no suggestion that plaintiff actually lost these or any other customers. We do not know what happened to these customers or the substance of their complaints. We are not even told who among the "defendants" is alleged to have contacted them.

Again, it is not enough for plaintiff to complain that its customers have been contacted. Absent some contractual or other legal restriction, plaintiff cannot prohibit defendants from competing in the marketplace, including contacting potential customers.

**D.     There Is No Connection Between the Proposed Discovery and the Avoidance of Irreparable Injury**

Plaintiff's motion fails to explain how, if granted expedited discovery, it would use that discovery to avoid irreparable injury that might otherwise occur. For example, while plaintiff wishes to depose defendants and some employees, plaintiff does not describe what matters it might learn that would prevent some future injury. Likewise, while plaintiff seeks to serve its request for production of documents, that request seeks information that could not possibly be

7

related to any potential injury, such as defendants' federal and state tax returns, the lease for the salon location and invoices for business cards.[1]

In short, plaintiff does not explain how or why expedited discovery will advance this case, or will reduce the possibility of harm. Plaintiff has not even established that harm has or might occur, either with or without expedited discovery. Plaintiff has simply failed to meet the standard for engaging in expedited discovery.

IV. **CONCLUSION**

Plaintiff has not provided any factual or legal basis for its requested relief. Plaintiff knew for months that Mr. Gomez intended to open a new salon, and acquiesced in his doing so. There is no evidence that Mr. Gomez has done anything improper, and there is no basis to conclude that expedited discovery is appropriate or necessary. Mr. Gomez respectfully requests that plaintiff's motion be denied.

Respectfully submitted,

TOBIN, O'CONNOR, EWING & RICHARD

By: /s/David C. Tobin
David C. Tobin, Esq., D.C. Bar #395959
Ziad P. Haddad, Esq., D.C. Bar #469470
5335 Wisconsin Ave., N.W., Suite 700
Washington, DC 20015
Tel: (202) 362-5900
Fax: (202) 362-5901
*Attorney for Defendant Erwin Gomez*

---

[1] Nor does plaintiff explain how its request to take expedited depositions would impact any real or threatened harm. Plaintiff also ignores Fed.R.Civ.P. 30(a)(2), which contains separate provisions regarding expedited depositions, including a showing that the proposed deponent is expected to leave the country and be unavailable for examination in the future.

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 14th day of March, 2006, a true and correct copy of the foregoing Defendant Erwin Gomez's Opposition to Plaintiff's Motion for Expedited Discovery was served by first-class, postage pre-paid U.S. mail to:

Joel L. Greene, Esq.
Jennings, Strouss & Salmon, P.L.C.
1700 Pennsylvania Avenue, N.W., Suite 500
Washington, D.C.  20006

Stephanie J. Quincy, Esq.
Robert E. Youle, Esq.
Sherman & Howard, L.L.C.
1850 North Central Avenue, Suite 500
Phoenix, Arizona  85004

                                              /s/David C. Tobin
                                              David C. Tobin