IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **RED DOOR SALONS, INC.,** | : | |
| **Plaintiff,** | : | |
| v. | : | Case No.: 1:06CV00286 |
| | : | Judge Gladys Kessler |
| **ERWIN GOMEZ, et al.,** | : | Deck Type: Contract |
| **Defendants.** | : | |

**DEFENDANT GOPAC INDUSTRIES, INC.'S MOTION TO DISMISS IN PART**

Defendant GoPac Industries, Inc. ("GoPac"), by and through undersigned counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves for an order dismissing Count III, Intentional Interference with Business Expectancies, of the Complaint filed by plaintiff Red Door Salons, Inc. ("plaintiff") for failure to state a claim upon which relief can be granted.

As support for this Motion, GoPac respectfully refers this Court to the attached Memorandum of Points of Authorities in support thereof.

WHEREFORE, GoPac respectfully requests an Order dismissing Count III of plaintiff's Complaint.

        Respectfully submitted,

        TOBIN, O'CONNOR, EWING & RICHARD

By:  /s/David C. Tobin
      David C. Tobin, Esq., D.C. Bar # 395959
      Ziad P. Haddad, Esq., D.C. Bar #469470
      5335 Wisconsin Ave., N.W., Suite 700
      Washington, DC 20015
      Tel: (202) 362-5900
      Fax: (202) 362-5901
      *Attorney for Defendant GoPac Industries, Inc.*

## CERTIFICATION OF COMPLIANCE WITH LCvR 7(m)

Counsel for defendant GoPac Industries, Inc. certifies that on March ____, 2006, he conferred with opposing counsel in an effort to determine whether there is opposition to the relief sought, and to narrow areas of disagreement. Counsel for plaintiff was unable to agree to the relief sought in this motion.

## REQUEST FOR ORAL HEARING

Pursuant to LCvR 7(f) and 78.1, counsel for defendant GoPac Industries, Inc. requests an oral hearing on this motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of March, 2006, a true and correct copy of the foregoing Defendant Erwin Gomez's Motion To Dismiss in Part and the Memorandum of Points and Authorities in Support thereof was served by first-class, postage pre-paid U.S. mail to:

Joel L. Greene, Esq.
Jennings, Strouss & Salmon, P.L.C.
1700 Pennsylvania Avenue, N.W., Suite 500
Washington, D.C.  20006

Stephanie J. Quincy, Esq.
Robert E. Youle, Esq.
Sherman & Howard, L.L.C.
1850 North Central Avenue, Suite 500
Phoenix, Arizona  85004

        /s/David C. Tobin
        David C. Tobin

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **RED DOOR SALONS, INC.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | Case No.: 1:06CV00286 |
| | : | Judge Gladys Kessler |
| **ERWIN GOMEZ, et al.,** | : | Deck Type: Contract |
| | : | |
| **Defendants.** | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANT GOPAC INDUSTRIES, INC.'S MOTION TO DISMISS IN PART**

Defendant GoPac Industries, Inc. ("GoPac"), by and through its undersigned counsel, hereby submits this memorandum of points and authorities in support of its motion to dismiss Count III, Intentional Interference with Business Expectancies of the Complaint filed against it by plaintiff Red Door Salons, Inc. ("plaintiff"), and states as follows:

**I.   STANDARD FOR MOTION TO DISMISS[1]**

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the Court must construe the complaint "in the light most favorable to the plaintiff and must grant the plaintiff the benefit of all inferences that can be derived from the alleged facts." See Raymen v. United Senior Association, Inc., 409 F.Supp.2d 15 (D.D.C. 2006) (citing Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99 (1957) and Barr v. Clinton, 370 F.3d 1196 (D.C.Cir.2004)). Only where it appears "beyond doubt" that a plaintiff can prove no set of facts in support of his claim that would entitle him to relief may a complaint be dismissed under Rule 12(b)(6). Id. The Court "need not accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint." Raymen, 409 F.Supp at 20 (citing Kowal v.

---

[1] GoPac hereby incorporates by reference the Introduction and Statement of Facts sections set forth in the Memorandum of Points and Authorities in Support of Defendant Erwin Gomez's Motion To Dismiss in Part.

3

MCI Communications Corp., 16 F.3d 1196 (D.C.Cir.1994)).  Neither must the Court consider conclusory legal allegations.  Bowhead Information Technology Services, LLC v. Catapult Technology, Ltd., 377 F.Supp.2d 166 (D.D.C. 2005) (citing Domen v. Nat'l Rehabilitation Hosp., 925 F.Supp. 830 (D.D.C. 1996).

## II. PLAINTIFF FAILS TO STATE A CLAIM FOR INTENTIONAL INTERFERENCE WITH BUSINESS EXPECTANCY (COUNT III)

In the District of Columbia, a claim of intentional interference with business expectancy consists of four elements: 1) the existence of a valid business relationship or expectancy; (2) knowledge of the relationship or expectancy on the part of the interferer; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage.  PM Services Co. v. Odoi Associates, Inc., 2006 WL 20382 at *34 (D.D.C. 2006), citing Bennett Enter., Inc. v. Domino's Pizza, Inc., 45 F.3d 493, 499 (D.C.Cir. 1995).  In order to survive a motion to dismiss, a plaintiff must allege business expectancies, "not grounded in present contractual relationships, but which are commercially reasonable to expect." Sheppard v. Dickstein, Shapiro, Morin & Oshinksky, 59 F.Supp.2d 27, 34 (D.D.C. 1999).  Furthermore, the defendant's interference must be improper.  "Competitive activity by itself will not be deemed tortious interference with business relations unless accomplished by wrongful or improper means, such as fraud, violence or civil suits." Bowhead, 377 F.Supp.2d at 174, quoting Mercer Mgmt. Consulting v. Wilde, 920 F.Supp. 219, 239 (D.D.C. 1996).

Plaintiff's allegations, found in Count III of the Complaint, fail in several respects.  First, nowhere in the Complaint does plaintiff allege that GoPac's wrongful conduct caused a "breach or termination of the relationship or expectancy."  The Complaint does not allege that any employee breached a contract with plaintiff, nor does it allege that any unnamed customer

refused to do business with plaintiff. At a minimum, plaintiff must allege that someone refused to do business with it in order to sustain its intentional interference claim.

Likewise, plaintiff fails to allege anything about the so-called "expectancies" that are the subject of this count. Plaintiff merely alleges that "Defendants were aware that Red Door had relationships with its various customers and employees and were aware of Red Door's expectation that those relationships would continue." Complaint at ¶ 65. There is nothing in that conclusory allegation that there is any "commercially reasonable" basis to have expected that such relationships would continue. There are no facts alleged from which any conclusion could be reached regarding the commercial reasonableness of plaintiff's conclusory "expectations."

Finally, the Complaint nowhere alleges the type of activity that rises to the level of actionable tortious interference. As this Court observed in Bowhead, plaintiff must allege conduct in the nature of "fraud, violence or civil suits." Id. at 174. There are no such allegations in this Complaint. In order to be actionable, the alleged interfering activity failing to have done so, Count III must be dismissed.

### III. CONCLUSION

For all of the foregoing reasons, defendant GoPac respectfully requests that Count III of the Complaint be dismissed.

Respectfully submitted,

TOBIN, O'CONNOR, EWING & RICHARD

By:   /s/David C. Tobin
      David C. Tobin, Esq., D.C. Bar # 395959
      Ziad P. Haddad, Esq., D.C. Bar #469470
      5335 Wisconsin Ave., N.W., Suite 700
      Washington, DC 20015
      Tel:  (202) 362-5900
      Fax:  (202) 362-5901
      *Attorney for Defendant GoPac Industries, Inc.*

5