IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **RED DOOR SALONS, INC.,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No.: 1:06CV00286 |
| | : | Judge Gladys Kessler |
| **ERWIN GOMEZ, et al.,** | : | Deck Type: Contract |
| | : | |
| Defendants. | : | |

**ANSWER OF DEFENDANT GOPAC INDUSTRIES, INC.**

Defendant GoPac Industries, Inc. ("Defendant"), through counsel, for its answer to the complaint in this action, states as follows:

**THE PARTIES**

1. Defendant lacks information sufficient to form a belief as to the allegations in paragraph 1, and therefore denies the allegations of paragraph 1.

2. The allegations of paragraph 2 are directed at a defendant other than the answering Defendant, and therefore no response is required from this Defendant.

3. The allegations of paragraph 3 are directed at a defendant other than the answering Defendant, and therefore no response is required from this Defendant.

4. Defendant admits the allegations of paragraph 4.

**JURISDICTION AND VENUE**

5. Paragraph 5 calls for legal conclusions and therefore no answer is required.

**GENERAL ALLEGATION COMMON TO ALL CLAIMS**

6. Defendant lacks information sufficient to form a belief as to the allegations in paragraph 6, and therefore denies the allegations of paragraph 6.

7. Defendant lacks information sufficient to form a belief as to the allegations in paragraph 7, and therefore denies the allegations of paragraph 7.

8. Defendant lacks information sufficient to form a belief as to the allegations in paragraph 8, and therefore denies the allegations of paragraph 8.

9. Defendant lacks information sufficient to form a belief as to the allegations in paragraph 9, and therefore denies the allegations of paragraph 9.

10. Defendant lacks information sufficient to form a belief as to the allegations in paragraph 10, and therefore denies the allegations of paragraph 10.

11. Defendant lacks information sufficient to form a belief as to the allegations in paragraph 11, and therefore denies the allegations of paragraph 11. In addition, paragraph 11 calls for legal conclusions to which no answer is required.

12. Defendant lacks information sufficient to form a belief as to the allegations in paragraph 12, and therefore denies the allegations of paragraph 12. In addition, paragraph 12 calls for legal conclusions to which no answer is required.

13. Defendant lacks information sufficient to form a belief as to the allegations in paragraph 13, and therefore denies the allegations of paragraph 13. In addition, paragraph 13 calls for legal conclusions to which no answer is required.

14. Paragraph 14 calls for legal conclusions to which no answer is required.

15. The allegations of paragraph 15 are directed at a defendant other than the answering Defendant, and therefore no response is required from this Defendant.

16. The allegations of paragraph 16 are directed at a defendant other than the answering Defendant, and therefore no response is required from this Defendant. Defendant

further states that Exhibit A speaks for itself. Paragraph 16 also consists of legal conclusions, to which no answer is required.

17.     The allegations of paragraph 17 are directed at a defendant other than the answering Defendant, and therefore no response is required from this Defendant.

18.     The allegations of paragraph 18 are directed at a defendant other than the answering Defendant, and therefore no response is required from this Defendant. Defendant also lacks information sufficient to form a belief as to the allegations in paragraph 18, and therefore denies the allegations of paragraph 18.

19.     The allegations of paragraph 19 are directed at a defendant other than the answering Defendant, and therefore no response is required from this Defendant.

20.     Defendant admits it provides some services similar to the salon where Erwin Gomez previously worked, which is located on the same street as Defendant, but over three (3) miles apart. Defendant denies that "Gomez secretly opened, operated and/or worked at Defendant Erwin Salon." The remaining allegations of paragraph 20 are directed at a defendant other than the answering Defendant, and therefore no response is required from this Defendant.

21.     Defendant admits that defendant Erwin Gomez took steps to create Erwin Gomez Salon in 2005. Defendant denies the remaining allegations of paragraph 21, except to state that Exhibit C speaks for itself, and that Defendant lacks information sufficient to form a belief as to what plaintiff was "informed" by third parties, and therefore denies those allegations.

22.     The allegations of paragraph 22 are directed at a defendant other than the answering Defendant, and therefore no response is required from this Defendant.

23.     The allegations of paragraph 23 are directed at a defendant other than the answering Defendant, and therefore no response is required from this Defendant. The allegation

that defendant Erwin Gomez was acting as an agent of the answering Defendant also calls for a legal conclusion to which no response is required. Defendant further states that it lacks information sufficient to form a belief as to what plaintiff was told by third parties, and therefore denies those allegations.

24. The allegations of paragraph 24 are directed at a defendant other than the answering Defendant, and therefore no response is required from this Defendant. The allegation that defendant Erwin Gomez was acting as an agent of the answering Defendant also calls for a legal conclusion to which no response is required. Defendant further states that it lacks information sufficient to form a belief as to what plaintiff was told by third parties, and therefore denies those allegations.

25. Defendant admits that the individuals identified in paragraph 25 are currently working at Erwin Gomez Salon. The remaining allegations of paragraph 25 are directed at a defendant other than the answering Defendant, and therefore no response is required from this Defendant. The allegation that defendant Erwin Gomez was acting as an agent of the answering Defendant also calls for a legal conclusion to which no response is required.

26. The allegations of paragraph 26 are directed at a defendant other than the answering Defendant, and therefore no response is required from this Defendant. Paragraph 26 also consists of legal conclusions, to which no answer is required.

27. Defendant denies the allegations of paragraph 27. Paragraph 27 also consists of legal conclusions, to which no answer is required.

28. The allegations of paragraph 28 are directed at a defendant other than the answering Defendant, and therefore no response is required from this Defendant. Paragraph 28 also consists of legal conclusions, to which no answer is required.

29. The allegations of paragraph 29 are directed at a defendant other than the answering Defendant, and therefore no response is required from this Defendant.

30. Defendant admits that defendant Packard is an owner of the Erwin Gomez Salon. The remaining allegations of paragraph 30 are directed at a defendant other than the answering Defendant, and therefore no response is required from this Defendant. The allegation that defendant James Packard was acting as an owner of the answering Defendant also calls for a legal conclusion to which no response is required.

31. The allegations of paragraph 31 are directed at a defendant other than the answering Defendant, and therefore no response is required from this Defendant. The allegation that defendant James Packard was acting as an agent of the answering Defendant also calls for a legal conclusion to which no response is required.

32. The allegations of paragraph 32 are directed at a defendant other than the answering Defendant, and therefore no response is required from this Defendant. The allegation that defendant James Packard was acting as an agent of the answering Defendant also calls for a legal conclusion to which no response is required. Defendant further states that it lacks information sufficient to form a belief as to what plaintiff was told by third parties, and therefore denies those allegations.

33. Defendant admits that the individuals identified in paragraph 33 are currently working at Erwin Gomez Salon. The remaining allegations of paragraph 33 are directed at a defendant other than the answering Defendant, and therefore no response is required from this Defendant. The allegation that defendant James Packard was acting as an agent of the answering Defendant also calls for a legal conclusion to which no response is required.

34. The allegations of paragraph 34 are directed at a defendant other than the answering Defendant, and therefore no response is required from this Defendant.

35. The allegations of paragraph 35 are directed at a defendant other than the answering Defendant, and therefore no response is required from this Defendant.

36. Defendant admits it provides some services similar to the salon where Erwin Gomez previously worked, which is located on the same street as Defendant, but over three (3) miles apart. Defendant denies the remaining allegations of paragraph 36.

37. Defendant denies the allegations of paragraph 37.

38. Defendant states that the content of the Erwin Gomez Salon website speaks for itself. Defendant denies the remaining allegations of paragraph 38. Paragraph 38 also consists of legal conclusions, to which no answer is required.

39. Defendant denies the allegations of paragraph 39.

40. Defendant denies the allegations of paragraph 40.

41. Defendant denies the allegations of paragraph 41. Paragraph 41 also consists of legal conclusions, to which no answer is required.

42. Defendant denies the allegations of paragraph 42.

43. Defendant states that some of its customers may also have been customers of Erwin Gomez's previous employer. Defendant denies that "Gomez has solicited and is soliciting Red Door's customers" for the benefit of Defendant and with Defendant's full knowledge and consent. The remaining allegations of paragraph 43 are directed at a defendant other than the answering Defendant, and therefore no response is required from this Defendant. Defendant further states that it lacks information sufficient to form a belief as to the remaining allegations in paragraph 43, and therefore denies them.

44. Defendant states that the individuals mentioned in paragraph 44 are currently working at Erwin Gomez Salon. Defendant denies that "Gomez has solicited and is soliciting Red Door's employees" for the benefit of Defendant and with Defendant's full knowledge and consent. The remaining allegations of paragraph 44 are directed at a defendant other than the answering

45. Defendant denies the allegations of paragraph 45.

46. Defendant denies the allegations of paragraph 46. Paragraph 46 also consists of legal conclusions, to which no answer is required.

## COUNT I

47. Defendant incorporates by reference herein its responses to the paragraphs set forth above.

48. The allegations of paragraph 48 are directed at a defendant other than the answering, and therefore no response is required from this Defendant. Paragraph 48 also consists of legal conclusions, to which no answer is required.

49. The allegations of paragraph 49 are directed at a defendant other than the answering, and therefore no response is required from this Defendant. Paragraph 49 also consists of legal conclusions, to which no answer is required.

50. The allegations of paragraph 50 are directed at a defendant other than the answering, and therefore no response is required from this Defendant. Paragraph 50 also consists of legal conclusions, to which no answer is required.

51. The allegations of paragraph 51 are directed at a defendant other than the answering, and therefore no response is required from this Defendant. Paragraph 51 also consists of legal conclusions, to which no answer is required.

52. The allegations of paragraph 52 are directed at a defendant other than the answering, and therefore no response is required from this Defendant. Paragraph 52 also consists of legal conclusions, to which no answer is required.

## **COUNT II**

53. Defendant incorporates by reference herein its responses to the paragraphs set forth above.

54. Defendant denies the allegations of paragraph 54. Paragraph 54 also consists of legal conclusions, to which no answer is required.

55. Defendant denies the allegations of paragraph 55. Paragraph 55 also consists of legal conclusions, to which no answer is required.

56. Defendant denies the allegations of paragraph 56. Paragraph 56 also consists of legal conclusions, to which no answer is required.

57. Defendant denies the allegations of paragraph 57. Paragraph 57 also consists of legal conclusions, to which no answer is required.

58. Defendant denies the allegations of paragraph 58. Paragraph 58 also consists of legal conclusions, to which no answer is required.

59. Defendant denies the allegations of paragraph 59. Paragraph 59 also consists of legal conclusions, to which no answer is required.

60. Defendant denies the allegations of paragraph 60. Paragraph 60 also consists of legal conclusions, to which no answer is required.

61. Defendant denies the allegations of paragraph 61. Paragraph 61 also consists of legal conclusions, to which no answer is required.

## COUNT III

62. Defendant incorporates by reference herein its responses to the paragraphs set forth above.

63. Defendant denies the allegations of paragraph 63. Paragraph 63 also consists of legal conclusions, to which no answer is required.

64. Defendant denies the allegations of paragraph 64. Paragraph 64 also consists of legal conclusions, to which no answer is required.

65. Defendant denies the allegations of paragraph 65. Paragraph 65 also consists of legal conclusions, to which no answer is required.

66. Defendant denies the allegations of paragraph 66. Paragraph 66 also consists of legal conclusions, to which no answer is required.

67. Defendant denies the allegations of paragraph 67. Paragraph 67 also consists of legal conclusions, to which no answer is required.

68. Defendant denies the allegations of paragraph 68. Paragraph 68 also consists of legal conclusions, to which no answer is required.

## COUNT IV

69. Defendant incorporates by reference herein its responses to the paragraphs set forth above.

70. Paragraph 70 consists of legal conclusions, to which no answer is required.

71. Defendant denies the allegations of paragraph 71. Paragraph 71 also consists of legal conclusions, to which no answer is required.

72. Defendant denies the allegations of paragraph 72. Paragraph 72 also consists of legal conclusions, to which no answer is required.

73. Defendant denies the allegations of paragraph 73.

74. Defendant denies the allegations of paragraph 74. Paragraph 74 also consists of legal conclusions, to which no answer is required.

75. Defendant denies the allegations of paragraph 75. Paragraph 75 also consists of legal conclusions, to which no answer is required.

## COUNT V

76. Defendant incorporates by reference herein its responses to the paragraphs set forth above.

77. The allegations of paragraph 77 are directed at a defendant other than the answering, and therefore no response is required from this Defendant. Paragraph 77 also consists of legal conclusions, to which no answer is required.

78. The allegations of paragraph 78 are directed at a defendant other than the answering, and therefore no response is required from this Defendant. Paragraph 78 also consists of legal conclusions, to which no answer is required.

79. The allegations of paragraph 79 are directed at a defendant other than the answering, and therefore no response is required from this Defendant. Paragraph 79 also consists of legal conclusions, to which no answer is required.

## COUNT VI

80. Defendant incorporates by reference herein its responses to the paragraphs set forth above.

81. The allegations of paragraph 81 are directed at a defendant other than the answering, and therefore no response is required from this Defendant. Paragraph 81 also consists of legal conclusions, to which no answer is required.

82. The allegations of paragraph 82 are directed at a defendant other than the answering, and therefore no response is required from this Defendant. Paragraph 82 also consists of legal conclusions, to which no answer is required.

83. The allegations of paragraph 83 are directed at a defendant other than the answering, and therefore no response is required from this Defendant. Paragraph 83 also consists of legal conclusions, to which no answer is required.

84. The allegations of paragraph 84 are directed at a defendant other than the answering, and therefore no response is required from this Defendant. Paragraph 84 also consists of legal conclusions, to which no answer is required.

85. The allegations of paragraph 85 are directed at a defendant other than the answering, and therefore no response is required from this Defendant. Paragraph 85 also consists of legal conclusions, to which no answer is required.

## COUNT VII

86. Defendant incorporates by reference herein its responses to the paragraphs set forth above.

87. Defendant denies the allegations of paragraph 87. Paragraph 87 also consists of legal conclusions, to which no answer is required.

88. Defendant denies the allegations of paragraph 88. Paragraph 88 also consists of legal conclusions, to which no answer is required.

89. Defendant denies the allegations of paragraph 89. Paragraph 89 also consists of legal conclusions, to which no answer is required.

90. Defendant denies the allegations of paragraph 90. Paragraph 90 also consists of legal conclusions, to which no answer is required.

## COUNT VIII

91. Defendant incorporates by reference herein its responses to the paragraphs set forth above.

92. The allegations of paragraph 92 are directed at a defendant other than the answering, and therefore no response is required from this Defendant. Paragraph 92 also consists of legal conclusions, to which no answer is required.

93. The allegations of paragraph 93 are directed at a defendant other than the answering, and therefore no response is required from this Defendant. Paragraph 93 also consists of legal conclusions, to which no answer is required.

94. The allegations of paragraph 94 are directed at a defendant other than the answering, and therefore no response is required from this Defendant. Paragraph 94 also consists of legal conclusions, to which no answer is required.

95. The allegations of paragraph 95 are directed at a defendant other than the answering, and therefore no response is required from this Defendant. Paragraph 95 also consists of legal conclusions, to which no answer is required.

## COUNT IX

96. Defendant incorporates by reference herein its responses to the paragraphs set forth above.

97. Defendant denies the allegations of paragraph 97. Paragraph 97 also consists of legal conclusions, to which no answer is required.

98. Defendant denies the allegations of paragraph 98. Paragraph 98 also consists of legal conclusions, to which no answer is required.

99. Defendant denies the allegations of paragraph 99. Paragraph 99 also consists of legal conclusions, to which no answer is required.

100. Defendant denies the allegations of paragraph 100. Paragraph 100 also consists of legal conclusions, to which no answer is required.

101. Defendant denies the allegations of paragraph 101. Paragraph 101 also consists of legal conclusions, to which no answer is required.

## COUNT X

102. Defendant incorporates by reference herein its responses to the paragraphs set forth above.

103. Defendant denies the allegations of paragraph 103. Paragraph 103 also consists of legal conclusions, to which no answer is required.

104. Defendant denies the allegations of paragraph 104. Paragraph 104 also consists of legal conclusions, to which no answer is required.

105. Defendant denies the allegations of paragraph 105. Paragraph 105 also consists of legal conclusions, to which no answer is required.

## AFFIRMATIVE DEFENSES

### First Defense

The complaint fails to state a claim against the defendant upon which relief can be granted.

Second Defense

The Court lacks jurisdiction over the subject matter of this action.

Third Defense

Defendant's actions were privileged.

Fourth Defense

Plaintiff's claims are barred in whole or in part by estoppel.

Fifth Defense

Plaintiff's claims are barred in whole or in part by laches.

Sixth Defense

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

Seventh Defense

Plaintiff lacks standing to maintain this action.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant GoPac Industries, Inc. requests that this Court deny any and all relief requested by plaintiff, and award Defendant its allowable costs, expenses and attorneys fees.

                Respectfully submitted,

By:   /s/David C. Tobin
       David C. Tobin, Esq., D.C. Bar #395959
       Ziad P. Haddad, Esq., D.C. Bar #469470
       TOBIN, O'CONNOR, EWING & RICHARD
       5335 Wisconsin Avenue, N.W., Suite 700
       Washington, D.C. 20015
       Tel: (202) 362-5900
       Fax: (202) 362-5901
       *Counsel for GoPac Industries, Inc.*

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on this 16th day of March, 2006, a true and correct copy of the foregoing Answer of Defendant GoPac Industries, Inc. was served by first-class, postage pre-paid U.S. mail to:

Joel L. Greene, Esq.
Jennings, Strouss & Salmon, P.L.C.
1700 Pennsylvania Avenue, N.W., Suite 500
Washington, D.C.  20006

Stephanie J. Quincy, Esq.
Robert E. Youle, Esq.
Sherman & Howard, L.L.C.
1850 North Central Avenue, Suite 500
Phoenix, Arizona  85004

                                              /s/David C. Tobin
                                              David C. Tobin