UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Red Door Salons Inc., <br><br> Plaintiff, <br> v. <br><br> Erwin Gomez, an individual, <br> James Packard-Gomez, an individual, <br> GoPac Industries Inc. d/b/a Erwin Gomez <br> Salon and Spa, a Maryland Corporation, <br><br> Defendants. | Civil Action No. 1:06CV00286 (GK) |

## REPLY IN SUPPORT OF MOTION FOR EXPEDITED DISCOVERY

Pursuant to Fed. R. Civ. P. 26(d), Plaintiff Red Door Salons, Inc. (hereinafter, "Red Door") respectfully submits its Reply in Support of its Motion for Expedited Discovery.

At this early stage of litigation, Red Door has presented more than sufficient justification for expedited discovery. The allegations in Red Door's Complaint give rise to multiple independent claims. Red Door should be permitted to conduct the requested discovery so that it can quickly investigate these claims, and determine the full extent and impact of Defendants' conduct. This will facilitate a speedy resolution of this entire matter, thereby preventing further harm to Red Door.

This Reply is supported by the following Statement of Points and Authorities, and the Court file in this matter, which are incorporated herein by reference.

## STATEMENT OF POINTS AND AUTHORITIES

I. **RED DOOR HAS PRESENTED SUFFICIENT FACTS TO WARRANT EXPEDITED DISCOVERY.**

Gomez's Response reflects a fundamental misunderstanding of Red Door's Complaint. Red Door did not initiate this action simply because Gomez opened a competing salon. The allegations are far more serious; and include misappropriation of confidential information, breach of contract, and violations of several common law duties of loyalty and fair competition. Under such circumstances, expedited discovery is entirely reasonable and appropriate.

A.  **Irreparable Injury.**

Gomez's suggestion that "Plaintiff has failed to provide any basis for evaluating its claim of threatened or actual harm," is wholly inaccurate. Red Door's Complaint describes in detail the value of its customer relationships, and the significant resources it expends to develop, maintain and protect those relationships. *See* Compl. at ¶¶ 8 – 14. The injuries Red Door will suffer as a result of Defendants' conduct include the loss of those relationships, the loss of income generated by those relationships and the general loss of customer trust and goodwill. *See e.g., Morgan Stanley DW Inc., v. Rothe*, 150 F. Supp. 2d 67, 76 (D.D.C. 2001) (recognizing that the dissemination of confidential customer information, and resulting loss of customer trust and goodwill, is an irreparable harm).

At this early stage of litigation, Red Door need not, indeed cannot, calculate the exact damages is has sustained as a result of Defendants' conduct. Moreover, much of the harm Red Door will suffer, including the loss of customer relationships and goodwill, cannot be adequately compensated by legal remedies. That is why Red Door has requested both legal and equitable relief, and why expedited resolution of this matter is needed.

B. <u>**Probability of Success on the Merits**</u>.

Gomez incorrectly assumes that, before the Court can order expedited discovery, Red Door must present all of the evidence necessary to prove each of its claims. However, Red Door will not be able to present all of the evidence until discovery is conducted. Much of the crucial evidence in this case, including documents concerning the opening and operations of the Erwin Gomez Salon, and are in the sole possession, custody and control of Defendants.

However, based on the information known to date and set forth in the Complaint, Red Door will likely succeed on the merits. Gomez does not dispute that he signed a reasonable, fully-enforceable Confidentiality and Non-Competition Agreement.[1] Gomez violated that Agreement, and other express conditions of his employment, not by simply opening his own salon, but by misappropriating confidential information, soliciting Red Door's customers and employees, and violating various common law duties of loyalty and fair competition. To demonstrate a probability of success on the merits, Red Door need only show that the allegations against Gomez, once fully substantiated through discovery, constitute violations of those contractual and common law obligations. *See Morgan Stanley DW Inc., v. Rothe*, 150 F. Supp. 2d 67, 75 (D.D.C. 2001) (finding a strong likelihood of success on the merits because the plaintiff's allegations would have constituted a violation of an employment agreement).

As an express condition of his employment, Gomez agreed to the following terms:

> No solicitation or petitioning of Red Door guests, at any time, relative to your new business ventures;
>
> No solicitation or petitioning of associates who are presently employed with the Red Door Spas at any Red Door location, at any time, by you, or any of your business partners;

---

[1] Gomez has filed a Motion to Dismiss alleging, in part, that Red Door Salons, Inc., lacks standing to assert its breach of contract claim. Although the parties will be able to conduct fact discovery on this issue, Red Door Salons, Inc., is the appropriate Plaintiff, and its contract with Gomez is fully enforceable.

> No extension of any work agreement, or verbal contractual offers
> to any associates who are presently employed with the Red Door
> Spas, at any Red Door location at any time.

*See* Compl. at Ex B. Gomez also agreed that he would not "during or at any time after the period of [his] employment with the Company, use for [himself] or others or disclose to others, any secret or confidential information [he] obtained as a result of [his] employment with the Company." *See* Compl. at Ex. A.

Red Door has received reliable information that the Defendants have solicited Red Door customers, presumably by misappropriating the customer lists described in the Complaint. These lists are entitled to trade secret protection. *See Rothe*, 150 F. Supp. 2d at 76; *see also Ruesch v. Ruesch Int'l. Monetary Servs., Inc.*, 479 A.2d 295, 296 (D.C. 1984). Courts consider six factors to determine whether customer information is entitled to trade secret status:

1. The extent to which the information is known outside of the business;

2. The extent to which it is known by employees and others involved in the business;

3. The extent of measures taken by the employer to guard the secrecy of the information;

4. The value of the information to the employer and to his competitors;

5. The amount of effort or money expended by the employer in developing the information; and

6. The ease or difficulty with which the information could be properly acquired or duplicated by others.

*See id.* As set forth in the Complaint, Red Door's customer lists are absolutely entitled to trade secret protection:

> During its more than thirty years in business, Red Door has created
> and maintained its customer lists. These lists are a compilation of

4

> its customer names, addresses, telephone numbers and the services and products purchased by the customer over time. This information is stored in Red Door's password-protected computers and is updated every time a customer comes to a Red Door salon.
>
> Red Door's customer list is the product of many years of effort and great expense. Red Door's customer lists derive their value from the fact that the information that is contained in those lists is not generally known to Red Door's competitors, and it cannot be obtained by them through proper means. Red Door has taken reasonable efforts to protect the secrecy of its customer lists. For example, employees must have a computer password to access the lists.

*See* Compl. at ¶¶ 10, 11.

In addition, at least five former Red Door employees, many of whom had access to Red Door's customer lists, are currently working at the Erwin Gomez Salon. Defendants hired all five individuals within six months of Gomez's departure from Red Door. Gomez does not deny these very significant facts, but instead claims: "Apart from alleging that several former employees of plaintiff work at Erwin Gomez Salon, there is no affidavit or other evidence suggesting that Mr. Gomez solicited them." Response at p. 6. Red Door has not yet presented such evidence because it has not yet had the opportunity to depose the Defendants and the five employees. These are the only individuals who can explain the circumstances surrounding their departure from Red Door and subsequent employment at the Erwin Gomez Salon.

C. **Connection Between the Expedited Discovery and Irreparable Injury**.

With each passing day, the threat of irreparable harm to Red Door grows stronger. Expedited discovery will facilitate a final, just and speedy resolution of this matter, thereby preventing any future harm. To that end, there is a clear and obvious connection between the requested discovery and the damages at issue.

5

Defendants Erwin Gomez and James Packard-Gomez are crucial witnesses, as are the five former Red Door employees currently working at the Erwin Gomez Salon. Only they can explain their conduct in the months before and after Gomez's departure from Red Door. They will have the opportunity to do so, under oath at a deposition.

In addition, every document sought is relevant to key issues in this case, including the Defendants' solicitation of Red Door's customers and employees and the misappropriation of Red Door's customer lists. To the extent any such information is contained in Defendants' computer network (as Red Door believes it to be), a forensic computer expert must conduct the necessary examinations.

### D.     **The Balance of Hardships Tips In Red Door's Favor.**

Gomez effectively concedes this point by failing to address it in his Response. Simply put, the Defendants will suffer no undue burden if the requested discovery is conducted on an expedited basis. However, the potential harm to Red Door absent a swift resolution of this matter is significant.

## II.    **CONCLUSION**

For the foregoing reasons, Red Door respectfully asks the Court to enter the proposed Expedited Discovery Order filed on March 7, 2006.

DATED this 17th day of March, 2006.

        SHERMAN & HOWARD, LLC

        By _____
        Stephanie J. Quincy, Esq. (Admitted Pro Hac Vice)
        Robert G. Vaught, Esq. (Admitted Pro Hac Vice)
        1850 North Central Ave., Suite 500
        Phoenix, Arizona 85004
        Telephone: (602) 636-2008
        squincy@sah.com

        Joel L. Green, Esq. (192682)
        Jennings, Strouss & Salmon, P.L.C.
        1700 Pennsylvania Ave., N.W., Suite 500
        Washington, D.C. 20006
        Telephone: (202) 371-9889

        Attorneys for Plaintiff Red Door Salons, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of March, 2006, I electronically transmitted the foregoing to the Clerk's office using the CM/ECF System for filing.

Copies of the foregoing have been sent this date via Facsimile and Federal Express to the following:

David C. Tobin, Esq.
Ziad P. Haddad, Esq.
TOBIN, O'CONNOR, EWING & RICHARD
5335 Wisconsin Avenue N.W., Suite 700
Washington, D.C. 20015

*/s/ Sue Ann Robertson*