UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Red Door Salons Inc.,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Erwin Gomez, an individual,<br>James Packard-Gomez, an individual,<br>GoPac Industries Inc. d/b/a Erwin Gomez<br>Salon and Spa, a Maryland Corporation,<br><br>　　　　　　Defendants. | Civil Action No. 1:06CV00286 (GK) |

**PLAINTIFF'S RESPONSE TO DEFENDANT GOMEZ'S
MOTION TO DISMISS IN PART**

Plaintiff Red Door Salons, Inc. (hereinafter, "Red Door") hereby responds in opposition to Defendant Erwin Gomez's (hereinafter "Gomez") Motion to Dismiss In Part (hereinafter "Gomez's Motion"). Red Door has plead more than sufficient facts to sustain each cause of action in its Complaint.

This Response is supported by the following Statement of Points and Authorities and the Court's file in this matter, which are incorporated herein by reference.

**STATEMENT OF POINTS AND AUTHORITIES**

**I.　　FACTUAL BACKGROUND.**

Red Door hired Gomez in 1994 as a makeup artist. As a condition of his employment, Gomez signed a Confidentiality and Non-Competition Agreement. *See* Compl. at Ex. A. Under the terms of the Agreement, Gomez promised that for a period of four months after the termination of his employment, he would not render any services ordinarily provided by Red Door salons within three miles of Red Door. Gomez also promised that for a period of six

months after termination of his employment, he would not solicit any Red Door employee to work in any business in competition with Red Door. Gomez agreed to not disclose any of Red Door's confidential customer information, and promised that upon his termination he would immediately return all of Red Door's confidential information.

In the summer of 2005, Gomez informed Red Door that he intended to open a salon outside of the restricted area and after his other covenants had expired. Red Door continued to employ Gomez in exchange for his express agreement: 1) not to solicit or petition Red Door customers, at any time, relative to his new venture; 2) not to solicit or petition anyone employed at any Red Door location; and 3) not to take any of Red Door's confidential customer contact information.[1] Gomez accepted these terms, which are memorialized in the Letter Agreement attached as Exhibit B to the Complaint, by continuing to work at Red Door until his final departure in October of 2005.

However, unknown to Plaintiff until recently, prior to his departure, Gomez took steps to create the Erwin Gomez Salon, which is a company that directly competes with Red Door. Within six months of Gomez's departure, Defendants hired several Red Door employees to work at the Erwin Gomez Salon, all of whom had access to Red Door's confidential customer information. Gomez also usurped for himself business opportunities belonging to Red Door.

Approximately two months after Gomez's departure, several Red Door customers expressed concern about the fact that they had been contacted by Defendants, and were asked to schedule appointments at the Erwin Gomez Salon. These customers worried that Red Door had "sold" their contact information. Red Door assured its customers that it had not disclosed their

---

[1] The terms in the Letter Agreement are largely duplicative of the terms in the Confidentiality and Non-Competition Agreement. The Confidentiality and Non-Competition Agreement does not contain an express provision prohibiting Gomez from soliciting Red Door's customers. However, as further discovery will demonstrate, Gomez expressly accepted the terms of the Letter Agreement by continuing to remain employed by Red Door until his final departure.

contact information, and suspected that the Defendants had misappropriated proprietary information. Red Door investigated the matter and, based on the information known to date, it appears that the Defendants have at a minimum solicited Red Door's employees and used confidential information to contact and solicit Red Door's customers.

## II.    GOMEZ'S MOTION IS PREMATURE AND SHOULD BE DENIED.

Red Door's Complaint need only set forth "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Bowhead Info. Tech. Servs., Inc. v. Catapult Tech., Ltd.*, 377 F. Supp. 2d 166, 170 (D.D.C. 2005) (internal citations omitted).  "Such simplified 'notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to determine more narrowly the disputed facts and issues."  *Raymen v. United Senior Ass'n, Inc.*, 409 F. Supp. 2d 15, 20 (D.D.C. 2006) (internal citations omitted).  Given this simplified standard for pleading, "a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Bowhead,* 377 F. Supp. 2d at 170.

In reviewing Gomez's Motion, this Court "must construe the allegations and facts in the complaint in light most favorable to the plaintiff and must grant the plaintiff the benefit of all inferences that can be derived from the alleged facts."  *Raymen*, 409 F. Supp. 2d at 20.   A motion to dismiss under Fed. R. Civ. P. 12(b)(6) "tests not whether a plaintiff will ultimately prevail on the merits, but <u>only</u> whether the plaintiff has properly stated a claim for which he is entitled to relief."  *Pate v. United States*, 277 F. Supp. 2d. 1, 4 (D.D.C. 2003) (emphasis supplied).

3

**III.  RED DOOR HAS PLEAD SUFFICIENT FACTS TO SUSTAIN EACH OF ITS CLAIMS AGAINST THE DEFENDANTS.**

    **A.  Red Door Has Plead Sufficient Facts to Sustain its Breach of Contract Claim.**

At this early stage of litigation, Gomez asks the Court to dismiss Red Door's breach of contract claim because:  1) "Red Door Salons, Inc.," is not identified on the face of January 21, 1998 contract; and 2) Gomez did not sign the Letter Agreement reminding him of his obligations under that contract.  *See* Compl. at Exhibits A, B.

Red Door has plead a proper breach of contract claim against Gomez.  *See* Compl. at ¶¶ 47-52.  Notably, Gomez does not deny that he signed a binding contractual agreement, and does not dispute the reasonability or enforceability of its terms.  Although the contract does identify "Elizabeth Arden Salons, Inc.," as "the Company," fact discovery will explain the relationship between the various Red Door entities, and will demonstrate beyond any doubt that Red Door Salons, Inc., is the proper Plaintiff and has standing to pursue the breach of contract claim.

In addition, although Gomez did not sign the Letter Agreement, Red Door will demonstrate that he expressly agreed to all of its terms by remaining employed at Red Door until his final departure on  October 28, 2005.  *See e.g.*, *Northland Capital Corp., v. Silver*, 735 F.2d 1421, (D.C. Cir. 1984) (noting that "a person who knows the terms of an agreement proposed by another party, and who subsequently accepts performance by that party, cannot avoid his contractual obligations by claiming there was no 'meeting of the minds.'"); *see also Puma v. Sullivan*, 746 A.2d 871, 875 (D.C. 2000) (noting:  "[I]t is well-settled that a written contract may be modified or rescinded by a subsequent oral agreement, <u>even where the contract contains express language prohibiting oral modification</u>.") (emphasis supplied).

**B.     Red Door Has Plead Sufficient Facts to Sustain its Claim for Intentional Interference with Business Expectancy.**

To sustain a cause of action for intentional interference with business expectancies, Red Door need only allege: 1) the existence of a business relationship; 2) defendants' knowledge of the business relationship; 3) intentional interference with the business relationship; and 4) resulting damages. *See e.g.*, *Mercer Mgmt. Consulting, Inc. v. Wilde*, 920 F. Supp. 219, 239 (D.D.C. 1996). Red Door has plead more than sufficient facts to sustain this cause of action:

> At all times mentioned herein, Defendants were aware that Red Door had relationships with its various customers and employees and were aware of Red Door's expectation that those relationships would continue. Compl. at ¶ 65.
>
> Despite Defendants' awareness of these relationships, Defendants wrongfully, intentionally and purposely sought to cause the termination of these above-described relationships. Compl. at ¶ 66.
>
> As a proximate result of Defendants' interference with its relationships and expectancies, Red Door has sustained and will continue to sustain substantial damages in an amount to be proven at trial. Compl. at ¶ 67.
>
> The acts by Defendants as described above were willful, malicious and done with an evil intent to undermine Red Door's business. Compl. at ¶ 68.

Gomez correctly notes that "[c]ompetitive activity <u>by itself</u> will not be deemed tortuous interference with business relations unless accomplished by wrongful or improper means, such as fraud, violence or civil suits." *See Mercer*, 920 F. Supp., at 239 (emphasis supplied). However, this cause of action is not based on simple "competitive activity." The allegations against Gomez are far more serious, and include breach of contract, misappropriation of trade secrets, conversion and civil conspiracy. Under such circumstances, employers may bring intentional interference claims against former employees. *See e.g.*, *Furash & Co., Inc., v.*

5

*McClave*, 130 F. Supp. 2d 48, 56 (D.D.C. 2001) (denying defendants' motion for summary judgment on an intentional interference claim because "the facts as to whether [defendant] improperly solicited clients for her personal benefit in order to interfere with [plaintiff's] business relationships are largely in dispute. A reasonable jury might find that [plaintiff's] alleged breach of fiduciary duty destroyed [defendant's] client relationships.").

### C. Red Door Has Plead Sufficient Facts to Sustain its Claim for Breach of Fiduciary Duty.

Red Door's breach of fiduciary duty claim is based in Gomez's misappropriation and misuse of Red Door's trade secret information, both during and after his employment, and taking for himself business opportunities rightfully belonging to Red Door. This Court has expressly recognized breach of fiduciary duty claims under such circumstances. *See e.g.*, *Mercer Mgmt. Consulting, Inc. v. Wilde,* 920 F. Supp. 219, (D.D.C. 1997).

Gomez's reliance on *Tripp v. United States*, 257 F. Supp. 2d 37 (D.D.C. 2003) and *Kerrigan v. Britches*, 705 A.2d 624 (D.C. 1997), is misplaced. In *Tripp*, plaintiff sued her former employer (the federal government) for various common-law torts arising out of an alleged invasion of her privacy by federal officials who disclosed private information about her to several news organizations. *See Tripp*, 257 F. Supp. 2d., at 38. To support her negligence claim, plaintiff argued that her employer had a duty at common-law to keep her employee records confidential. *See id*. at 45. The court disagreed, recognizing that no such duty exists at common law, and that plaintiff had signed no contract guaranteeing the confidentiality of the information. *See id*. at 46.

In *Kerrigan*, plaintiff alleged that his former employer had wrongfully disclosed information about him obtained during the course of a sexual harassment investigation. *See Kerrigan*, 705 A.2d at 626. Plaintiff, an at-will employee who had no contractual relationship

6

with defendant, brought a claim for breach of the "covenant of good faith and confidentiality," arising out of the investigation. *See id*. The court dismissed the claim because plaintiff had signed no contract with his former employer, and therefore was not protected by an implied covenant of good faith and fair dealing. *See id*.

*Tripp* and *Kerrigan* are factually and legally dissimilar from the present dispute. Neither case involved an employee who, like Gomez, signed an express contractual agreement not to disclose his employer's confidential, trade secret information. Neither case involved an employer who, like Red Door, brings a breach of fiduciary duty claim based on a former employee's misappropriation and dissemination of confidential, trade secret information. Under such circumstances, the cause of action is sustainable and the parties should be permitted to conduct discovery to determine the full extent and impact of Gomez's conduct.

### D.    Red Door Has Plead Sufficient Facts to Sustain its Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing.

All contracts contain an implied duty of good faith and fair dealing, which means that "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Paul v. Howard Univ.*, 754 A.2d 297, 310 (D.C. App. 2000) (internal citations omitted). "If a party to the contract evades the spirit of the contract, willfully renders imperfect performance, or interferes with performance by the other party, he or she may be liable for breach of the implied covenant of good faith and fair dealing." *Id*. The *Paul* court, recognizing the holding in *Kerrigan*, noted that the District of Columbia does recognize a cause of action for breach of the implied covenant of good faith and fair dealing. *See id*., at fn. 28.

As noted above, Gomez signed a Confidentiality and Non-Competition Agreement promising, in part, not to solicit any Red Door employees and not to disclose Red Door's

7

confidential customer information. *See* Compl. at Ex. A. Gomez also agreed not to solicit Red Door guests in connection with his new salon. *See* Compl. at Ex. B. As Gomez was bound by those contractual agreements, Red Door may pursue a cause of action for breach of the implied covenant of good faith and fair dealing.

## IV.    CONCLUSION

For the foregoing reasons, Red Door respectfully asks the Court to deny Gomez's Motion to Dismiss.

DATED this _____ day of March, 2006.

SHERMAN & HOWARD, LLC

By _____
Stephanie J. Quincy (Admitted Pro Hac Vice)
Robert G. Vaught (Admitted Pro Hac Vice)
1850 North Central Ave., Suite 500
Phoenix, Arizona  85004
Telephone:  (602) 636-2008
squincy@sah.com

Joel L. Green (192682)
Jennings, Strouss & Salmon, P.L.C.
1700 Pennsylvania Ave., N.W., Suite 500
Washington, D.C.  20006
Telephone:  (202) 371-9889

Attorneys for Plaintiff Red Door Salons, Inc.

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 22nd day of March, 2006, I electronically transmitted the foregoing to the Clerk's office using the CM/ECF System for filing.

    Copies of the foregoing have been sent this date via Facsimile and Federal Express to the following:

David C. Tobin, Esq.
Ziad P. Haddad, Esq.
TOBIN, O'CONNOR, EWING & RICHARD
5335 Wisconsin Avenue N.W., Suite 700
Washington, D.C. 20015

_____