IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **RED DOOR SALONS, INC.,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No.: 1:06CV00286 |
| | : | Judge Gladys Kessler |
| **ERWIN GOMEZ, et al.,** | : | Deck Type: Contract |
| | : | |
| Defendants. | : | |

**REPLY MEMORANDUM IN SUPPORT OF
DEFENDANT ERWIN GOMEZ'S MOTION TO DISMISS IN PART**

**I.   INTRODUCTION**

Plaintiff concedes that it is not a named party to the employment contract attached as Exhibit A to the complaint. But plaintiff's opposition memorandum advances neither a legal nor a factual basis for permitting a stranger to a contract to nonetheless claim damages for its breach. Plaintiff's opposition seems not to comprehend that, notwithstanding the notice pleading standards of the federal rules, a complaint must at a minimum establish that there is in fact a dispute between the parties, and that accordingly the Court has jurisdiction to resolve that dispute. In the case of a claimed breach of contract, standing to assert a breach is a minimum requirement for a pleading to invoke the court's jurisdiction.

Likewise, plaintiff's opposition concedes that it has no cause of action based on an alleged breach of the so-called "Letter Agreement" attached to the complaint as Exhibit B. Plaintiff's complaint unequivocally alleges that Mr. Gomez signed that agreement, thereby expressly agreeing to its terms. Those allegations are judicially binding on plaintiff. By conceding in its opposition that Mr. Gomez did not sign the agreement, plaintiff effectively admits that it has pled itself out of court.

As will be shown below, plaintiff's own allegations, as well as the legal authorities cited in Mr. Gomez's motion to dismiss, require that Counts I, III, VI and VIII of the complaint be dismissed.

## II.   ARGUMENT

### A.   Plaintiff lacks standing to assert a breach of the written employment agreement.

Plaintiff concedes that it is not a signatory to the written employment agreement attached to the complaint. Opposition Mem. at 4. As pointed out in Mr. Gomez's motion to dismiss, plaintiff is thus obliged to allege some other legal or factual basis under which it might sue for the alleged breach of that employment agreement. See, e.g, Bowhead Information Technology Services, LLC v. Catapult Technology, Ltd., 377 F.Supp. 2d 166, 171 (D.D.C. 2005) ("to sue under a contract to which it is not a party, a plaintiff 'must demonstrate that he is an intended third-party beneficiary, as evidenced by the intent or words of the . . . contract.'") (citing Sallee v. United States, 41 Fed.Cl. 509, 514 (1998)).

Plaintiff has advanced no such theory. Instead, plaintiff coyly suggests that "discovery will explain the relationship between the various Red Door entities," and that ultimately this plaintiff will emerge as an appropriate claimant for breach of the employment agreement. But the question of standing is jurisdictional. Doe v. District of Columbia, 216 F.R.D. 5, 9 (D.D.C. 2003). To establish Article III standing, a plaintiff must allege, at a minimum, that it has suffered an injury in fact, that the injury is traceable to defendant's conduct and that it is likely that the injury will be redressed by a favorable decision. Foretich v. United States, 351 F.3d 1198, 1210 (D.C.Cir. 2003).

Plaintiff has failed to allege any fact suggesting it was injured by the breach of an agreement to which it is not a signatory. It has failed to allege any basis that would permit it to

enforce Exhibit A. If it is true that discovery would reveal that plaintiff has standing to enforce that agreement, plaintiff could and should have alleged such facts or legal theories. Having failed to do so, however, Count I must be dismissed.

### B. Plaintiff has failed to state a claim for breach of the "Letter Agreement."

Plaintiff's reliance on the notice pleading standards of Fed.R.Civ.P. 8 does not save its attempt to state a claim for a breach of the "Letter Agreement," attached as Exhibit B to the complaint. First, as with the employment agreement, plaintiff here is not a party to Exhibit B. That document purports to protect the interests of "Red Door Spa Holdings, Inc." Red Door Spa Holdings, Inc. is not a party to this case, nor has plaintiff alleged a factual or legal basis that provides it with standing to enforce this "agreement." Plaintiff has no claim based on this document.

More importantly, plaintiff's opposition concedes that Mr. Gomez did not sign the document. Opp. Mem. at 4. That being the case, plaintiff has admitted that it cannot prove the allegations of its own complaint, because plaintiff has claimed that Mr. Gomez "expressly" agreed (Complaint at ¶ 19) to the terms of the Letter Agreement, and that he signed the agreement. Indeed, the very first substantive allegation of Count I of the complaint is as follows: "Gomez <u>signed</u> and agreed to be bound to the terms of the Gomez Agreement and the 2005 Letter Agreement." Complaint at ¶ 48 (emphasis supplied).

Given plaintiff's concession that Mr. Gomez did not sign Exhibit B, it is obvious that it cannot establish a claim for relief "under any set of facts that could be proved consistent with the allegations." <u>Bowhead</u>, 409 F.Supp. 2d at 20. Allegations in a complaint are judicial admissions and are binding on plaintiff; plaintiff cannot thereafter controvert them. <u>See, e.g.</u>, <u>Official</u>

3

Committee of Unsecured Creditors of Color Tile v. Coopers & Lybrand, LLC, 322 F.3d 147, 167 (2d. Cir. 2003).

Plaintiff may not have been required to allege that it had an "express" agreement with Mr. Gomez, or that he signed the Letter Agreement, but it chose to do so. Accordingly, this claim must be dismissed. See, e.g., Gutierrez v. Peters, 111 F.3d 1364, 1374 (7th. Cir. 1997) ("a plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts . . . . [A]dmissions can of course admit the admitter to the exit from the federal courthouse.") (citations omitted). Cf. Commonwealth of Pennsylvania v. PepsiCo, Inc., 836 F.2d 173, 181 (3d. Cir. 1988) (legal theories set forth in a response brief cannot serve to amend a complaint in response to a motion to dismiss).

### C. Plaintiff's claim for intentional interference with business expectancies fails.

Plaintiff's opposition glosses over the essential element of the tort of intentional interference that it fails to allege: "intentional interference <u>inducing or causing a breach or termination of the relationship or business expectancy</u>." See Bennett Enter. Inc. v. Domino's Pizza, Inc. 45 F.3d 493, 499 (D.C.) cert. denied 516 U.S. 863 (1995) (emphasis supplied). The complaint does not allege that anyone terminated a business relationship or expectancy. Nor has plaintiff fulfilled the requirement of pleading the existence of business expectancies that are "commercially reasonable" to expect. As the Court of Appeals stated in Bennett, "To survive a motion to dismiss, 'a plaintiff must allege "business expectancies, not grounded in present contractual relationships, but which are reasonable to expect."'" Id. (citations omitted).

Finally, plaintiff concedes that competitive activity, in order to be considered tortious, must be "wrongful or improper, . . . such as fraud, violence or civil suits." Opp. Mem. at 5. Notably, however, and as demonstrated above, plaintiff has no contractual agreements with Mr.

Gomez preventing him from competing in the same business, or for the same customers. The complaint makes no effort to identify any lost customers or expectancies, much less tie them to some other wrongful conduct. Plaintiff's claim should be dismissed.

> **D.    Plaintiff's breach of fiduciary duty and breach of implied covenant of good faith and fair dealing also fail.**

Count VI of the complaint alleges that Mr. Gomez violated a fiduciary duty to plaintiff that "continued after Defendant terminated his employment with Red Door." Complaint at ¶ 82. As demonstrated in Mr. Gomez's motion to dismiss, both <u>Tripp v. United States</u>, 257 F.Supp.2d 37 (D.D.C. 2003) and <u>Kerrigan v. Britches of Georgetown</u>, 705 A.2d 624, 625-27 (D.C. 1997) rejected the claim that the employer-employee relationship includes an implied fiduciary duty of confidentiality. Plaintiff has cited no case suggesting that such a duty exists, and the D.C. Court of Appeals has not recognized it. <u>See</u> <u>Tripp</u> at 46 (stating that the Court "declines to extend the District's law of confidential relationships to include the employer-employee relationship without some indication that the D.C. Court of Appeals would do the same were it presented with an appropriate situation.").

Likewise, these cases establish that, absent an employment agreement between plaintiff and Mr. Gomez, there is no "agreement" that will support the claimed breach of an implied duty of good faith and fair dealing, as alleged in Count VIII. This plaintiff does not have a written employment agreement with Mr. Gomez, and thus <u>Kerrigan</u> requires that this claim be dismissed as well: the "District of Columbia does not recognize a claim for breach of an implied covenant of good faith and fair dealing when brought by an at-will employee." 705 A.2d at 626-27.

### III.    CONCLUSION

For all of the foregoing reasons, defendant Erwin Gomez respectfully requests that Counts I, III, VI and VIII of the Complaint be dismissed.

Respectfully submitted,

TOBIN, O'CONNOR, EWING & RICHARD

By: /s/David C. Tobin
David C. Tobin, Esq., D.C. Bar # 395959
Ziad P. Haddad, Esq., D.C. Bar #469470
5335 Wisconsin Avenue, N.W., Suite 700
Washington, D.C. 20015
Tel: (202) 362-5900
Fax: (202) 362-5901
*Attorney for Defendant Erwin Gomez*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of March, 2006, a true and correct copy of the foregoing Reply Memorandum in Support of Defendant Erwin Gomez's Motion To Dismiss in Part was served by first-class, postage pre-paid U.S. mail to:

Joel L. Greene, Esq.
Jennings, Strouss & Salmon, P.L.C.
1700 Pennsylvania Avenue, N.W., Suite 500
Washington, D.C. 20006

Stephanie J. Quincy, Esq.
Robert E. Youle, Esq.
Sherman & Howard, L.L.C.
1850 North Central Avenue, Suite 500
Phoenix, Arizona 85004

/s/David C. Tobin
David C. Tobin

6