UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Red Door Salons Inc.,<br><br>        Plaintiff,<br>v.<br><br>Erwin Gomez, an individual,<br>James Packard-Gomez, an individual,<br>GoPac Industries Inc. d/b/a Erwin Gomez<br>Salon and Spa, a Maryland Corporation,<br><br>        Defendants. | Civil Action No. 1:06CV00286(GK) |

## JOINT MEET AND CONFER STATEMENT

Pursuant to Local Rule of the United States District Court for the District of Columbia 16.3(d), and the Court's March 9, 2006 Order Setting Initial Scheduling Conference, Plaintiff Red Door Salons, Inc. ("Plaintiff") and Defendants, Erwin Gomez GoPac Industries, Inc.[1], d/b/a Erwin Gomez Salon and Spa ("Defendants"), hereby submit the following Joint Meet and Confer Statement.

**I.      PROPOSED DEADLINES.**

    **1.      Dispositive Motions.**

On March 8, 2006, Defendant Gomez filed a Motion to Dismiss in Part. Plaintiff filed its Response to Gomez's Motion on March 22, 2006. Defendant Gomez filed his Reply on March 29, 2006.

On March 16, 2006, Defendant GoPac Industries, Inc. filed a Motion to Dismiss in Part. Plaintiff filed its Response to GoPac's Motion on March 30, 2006.

---

[1] To date, service of the Summons and Complaint on James Packard-Gomez has not yet been made.

Plaintiff maintains that discovery need not be postponed pending resolution of the Motions.

Defendants suggest that discovery need not be postponed pending resolution of these Motions with respect to those claims that are not subject to the Motions to Dismiss. Both parties anticipate filing additional dispositive motions after the close of discovery.

2.  **Deadline for Joining Parties and Amending Pleadings.**

At this early stage of litigation, many significant legal and factual issues are in dispute. The parties suggest that additional parties be joined and amended pleadings be filed on or before April 17, 2006.

3.  **Assignment to a Magistrate Judge.**

The parties do not wish to have this matter assigned to a magistrate judge.

4.  **Possibility of Settlement.**

Neither party is averse to the prospect of settlement. However, the parties will be better able to consider specific settlement opportunities once discovery has been completed.

5.  **Alternate Dispute Resolution.**

Neither party is averse to the prospect of utilizing an alternative dispute resolution mechanism. The parties will be in a better position to evaluate specific possibilities after the completion of discovery.

6.  **Proposed Dates for Dispositive Motions.**

The parties were unable to agree on a proposed dispositive motion deadline.

Plaintiff proposes a deadline of June 21, 2006.

Defendants propose a deadline of September 6, 2006.

Once dispositive motions are filed, the parties agree to file Opposition and Reply Memoranda in accordance with the deadlines set forth in Local Rule of the United States District Court for the District of Columbia.

7. **Initial Disclosure Statements.**

The parties will exchange Rule 26(a) initial disclosure statements on or before March 30, 2006.

8. **Discovery Schedule.**

The parties were unable to agree on a discovery schedule.

Plaintiff proposes a discovery deadline of June 6, 2006, pursuant to the Track One (Fast) Tracking Schedule. Plaintiff objects to any bifurcation of discovery, and suggests that the parties immediately commence with discovery on the merits.

Defendants propose a discovery deadline of August 7, 2006, pursuant to the Track Two (Standard) Tracking Schedule. Defendants further propose that if the Court denies their Motion to Dismiss Count I for lack of standing, then the Court should schedule an initial discovery period of 45 days to be limited to the standing issue, after which time the Defendants can renew their Motion. Thereafter, discovery on the merits would proceed.

The parties agree that all discovery, including all depositions and answers to written discovery, shall be completed by the discovery deadline.

9. **Expert Disclosure and Depositions.**

The parties were unable to agree on expert disclosure deadlines.

Plaintiff suggests that all experts be simultaneously disclosed by May 8, 2006, with rebuttal experts (if necessary) disclosed by May 22, 2006.

Defendants suggest that proponent's experts be disclosed by June 6, 2006, and that opponent's experts be disclosed by July 6, 2006, with rebuttal experts (if necessary) disclosed by July 20, 2006.

The parties agree that all expert depositions will be completed by the discovery deadline.

10.  **Class Actions.**

The parties agree that this is not applicable.

11.  **Bifurcation.**

The parties do not presently anticipate the need for bifurcation.

12.  **Pretrial Conference Date.**

The parties were unable to agree on a proposed date for the Pretrial Conference.

Plaintiff proposes that the Pretrial Conference be held on or before August 11, 2006.

Defendants propose that the Pretrial Conference be held on or before October 6, 2006.

13.  **Trial Date.**

The parties respectfully ask the Court to set a trial date at the Pretrial Conference.

14.  **Other Matters.**

There are no other matters that the parties wish to bring before the Court at this time.

DATED this 30th day of March, 2006.

> **SHERMAN & HOWARD, LLC**
>
> By _/s/ Stephanie Quincy_
> Stephanie J. Quincy, Esq. (Admitted Pro Hac Vice)
> Robert G. Vaught, Esq. (Admitted Pro Hac Vice)
> 1850 North Central Ave., Suite 500
> Phoenix, Arizona 85004
> Telephone: (602) 636-2008
> squincy@sah.com

Joel L. Green, Esq. (192682)
Jennings, Strouss & Salmon, P.L.C.
1700 Pennsylvania Ave., N.W., Suite 500
Washington, D.C. 20006
Telephone: (202) 371-9889

Attorneys for Plaintiff Red Door Salons, Inc.

**TOBIN, O'CONNOR, EWING & RICHARD**

By _____
David C. Tobin, Esq.
Ziad P. Haddad, Esq.
5335 Wisconsin Avenue N.W., Suite 700
Washington, D.C. 20015
Telephone: (202) 362-5904
Facsimile: (202) 362-5901
Attorneys for Defendants