UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Red Door Salons Inc.,

                Plaintiff,

vs.

Erwin Gomez, an individual,
James Packard-Gomez, an individual,
GoPac Industries Inc. d/b/a Erwin Gomez
Salon and Spa, a Maryland Corporation,

                Defendants.

Civil Action No. 1:06CV00286(GK)

## PLAINTIFF'S STATEMENT OF THE CASE AND BASIS FOR CLAIMS

**I.   STATEMENT OF THE CASE.**

Red Door hired Gomez in 1994 as a makeup artist. During his employment, Gomez signed a Confidentiality and Non-Competition Agreement. Under the terms of the Agreement, Gomez promised that for a period of four months after the termination of his employment, he would not render any services ordinarily provided by Red Door Salons within three miles of Red Door. Gomez also promised that for a period of six months after the termination of his employment, he would not solicit any Red Door employee to work in any business in competition with Red Door. Gomez also agreed to not disclose any of Red Door's confidential customer information, and promised that upon his termination he would immediately return all of Red Door's confidential information.

In the summer of 2005, Gomez informed Red Door that he intended to open a salon outside of the restricted area and after his other covenants had expired. Red Door continued to employ Gomez in exchange for his express agreement: (1) not to solicit or petition Red Door

customers, at any time, relative to his new venture; (2) not to solicit or petition anyone employed at any Red Door location; and (3) not to take any of Red Door's confidential customer contact information.

However, unknown to Plaintiff until recently, prior to his departure, Gomez took steps to create the Erwin Gomez Salon, which is a company that directly competes with Red Door. Gomez solicited customers of Red Door while still employed by Red Door -- even on Red Door's property. Within six months of Gomez's departure, Defendants hired several Red Door employees to work at the Erwin Gomez Salon, all of whom had access to Red Door's confidential customer information. Gomez also usurped for himself business opportunities belonging to Red Door before even leaving Red Door's employ.

Approximately two months after Gomez's departure, several Red Door customers expressed concern that they had been contacted by Defendants, and were asked to schedule appointments at the Erwin Gomez Salon. These customers worried that Red Door had "sold" their contact information. Red Door assured its customers that it had not disclosed their contact information, and suspected that the Defendants had misappropriated proprietary information. Red Door investigated the matter and, based on the information known to date, it appears that the Defendants have at a minimum solicited Red Door's employees and used confidential information to contact and solicit Red Door's customers.

## II.    ELEMENTS OF RED DOOR'S CLAIMS.

### A.    Breach of Contract – Defendant Gomez.

To prove its breach of contract claim, Red Door will show that: (1) Gomez entered into a binding contract with Red Door; (2) Gomez breached that contract; and (3) Red Door has sustained and will sustain damages as a result.

B.   **Misappropriation of Trade Secrets – All Defendants.**

To prove its misappropriation claim, Red Door will show: (1) the existence of a trade secret; (2) acquisition of the trade secret as a result of a confidential relationship; and (3) the unauthorized use or disclosure of the trade secret resulting in loss or damage. *See e.g., Catalyst & Chem. Servs., Inc. v. Global Ground Support*, 350 F. Supp. 2d 1, 7-8 (D.D.C. 2004). This claim is based, in part, on Defendants' misappropriation of Red Door's customer lists. *See e.g., Ruesch v. Ruesch Int'l Monetary Servs., Inc.*, 479 A.2d 295, 297 (D.C. 1984).

C.   **Intentional Interference with Business Expectancies – All Defendants.**

To prove its claim for intentional interference with business expectancies, Red Door will show: (1) the existence of a business relationship; (2) defendants' knowledge of the business relationship; (3) intentional interference with the business relationship; and (4) resulting damages. *See Mercer Mgmt. Consulting, Inc. v. Wilde*, 920 F. Supp. 219, 239 (D.D.C. 1996).

D.   **Conversion – All Defendants.**

To prove its conversion claim, Red Door will show that the Defendants wrongfully took and retained Red Door's confidential trade secret information and used it for their own benefit. *See, e.g., Shehyn v. District of Columbia*, 392 A.2d 1008, 1012 (D.C. 1978) ("The essence of a conversion is a wrongful taking or a wrongful retention of property after a rightful possession.").

E.   **Breach of the Duty of Loyalty – Defendant Gomez.**

To prove its claim for breach of the duty of loyalty, Red Door will prove that, prior to Gomez's departure, he committed wrongful acts such as misuse of confidential information, solicitation of Red Door's customers, and solicitation of Red Door's employees. *See e.g., Furash & Co. v. McClave*, 130 F. Supp. 2d 48, 53 (D.D.C. 2001).

F.   **Breach of Fiduciary Duty – Defendant Gomez.**

Red Door's breach of fiduciary duty claim is based on Gomez's misappropriation and misuse of Red Door's trade secret information, both during and after his employment, and taking for himself business opportunities rightfully belonging to Red Door. This Court has expressly recognized breach of fiduciary duty claims under such circumstances. *See e.g.*, *Mercer Mgmt. Consulting, Inc. v. Wilde*, 920 F. Supp. 219 (D.D.C. 1997).

G.   **Unfair Competition – All Defendants.**

To prove its unfair competition claim, Red Door will show that the Defendants' conduct was unfair, tortious, and caused damage to Red Door's business. *See, e.g.*, *Business Equip. Ctr., Ltd. v. DeJur-Amsco Corp.*, 465 F. Supp. 755, 788 (D.D.C. 1978) (noting that unfair competition is not defined in terms of specific elements, but instead by the description of various acts that would constitute the tort if they resulted in damage).

H.   **Breach of The Implied Covenant of Good Faith and Fair Dealing– Defendant Gomez.**

All contracts contain an implied duty of good faith and fair dealing, which means that "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Paul v. Howard Univ.*, 754 A.2d 297, 310 (D.C. 2000) (internal citations omitted). "If a party to the contract evades the spirit of the contract, willfully renders imperfect performance, or interferes with performance by the other party, he or she may be liable for breach of the implied covenant of good faith and fair dealing." *Id.* Red Door will prove this claim by showing that Gomez violated his contractual agreement not to solicit any Red Door employees, not to disclose Red Door's confidential customer information, and not to solicit Red Door's customers.

4

I.      **Civil Conspiracy – All Defendants.**

To prove its civil conspiracy claim, Red Door will show: (1) an agreement between two or more persons; (2) to participate in an unlawful act; and (3) an injury caused by the unlawful overt act performed by one of the parties to the agreement pursuant to, and in furtherance of, the common scheme. *See, e.g., Paul v. Howard Univ.*, 754 A.2d 297, 310 (D.C. 2000).

J.      **Preliminary & Permanent Injunction – All Defendants.**

To prove that it is entitled to a preliminary and permanent injunction, Red Door will demonstrate: (1) there is a substantial likelihood that Red Door will succeed on the merits; (2) Red Door will be irreparably injured if an injunction is not granted; (3) an injunction will not substantially injure the Defendants; and (4) the public interest will be furthered by an injunction. *See, e.g., Morgan Stanley DW Inc., Rothe*, 150 F. Supp. 2d 67, 72 (D.D.C. 2001).

DATED this 4th day of April, 2006.

SHERMAN & HOWARD, LLC

By _____
Stephanie J. Quincy, Esq. (Admitted Pro Hac Vice)
Robert G. Vaught, Esq. (Admitted Pro Hac Vice)
1850 North Central Ave., Suite 500
Phoenix, Arizona 85004
Telephone: (602) 636-2008
squincy@sah.com

Joel L. Green, Esq. (192682)
Jennings, Strouss & Salmon, P.L.C.
1700 Pennsylvania Ave., N.W., Suite 500
Washington, D.C. 20006
Telephone: (202) 371-9889

Attorneys for Plaintiff Red Door Salons, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this ___4___ day of April, 2006, I electronically transmitted the foregoing to the Clerk's office using the CM/ECF System for filing. A copy was also served electronically using the Court's CM/ECF System to the following:

David C. Tobin, Esq.
Ziad P. Haddad, Esq.
TOBIN, O'CONNOR, EWING & RICHARD
5335 Wisconsin Avenue N.W., Suite 700
Washington, D.C. 20015
Attorneys for Defendants

_/s/ Dee Ann Robertson_