## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Red Door Salons Inc.,

                    Plaintiff,

v.

Erwin Gomez, an individual,
James Packard-Gomez, an individual,
GoPac Industries Inc. d/b/a Erwin Gomez
Salon and Spa, a Maryland Corporation,

                    Defendants.

**Civil Action No. 1:06CV00286 (GK)**

**Next Scheduled Court Deadline:**
**August 1, 2006 – Status Conference**

## PLAINTIFF'S MOTION TO AMEND ITS COMPLAINT

Pursuant to Fed. R. Civ. P. 26(d), Plaintiff Red Door Salons, Inc. (hereinafter, "Red Door") respectfully requests permission to file an Amended Complaint for the sole purpose of adding one cause of action against all Defendants for violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (hereinafter, "CFAA"). Pursuant to Local Rule of the United States District Court for the District of Columbia 15.1, Red Door's proposed Amended Complaint is attached hereto as Exhibit A.

This Motion is supported by the following Statement of Points and Authorities, and the Court file in this matter, which are incorporated herein by reference.

## STATEMENT OF POINTS AND AUTHORITIES

### I.     FACTUAL BACKGROUND.

Red Door is an exclusive Hair Salon and Spa that has conducted business in the District of Columbia for nearly 40 years. As a customer-service business, Red Door's customer relations and goodwill are critical to its success. To that end, Red Door has made substantial investments

in developing and maintaining confidential, proprietary and trade secret information, which includes Red Door's customer information lists. These lists are a compilation of customer names, addresses, telephone numbers and the services and products purchased by customers over time. This information is stored in Red Door's password-protected computers and is updated every time a customer comes to a Red Door Salon. Red Door's customer list is the product of many years of effort and great expense.

Red Door's customer lists derive their value from the fact that the information contained in the lists is not generally known to Red Door's competitors. Red Door has taken significant steps to protect the secrecy of its customer lists. For example, employees can only access the lists after receiving special computer passwords. Employees are also required to sign employment agreements containing express promises to keep the lists and the information contained therein confidential.

On or about September 8, 2005, Gomez voluntarily resigned his employment with Red Door, and announced a final departure date of October 31, 2005. However, prior to his departure, Gomez took steps to create the Erwin Gomez Salon, which is a company that directly competes with Red Door. To that end, Defendants and their agents gained unauthorized access to Red Door's computer network, took confidential trade secret information, including Red Door's customer lists, and used that information to compete unfairly with Red Door.

Approximately two months after Gomez' departure, several Red Door customers expressed concern about the fact that they had been contacted by Defendants, and were asked to schedule appointments at the Erwin-Gomez Salon. These customers worried that Red Door had "sold" their contact information from Red Door's computer network. Red Door assured its customers that it had not disclosed their contact information, and suspected that the Defendants

had misappropriated the customer lists. Red Door investigated the matter and, based on the information known to date, it appears that the Defendants have at a minimum used confidential information to contact and solicit Red Door's customers, in clear violation of Gomez's Confidentiality and Non-Competition Agreement.

Red Door filed its Complaint on February 16, 2006, alleging various common-law causes of action, including breach of contract, misappropriation of trade secrets, civil conspiracy and unfair competition.[1] After filing the Complaint, defense counsel conducted further research and determined that an additional cause of action exists under the CFAA. Red Door has filed the present Motion so that this claim may be evaluated on the merits.

## II.    **LEAVE TO AMEND SHOULD BE FREELY GIVEN**.

Once a responsive pleading has been filed, a party may amend its complaint by leave of court. *See* Fed. R. Civ. P. 15(a). The grant or denial of leave is committed to the discretion of the district court. *See Bancoult v. McNamara*, 214 F.R.D. 5, 7 (D.D.C. 200). In considering Red Door's Motion, the Court should "heed Rule 15's mandate that leave is to be 'freely given when justice so requires'." *Id.*, at 8 (citations omitted). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.* (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

Denial of leave to amend therefore constitutes an abuse of discretion, "unless the court gives sufficient reason, such a futility of amendment, undue delay, bad faith, dilatory motive, undue prejudice, or repeated failure to cure deficiencies by previous amendments." *Id.* "The primary consideration in deciding whether to permit an amendment focuses on whether the non-

---

[1]  Defendant Erwin Gomez filed his Answer on March 8, 2006. Defendant GoPac Industries, Inc., filed its Answer on March 16, 2006. To date, Defendant James Packard-Gomez has not filed a responsive pleading, or otherwise appeared.

moving party will be prejudiced due to unfair disadvantage or deprivation of the opportunity to discover and present facts." *See Stanford v. Potomac Electric Power Co.*, 394 F. Supp. 2d. 81, 85 (D.D.C. 2005).

### III.    <u>RED DOOR SHOULD BE PERMITTED TO AMEND ITS COMPLAINT</u>.

All of the factors listed above weigh heavily in favor of granting Red Door's Motion. Most significantly, Defendants will suffer absolutely no prejudice if the proposed amendment is made. The scheduling conference in this matter was held on April 7, 2006, and discovery is in the very early stages. Defendant James Packard Gomez has not even made an appearance.[2] The parties will be able to proceed with this litigation just as if Red Door's CFAA claim was asserted in its original Complaint.[3]

In addition, the proposed amendment is not futile. This lawsuit is based, in part, on Defendants' unauthorized access into Red Door's computer network, and their resulting misappropriation and misuse of Red Door's confidential, trade secret information. These facts, as set forth in Red Door's original Complaint, give rise to a separate private cause of action under the CFAA, which provides civil penalties against anyone who:

> (i)    knowingly causes the transmission of a program, information, code, or command, and as a result of such conduct, intentionally causes damage without authorization, to a protected computer;

---

[2] As such, Red Door's Motion should be granted with respect to Defendant Packard as a matter of course. *See* Fed. R. Civ. P. 15; *see also Bancoult v. McNamara*, 214 F.R.D. 5, 6-7 (D.D.C. 200) ("If there is more than one defendant, and not all have filed responsive pleadings, the plaintiff may amend the complaint as a matter or course with regard to those defendants that have not answered.").

[3] Undersigned counsel left a voicemail message with defense counsels' office in an attempt to determine whether Defendants would stipulate to Red Door's request for leave to amend. As of the time of filing the present Motion, Defense counsel never advised as to whether or not they would stipulate to the request.

> (ii)     Intentionally accesses a protected computer without
> authorization, and as a result of such conduct,
> recklessly causes damage; or
>
> (iii)    Intentionally accesses a protected computer without
> authorization, and as a result of such conduct,
> causes damage; and
>
> (B) by conduct described in clause (i), (ii), or (iii) . . . caused (or,
> in the case of an attempted offense, would, if completed, have
> caused) –
>
> (i)      loss to 1 or more persons during any 1-year period .
> . . aggregating at least $5,000 in value.

18 U.S.C. § 1030(a)(4) – (5).

Historically, the CFAA was strictly a criminal statute designed to penalize unauthorized access to computers. *See P.C. Yonkers, Inc. v. Celebrations The Party And Seasonal Superstore, L.L.C.*, 428 F.3d 504, 510 (3rd Cir. 2005). However, "[e]mployers are increasingly taking advantage of the CFAA's civil remedies to sue former employers and their new companies who seek competitive edge though wrongful use of information from the former employer's computer system." *Id*; *see also* 18 U.S.C. § 1030(g) ("Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief."). As set forth in the proposed Amended Complaint, Defendants used confidential information they obtained from Red Door's computer network to develop their competing business. Such conduct is clearly prohibited by the CFAA, and gives rise to a private cause of action.

Finally, Red Door has filed this Motion in good faith, and not for purposes of delay. As previously noted, discovery in this matter has just begun, and the proposed amendment will not delay these proceedings in any way. Red Door simply asks that all possible claims arising out of Defendants' conduct be evaluated on the merits.

IV.    **CONCLUSION**.

For the foregoing reasons, Red Door respectfully asks the Court to grant its Motion to Amend.

DATED this 17th day of April, 2006.

SHERMAN & HOWARD, LLC

By _____
Stephanie J. Quincy (Admitted Pro Hac Vice)
Robert G. Vaught (Admitted Pro Hac Vice)
1850 North Central Ave., Suite 500
Phoenix, Arizona 85004
Telephone: (602) 636-2008
squincy@sah.com

Joel L. Green (192682)
Jennings, Strouss & Salmon, P.L.C.
1700 Pennsylvania Ave., N.W.
Suite 500
Washington, D.C. 20006
Telephone: (202) 371-9889

Attorneys for Plaintiff Red Door Salons, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of April, 2006, I electronically transmitted the foregoing to the Clerk's office using the CM/ECF System for filing.  Copies of the foregoing have been sent this date using the CM/ECF System to the following:

David C. Tobin, Esq.
Ziad P. Haddad, Esq.
TOBIN, O'CONNOR, EWING & RICHARD
5335 Wisconsin Avenue N.W., Suite 700
Washington, D.C.  20015
Attorneys for Defendants