IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **RED DOOR SALONS, INC.,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No.: 1:06CV00286 |
| | : | Judge Gladys Kessler |
| **ERWIN GOMEZ, et al.,** | : | Deck Type: Contract |
| | : | |
| Defendants. | : | |

## DEFENDANT ERWIN GOMEZ'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND ITS COMPLAINT

Defendant Erwin Gomez ("Mr. Gomez"), by and through undersigned counsel, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, hereby submits this memorandum of points and authorities in support of his Opposition to plaintiff Red Door Salons, Inc.'s ("plaintiff") Motion To Amend Its Complaint, and states as follows:

**I.   INTRODUCTION**

Defendant Erwin Gomez was employed by the Elizabeth Arden salon in Washington, D.C. where he worked as a nationally renowned make-up artist and achieved great success. In June 2005, defendant Erwin Gomez informed his employer at the Elizabeth Arden salon that he had leased space and intended to open his own competing salon business in the near future. Plaintiff never suggested that Mr. Gomez was not legally entitled to do so, nor did it attempt to stop him. To the contrary, the Complaint establishes that Mr. Gomez continued to work at Elizabeth Arden for several months, and that when Mr. Gomez opened his salon in Georgetown in or about October 2005, plaintiff was fully aware of this fact.

Nearly four months later, in mid-February, plaintiff filed its complaint alleging a host of claims against Mr. Gomez, including breach of contract, misappropriation of trade secrets and

intentional interference with business expectancies. On April 17, 2006, plaintiff filed a Motion To Amend/Correct Its Complaint. The purpose of the Amended Complaint is to include Count X, which alleges Violations of the Computer Fraud and Abuse Act (CFAA). Plaintiff, however, has failed to state which provisions of the CFAA plaintiff alleges defendant Gomez violated, and has not provided any facts or evidence supporting the proposed Count. Therefore, Mr. Gomez respectfully submits that plaintiff's Motion To Amend Its Complaint be denied.

## II.     FACTS AS ALLEGED IN THE AMENDED COMPLAINT

According to the Amended Complaint, Mr. Gomez was first employed with the Elizabeth Arden salon as a make-up artist at its Chevy Chase location in 1994. Amended Complaint at ¶ 15. Plaintiff also alleges that Mr. Gomez signed an employment agreement in 1998. *Id.* That agreement is attached as Exhibit A to the Amended Complaint.

As alleged by plaintiff, Mr. Gomez informed his employer in "June/July of 2005" of his intent to open a competing salon. *Id.* at ¶ 19. The Complaint alleges that thereafter Mr. Gomez signed an "agreement," attached as Exhibit B to the Amended Complaint, containing a host of restrictions not contained in the employment agreement attached as Exhibit A. See Amended Complaint at ¶¶ 19, 48. However, from the face of the document plaintiff provided, it is quite apparent that Mr. Gomez did not sign Exhibit B; indeed, the undated letter does not even provide for a signature. In essence it states that his remaining on site is his acceptance. Mr. Gomez announced his resignation on September 8, 2005. *Id.* at ¶ 20. He then commenced operations of his new salon in October 2005. *Id.* at ¶¶ 19-20. On February 16, 2006, plaintiff filed the instant complaint.

On April 17, 2006, plaintiff filed a Motion To Amend Its Complaint for the purpose of including Count X, which alleges violations of the Computer Fraud and Abuse Act. Plaintiff

alleges that "prior to his departure, Gomez took steps to create the Erwin Gomez Salon…[t]o that end, Defendants and their agents gained unauthorized access to Red Door's computer network, took confidential trade secret information, including Red Door's customer lists, and used that information to compete unfairly with Red Door." Plaintiff's Motion To Amend Its Complaint at 2. After Defendant Gomez's departure from the Red Door salon, plaintiff alleges "several clients expressed concern regarding being contacted by the Erwin Gomez Salon and were concerned that the Red Door salon had sold their contact information." *Id* at 2. Plaintiff then states Red Door "suspected that the Defendants had misappropriated the customer lists. Red Door investigated the matter and, based on the information known to date, it appears that the Defendants have at a minimum used confidential information to contact and solicit Red Door customers." *Id* at 2-3. Plaintiff does not plead a single fact to support its proposed claim. It does not show that Gomez secured access to its password protected information. It does not show that Gomez used plaintiff's lists or information to make calls to customers. It does not show that if such calls were made that they could not have been made with public information or information lawfully obtained. It alleges that "several" customers complained about calls but does not state a number that might provide some indication of the nature of the alleged event.

### III.   STANDARD FOR AMENDED COMPLAINTS

Pursuant to Federal Rule of Civil Procedure 15(a), "a party may amend the party's pleadings once as a matter of course at any time before a responsive pleading has been served, or if a responsive pleading has already been filed…a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." In the present case, defendant Gomez and defendant GoPac filed their Answers prior to plaintiff's filing its Motion To Amend Its Complaint; however, defendant

Packard did not file his Answer until after plaintiff's current motion. Based on the date of defendant Packard's Answer, the standard for amending a complaint is "by the leave of court or with written consent" "when justice so requires." *Id*.

The district court has discretion to permit or deny a party from amending its complaint; however, a mandate exists that leave to amend should be "freely given when justice so requires." *Bancoult v. McNamara*, 214 F.R.D. 5, 7 (D.D.C.2000). District courts should not deny leave to amend pleadings unless they have "sufficient reason, such as futility of amendment, undue delay, bad faith, dilatory motive, undue prejudice, or repeated failure to cure deficiencies by previous amendments." *Id*.

"Futility of amendment" is a permissible reason to deny leave to amend pleading "…if the proposed claim would not survive a motion to dismiss." *James Madison Limited v. Ludwig*, 82 F.3d 1085, 1099 (C.A.D.C. 1996). Plaintiff's Motion To Amend Its Complaint alleges a cause of action under the Computer Fraud and Abuse Act which could not survive a motion to dismiss pursuant to FRCiv.P.. Rule 12(b)(6); therefore, the Court should deny plaintiff's Motion To Amend Its Complaint.

**IV.    ARGUMENT**

Plaintiff has not even attempted to allege any facts in support of its claim under the CFAA. Plaintiff states in the Amended Complaint that the defendants "knowingly and with the intent to defraud accessed Red Door's computer systems and obtained confidential and proprietary information." Amended Complaint at ¶ 103. Plaintiff continues by stating "Defendants did not have authorization to access…and obtain this confidential and proprietary information" and "Defendants disseminated the information they obtained…and used it to create a business to compete with Red Door." *Id*. at ¶ 104-5. "Defendants' unauthorized access and

4

dissemination of Red Door's confidential and proprietary information …has caused Red Door to suffer damages and loss, that in the aggregate, exceed five thousand dollars." *Id*. at ¶ 106. Finally, plaintiff alleges "Red Door is entitled to damages and injunctive relief pursuant to 18 U.S.C. § 1030(g)." Id at ¶ 108.

Plaintiff's allegations are conclusory, lacking in any factual basis whatsoever, and fail to demonstrate that it is entitled to relief. Plaintiff does not plead a single fact to support its proposed claim. It does not show that Gomez secured access to its password protected information. It does not show that Gomez used plaintiff's lists or information to make calls to customers. It does not show that if such calls were made that they could not have been made with public information or information lawfully obtained. It alleges that "several" customers complained about calls but does not state a number that might provide some indication of the nature of the alleged event.

In determining whether or not to grant a motion to dismiss, the court must "accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the Plaintiff." *Kilpatrick v. Riley,* 98 F.Supp 9, 13, (D.C.Cir.2000) citing *Maljack Prods. v. Motion Picture Ass'n,* 52 F.3d 373, 375 (D.C.Cir.1995). However, courts "need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276, (D.C.Cir.1994) citing *Papasan v. Allain*, 478 U.S. 265 (1986).

Here, plaintiff has done nothing more than to parrot the language of the statute, masking so-called legal conclusions as facts. Even if this Court were to indulge every inference in favor of plaintiff, there are no facts from which an inference of conduct violating the statute could be

5

drawn. The complete absence of factual allegations in this complaint is thus similar to the situation presented in *PC Yonkers, Inc. v. Celebrations the Party and Seasonal Superstore, LLC*, 428 F.3d 504, 507 (3rd.Cir.2005). There, the plaintiff had several types of evidence of defendants' unauthorized access to plaintiff's computers, such as defendant accessing plaintiff's computer system "from his home 125 times over seven days…[e]ight of the alleged incursions occur[ing] after [defendant] ceased working" for the plaintiff. The court, however, held that plaintiff "failed to adduce sufficient proof of a violation under CFAA." *Id.* at 513. In arriving at the determination, the court stated that "Plaintiff's urge that we draw inferences of intent and the obtaining of valuable information from the mere fact that unauthorized access has been shown, and ask defendants to rebut these inferences by demonstrating the innocence of their purpose or actions. However, the elements of the claims asserted are part of a *plaintiff's* burden" and "plaintiffs needed something more." *Id.* at 509.

Here plaintiff does not alleged any facts that show that unauthorized access to its pass word protected information in fact occurred, basing its proposed claim entirely upon mere speculation. Although *PC Yonkers* did not involve a motion to dismiss, plaintiff's complaint here suffers a similar infirmity – no facts from which inferences can be drawn. Plaintiff fails to provide any allegations or evidence of what information was taken, how or when such unauthorized access and dissemination occurred, or how plaintiff was damaged. The burden is on plaintiff to plead the elements of a cause of action and to demonstrate that it is entitled to relief and with regard to this cause of action, plaintiff has failed to do so.

Plaintiff has also failed to allege that defendants' alleged conduct "caused damage" as required by the CFAA failing to meet its $5,000 in damages requirement. 18U.S.C. § 1030(a)(5)(B)(i). Plaintiff alleges that the "unauthorized access and dissemination of Red

6

Door's confidential and proprietary information…has caused Red Door to suffer damages and loss"; however, plaintiff never states what damages or losses it has sustained. The CFAA defines damage as "any impairment to the integrity or availability of data, a program, a system or information." 18 U.S.C. 1030(e)(8). Plaintiff's allegation merely states that it has suffered damages but does not outline what "impairment" has occurred. Plaintiff has not provided a single fact or allegation regarding the alleged damages it sustained; exactly as it has not stated when its computer systems were accessed without authorization or by exceeding authorization, what information was taken, and how defendants used that information to plaintiff's detriment.

Furthermore, plaintiff has failed to articulate which provision of the CFAA defendants have violated. Plaintiff cites two (2) sections and three (3) separate subparts of one section of the statute without articulating which section or sections defendants are alleged to have violated. Plaintiff's Motion To Amend Its Complaint states the CFAA "provides civil penalties to anyone who:

>   (i)    knowingly causes the transmission of a program, information, code or command, and as a result of such conduct, intentionally causes damage without authorization, to a protected computer;
>   (ii)   intentionally accesses a protected computer without authorization, and as a result of such conduct, recklessly causes damages; or
>   (iii)  intentionally accesses a protected computer without authorization, and as a result of such conduct, causes damages; and
>
>   (B) by conduct described in clause (i), (ii), or (iii)…caused (or, in the case of an attempted offense, would, if completed, have caused) –
>
>   (i)    loss to one or more persons during any 1-year period…aggregating at least $5,000 in value.

18 U.S.C. § 1030(a)(4)-(5)." Plaintiff's Motion To Amend Its Complaint at 5.

Plaintiff cites 18 U.S.C. §1030(a)(4)-(5) without providing any of the language of §1030(a)(4), and never indicates which subpart of 18 U.S.C. §1030(a)(5) defendants have

7

violated. Assuming that plaintiff's citation of only 18 U.S.C. §1030(a)(5), and omission of any language of 18 U.S.C. § 1030(a)(4), is purposeful and plaintiff intended to allege a cause of action under 18 U.S.C. §1030(a)(5) only, plaintiff fails to indicate which provision of that section defendants have violated. 18 U.S.C. §1030(a)(5) outlines three (3) separate violations of the CFAA; first, for "knowingly caus[ing] the transmission of a program, information, code or command, and as a result…intentionally caus[ing] damage…to a protected computer"; second, for "intentionally access[ing] a protected computer without authorization…recklessly caus[ing] damage"; and third, for "intentionally access[ing] a protected computer without authorization, and as a result of such conduct, causes damage." 18 U.S.C. §1030(a)(5)(i)-(iii).

Plaintiff never pleads which sub-section of the CFAA it alleges the defendants to have violated; whether defendants caused the transmission of data or intentionally accessed a protected computer, or whether they recklessly or intentionally caused damages. Pursuant to Federal Rule of Civil Procedure 8(a), a pleading is required to contain "a short and plain statement of the claim showing that a pleader is entitled to relief." Plaintiff has not indicated which section of the CFAA defendants allegedly violated and therefore, has fallen short of its duty to state a claim showing that it is entitled to relief. As such, defendant is prejudiced in responding to this cause of action because he is unsure what alleged violation of the CFAA plaintiff is currently asserting. Therefore, plaintiff's Motion To Amend Its Complaint should be denied.[1]

---

[1] Furthermore, plaintiff incorrectly states that it is entitled to "damages and injunctive relief pursuant to 18 U.S.C. §1030(g)." Amended Complaint at ¶ 106. The CFAA allows a civil action to be brought "only if the conduct involves 1 of the factors set forth in clause (i), (ii), (iii), (iv), or (v) of subsection (a)(5)(B)." 18 U.S.C. §1030(g). Plaintiff alleges the conduct of §1030(a)(5)(B)(i) or "loss to 1 or more persons during any 1-year period…aggregating at least $5,000 in value." However, "[d]amages for a violation involving only conduct described in §1030(a)(5)(B)(i) are limited to economic damages." 18 U.S.C. §1030(g). Therefore, plaintiff is

**V.    CONCLUSION**

For all of the foregoing reasons, defendant Erwin Gomez respectfully requests that this Court deny plaintiff's Motion To Amend Its Complaint.

Respectfully submitted,

TOBIN, O'CONNOR, EWING & RICHARD

By:    /s/David C. Tobin_____
David C. Tobin, Esq., D.C. Bar # 395959
Ziad P. Haddad, Esq., D.C. Bar #469470
5335 Wisconsin Ave., N.W., Suite 700
Washington, DC 20015
Tel:  (202) 362-5900
Fax:  (202) 362-5901
*Attorney for Defendant Erwin Gomez*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 1st day of May, 2006, a true and correct copy of the foregoing Defendant Erwin Gomez's Opposition to Plaintiff's Motion To Amend Its Complaint was served by first-class, postage pre-paid U.S. mail to:

Joel L. Greene, Esq.
Jennings, Strouss & Salmon, P.L.C.
1700 Pennsylvania Avenue, N.W., Suite 500
Washington, D.C.  20006

Stephanie J. Quincy, Esq.
Robert G. Vaught, Esq.
Sherman & Howard, L.L.C.
1850 North Central Avenue, Suite 500
Phoenix, Arizona  85004

/s/David C. Tobin_____
David C. Tobin

---

not permitted to receive injunctive relief, only economic damages, on its CFAA claim and the Motion To Amend Its Complaint should be denied.