UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Red Door Salons Inc., )
 )
                Plaintiff, )
v. )
 ) Civil Action No. 1:06CV00286 (GK)
Erwin Gomez, an individual, )
James Packard-Gomez, an individual, )
GoPac Industries Inc. d/b/a Erwin Gomez )
Salon and Spa, a Maryland Corporation, ) Next Scheduled Court Deadline:
 ) August 1, 2006 – Status Conference
                Defendants. )
 )
 )

## PLAINTIFF'S RESPONSE TO DEFENDANT JAMES PACKARD-GOMEZ'S MOTION TO DISMISS IN PART

Plaintiff Red Door Salons, Inc. (hereinafter, "Red Door") hereby responds in opposition to Defendant James Packard-Gomez's (hereinafter "Packard-Gomez") Motion to Dismiss In Part (hereinafter "Packard-Gomez's Motion"). Red Door has plead more than sufficient facts to sustain its claim for intentional interference with business expectancies.

This Response is supported by the following Statement of Points and Authorities and the Court's file in this matter, which are incorporated herein by reference.

### STATEMENT OF POINTS AND AUTHORITIES

**I.     FACTUAL BACKGROUND.**

Red Door hired Erwin Gomez (hereinafter "Gomez") in 1994 as a makeup artist. As a condition of his employment, Gomez signed a Confidentiality and Non-Competition Agreement. *See* Compl. at Ex. A. Under the terms of the Agreement, Gomez promised that for a period of four months after the termination of his employment, he would not render any services ordinarily provided by Red Door salons within three miles of Red Door. Gomez also promised that for a

period of six months after termination of his employment, he would not solicit any Red Door employee to work in any business in competition with Red Door. Gomez agreed to not disclose any of Red Door's confidential customer information, and promised that upon his termination he would immediately return all of Red Door's confidential information.

In the summer of 2005, Gomez informed Red Door that he intended to open a salon outside of the restricted area and after his other covenants had expired. Red Door continued to employ Gomez in exchange for his express agreement: 1) not to solicit or petition Red Door customers at any time relative to his new venture; 2) not to solicit or petition anyone employed at any Red Door location; and 3) not to take any of Red Door's confidential customer contact information. Gomez accepted these terms, which are memorialized in the Letter Agreement attached as Exhibit B to Red Door's Complaint, by continuing to work at Red Door until his final departure in October of 2005.

However, unknown to Plaintiff until recently, prior to his departure, the Defendants took steps to create the Erwin Gomez Salon. To that end, Defendant GoPac Industries, Inc., d/b/a Erwin Gomez Salon was incorporated on or about August 15, 2005. Defendant Gomez was still employed by Red Door at that time. The Erwin Gomez Salon is a direct competitor of Red Door, and offers many of the same services as Red Door. The Erwin Gomez Salon is located approximately three miles from Red Door's Chevy Chase Salon, which is the same Red Door salon at which Defendant Gomez worked. Upon information and belief, Defendant Packard-Gomez has significant contact with the Erwin Gomez Salon, and hired Gomez and other Red Door employees with the intent of interfering with their contractual obligations to Red Door.[1]

---

[1] When Plaintiff's counsel initially contacted the Erwin Gomez Salon in an attempt to resolve this matter, Packard-Gomez claimed that he was in charge of the Salon, and was also the owner.

2

Approximately two months after Gomez's departure, several Red Door customers expressed concern about the fact that they had been contacted by the Erwin Gomez Salon, and were asked to schedule appointments at the Erwin Gomez Salon. These customers worried that Red Door had "sold" their contact information. Red Door assured its customers that it had not disclosed their contact information, and suspected that the Defendants had misappropriated proprietary information. Red Door investigated the matter and, based on the information known to date, it appears that the Defendants have at a minimum solicited Red Door's employees and used confidential information to contact and solicit Red Door's customers.

## II.    PACKARD-GOMEZ'S MOTION IS PREMATURE AND SHOULD BE DENIED.

Red Door's Complaint need only set forth "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Bowhead Info. Tech. Servs., Inc. v. Catapult Tech., Ltd.*, 377 F. Supp. 2d 166, 170 (D.D.C. 2005) (internal citations omitted). "Such simplified 'notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to determine more narrowly the disputed facts and issues." *Raymen v. United Senior Ass'n, Inc.*, 409 F. Supp. 2d 15, 20 (D.D.C. 2006) (internal citations omitted). Given this simplified standard for pleading, "a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Bowhead*, 377 F. Supp. 2d at 170.

In reviewing Packard-Gomez's Motion, this Court "must construe the allegations and facts in the complaint in light most favorable to the plaintiff and must grant the plaintiff the benefit of all inferences that can be derived from the alleged facts." *Raymen*, 409 F. Supp. 2d at 20. A motion to dismiss under Fed. R. Civ. P. 12(b)(6) "tests not whether a plaintiff will

ultimately prevail on the merits, but <u>only</u> whether the plaintiff has properly stated a claim for which he is entitled to relief." *Pate v. United States*, 277 F. Supp. 2d. 1, 4 (D.D.C. 2003) (emphasis supplied).

### III. RED DOOR HAS PLEAD SUFFICIENT FACTS TO SUSTAIN ITS CLAIM FOR INTENTIONAL INTERFERENCE WITH BUSINESS EXPECTANCIES.

To sustain a cause of action for intentional interference with business expectancies, Red Door need only allege: 1) the existence of a business relationship; 2) defendants' knowledge of the business relationship; 3) intentional interference with the business relationship; and 4) resulting damages. *See e.g., Mercer Mgmt. Consulting, Inc. v. Wilde*, 920 F. Supp. 219, 239 (D.D.C. 1996). Red Door has plead more than sufficient facts to sustain this cause of action:

> At all times mentioned herein, Defendants were aware that Red Door had relationships with its various customers and employees and were aware of Red Door's expectation that those relationships would continue. Compl. at ¶ 65.
>
> Despite Defendants' awareness of these relationships, Defendants wrongfully, intentionally and purposely sought to cause the termination of these above-described relationships. Compl. at ¶ 66.
>
> As a proximate result of Defendants' interference with its relationships and expectancies, Red Door has sustained and will continue to sustain substantial damages in an amount to be proven at trial. Compl. at ¶ 67.
>
> The acts by Defendants as described above were willful, malicious and done with an evil intent to undermine Red Door's business. Compl. at ¶ 68.

Packard-Gomez correctly notes that "[c]ompetitive activity <u>by itself</u> will not be deemed tortuous interference with business relations unless accomplished by wrongful or improper means, such as fraud, violence or civil suits." *See Mercer*, 920 F. Supp. at 239 (emphasis supplied). However, this cause of action is not based on simple "competitive activity." The

4

allegations against Packard-Gomez are far more serious, and include misappropriation of trade secrets, conversion, unfair competition and civil conspiracy. Under such circumstances, intentional interference claims are appropriate and sustainable. *See e.g.*, *Furash & Co., Inc., v. McClave*, 130 F. Supp. 2d 48, 56 (D.D.C. 2001) (denying defendants' motion for summary judgment on an intentional interference claim because "the facts as to whether [defendant] improperly solicited clients for her personal benefit in order to interfere with [plaintiff's] business relationships are largely in dispute. A reasonable jury might find that [plaintiff's] alleged breach of fiduciary duty destroyed [defendant's] client relationships.").

IV.     **CONCLUSION.**

For the foregoing reasons, Red Door respectfully asks the Court to deny Packard-Gomez's Motion.

DATED this 2nd day of May, 2006.

SHERMAN & HOWARD, LLC

By _____
Stephanie J. Quincy, Esq. (Admitted Pro Hac Vice)
Robert G. Vaught, Esq. (Admitted Pro Hac Vice)
1850 North Central Ave., Suite 500
Phoenix, Arizona 85004
Telephone: (602) 636-2008
squincy@sah.com

Joel L. Green, Esq. (192682)
Jennings, Strouss & Salmon, P.L.C.
1700 Pennsylvania Ave., N.W., Suite 500
Washington, D.C. 20006
Telephone: (202) 371-9889

Attorneys for Plaintiff Red Door Salons, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this  2  day of May, 2006, I electronically transmitted the foregoing to the Clerk's office using the CM/ECF System for filing, and served a copy electronically generated by the CM/ECF System to the following:

    David C. Tobin, Esq.
    Ziad P. Haddad, Esq.
    TOBIN, O'CONNOR, EWING & RICHARD
    5335 Wisconsin Avenue N.W., Suite 700
    Washington, D.C. 20015
    Attorneys for Defendants

*/s/ Dee Ann Robertson*