UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Red Door Salons Inc.,

                Plaintiff,

v.

Erwin Gomez, an individual,
James Packard-Gomez, an individual,
GoPac Industries Inc. d/b/a Erwin Gomez
Salon and Spa, a Maryland Corporation,

                Defendants.

Civil Action No. 1:06CV00286 (GK)

Next Scheduled Court Deadline:
August 1, 2006 – Status Conference

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF ITS
MOTION TO AMEND ITS COMPLAINT**

Pursuant to Local Rule of the United States District Court for the District of Columbia 7(d), Plaintiff Red Door Salons, Inc. (hereinafter, "Red Door") hereby submits its Reply Memorandum in support of its Motion to Amend its Complaint. Red Door's proposed Amended Complaint contains more than sufficient factual allegations to sustain a claim for relief under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (hereinafter, "CFAA").

**I.   LEAVE TO AMEND SHOULD BE FREELY GIVEN.**

Defendants recognize that leave to amend "should be freely given when justice so requires." *See* Defendants' Response at p. 4 (citing *Bancoult v. McNamara*, 214 F.R.D. 5, 7 (D.D.C. 2000)). Defendants do not dispute that courts should only deny leave to amend if the proposed amendment would be futile, or upon a finding of undue delay, bad faith, dilatory motive, undue prejudice, or repeated failure to cure deficiencies by previous amendments. *See Bancoult*, 214 F.R.D. at 7. "The primary consideration in deciding whether to permit an amendment focuses on whether the non-moving party will be prejudiced due to unfair

disadvantage or deprivation of the opportunity to discover and present facts." *See Stanford v. Potomac Electric Power Co.*, 394 F. Supp. 2d. 81, 85 (D.D.C. 2005).

Defendants do not dispute that the CFAA provides a civil cause of action against former employees who wrongfully obtain information from their former employer's computer network. *See P.C. Yonkers, Inc. v. Celebrations the Party and Seasonal Superstore, L.L.C.*, 428 F.3d 504, 510 (3rd Cir. 2005). In addition, Defendants do not object to the proposed Amended Complaint on the basis of delay, bad faith, or dilatory motive.

Defendants only object to Red Door's Motion on the basis of futility, suggesting: "Plaintiff's Motion to Amend Its Complaint alleges a cause of action under the Computer Fraud and Abuse Act which could not survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)."[1] Defendants' Response at p. 4. However, as set forth more fully below, Red Door's proposed Amended Complaint contains more than sufficient factual allegations to sustain a civil cause of action under the CFAA, and survive a motion to dismiss.

## II. RED DOOR'S PROPOSED AMENDED COMPLAINT CONTAINS SUFFICIENT ALLEGATIONS TO SUSTAIN A CLAIM UNDER THE CFAA.

Defendants incorrectly suggest that in order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), Red Door would be required, at this early stage of litigation, to prove by a preponderance of the evidence that the Defendants violated the CFAA. However, a motion to dismiss under Fed. R. Civ. P. 12(b)(6) "tests not whether a plaintiff will ultimately prevail on the merits, but only whether the plaintiff has properly stated a claim for which he is entitled to relief." *Pate v. United States*, 277 F. Supp. 2d. 1, 4 (D.D.C. 2003) (emphasis supplied).

---

[1] At the end of their Response, Defendants suggest that they would be prejudiced by the proposed amendment because they are "unsure what alleged violation of the CFAA Plaintiff is currently asserting." Defendants' Response at p. 8. As set forth more fully below, Red Door's proposed Amended Complaint explains precisely how Defendants have violated the CFAA.

To sustain a claim under the CFAA, Red Door's proposed Amended Complaint need only set forth "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Bowhead Info. Tech. Servs., Inc. v. Catapult Tech., Ltd.*, 377 F. Supp. 2d 166, 170 (D.D.C. 2005) (internal citations omitted). "Such simplified 'notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to determine more narrowly the disputed facts and issues." *Raymen v. United Senior Ass'n, Inc.*, 409 F. Supp. 2d 15, 20 (D.D.C. 2006) (internal citations omitted). Given this simplified standard for pleading, "a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Bowhead*, 377 F. Supp. 2d at 170.

To state a claim for relief under the CFAA, Red Door need only allege: (1) Defendants accessed Red Door's computer system; (2) without authorization or by exceeding such authorization as was granted; (3) did so "knowingly" and with "intent to defraud;" and (4) as a result has "furthered the intended fraud and obtained anything of value." *See* 18 U.S.C. § 1030(a)(4); *see also P.C. Yonkers, Inc. v. Celebrations the Party and Seasonal Superstore, L.L.C.*, 428 F.3d 504, 508 (3rd Cir. 2005).[2]

Red Door's proposed Amended Complaint contains more than sufficient factual allegations to sustain this cause of action:

---

[2] Defendants' reliance on *P.C. Yonkers, Inc. v. Celebrations the Party and Seasonal Superstore, L.L.C.*, 428 F.3d 504, 508 (3rd Cir. 2005), is misplaced. In *P.C. Yonkers, Inc.*, the conducted an evidentiary hearing after the parties conducted discovery in order to determine the validity of plaintiff's request for a preliminary injunction. *Id.* at 207-08. The court denied injunctive relief, finding that plaintiff did not present sufficient evidence to demonstrate a substantial likelihood of success on the merits. *Id.* at 508. In the dispute at bar, the parties have not yet engaged in substantive discovery. In any event, Red Door is not seeking immediate injunctive relief.

> Red Door has made a substantial investment in developing and maintaining confidential, proprietary and trade secret information relating to its business. This information includes, but is not limited to, Red Door's customer lists. Amended Complaint at ¶ 9.
>
> During its more than thirty years in business, Red Door has created and maintained its customer lists. These lists are a compilation of its customer names, addresses, telephone numbers and the services and products purchased by the customer over time. This information is stored in Red Door's password-protected computers and is updated every time a customer comes to a Red Door Salon. Amended Complaint at ¶ 10.
>
> Defendants knowingly and with an intent to defraud accessed Red Door's computer systems and obtained confidential and proprietary information regarding Red Door's business from those systems. Amended Complaint at ¶ 103.
>
> Defendants did not have authorization to access Red Door's computer systems and obtain this confidential and proprietary [information] and use it to compete unfairly with Red Door. Amended Complaint at ¶ 104.
>
> Defendants disseminated the information they obtained from their unauthorized access of Red Door's computer system to third parties, and used it to create a business to compete with Red Door. Amended Complaint at ¶ 105.
>
> Defendants' unauthorized access and dissemination of Red Door's confidential and proprietary information for such purposes has caused Red Door to suffer damages and loss, that in the aggregate, exceed five thousand dollars. Amended Complaint at ¶ 106.

Defendants' suggestion that "Plaintiff never pleads which sub-section of the CFAA it alleges the defendants to have violated," is irrelevant to the merits of Red Door's Motion.³ Red Door seeks to amend its Complaint for the sole purpose of adding a civil cause of action under 18 U.S.C. § 1030. The facts contained in the proposed Amended Complaint clearly satisfy the

---

³ Defendants argument that injunctive relief is not available under the CFAA was expressly rejected by the United States Court of Appeals for the Third Circuit. *See P.C. Yonkers, Inc.*, 428 F.3d at 511 (holding that injunctive relief and economic damages are available for violations of sub-section (a)(5)(B)(i)). In any event, Red Door's claim is not limited to sub-section (a)(5)(B)(i), but includes subsections (a)(4) and (a)(5) in its entirety. *See id.* at 510.

4

liberal "notice pleading" standard, and the parties should be permitted to conduct discovery on the merits of the claim.

## III. CONCLUSION.

For the foregoing reasons, Red Door respectfully asks the Court to grant its Motion to Amend.

DATED this 11th day of May, 2006.

SHERMAN & HOWARD, LLC

By _____
Stephanie J. Quincy (Admitted Pro Hac Vice)
Robert G. Vaught (Admitted Pro Hac Vice)
1850 North Central Ave., Suite 500
Phoenix, Arizona 85004
Telephone: (602) 636-2008
squincy@sah.com

Joel L. Green (192682)
Jennings, Strouss & Salmon, P.L.C.
1700 Pennsylvania Ave., N.W.
Suite 500
Washington, D.C. 20006
Telephone: (202) 371-9889

Attorneys for Plaintiff Red Door Salons, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of May, 2006, I electronically transmitted the foregoing to the Clerk's office using the CM/ECF System for filing. Copies of the foregoing have been sent this date using the CM/ECF System to the following:

Mark L. Shaffer, Esq.
SHAFFER, BOCK, & ANTONOPLOS
1211 Connecticut Ave., Suite 400
Washington, D.C. 20036

Attorneys for Defendants

*/s/ Natalie / Coll*