## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Red Door Salons Inc., | ) |
| | ) |
| Plaintiff, | ) CA No. 1:06CV00286 (GK) |
| | ) |
| v. | ) |
| | ) |
| Erwin Gomez, an individual | ) |
| James Packard-Gomez, an individual | ) |
| GoPac Industries Inc. d/b/a Erwin Gomez | ) |
| Salon and Spa, a Maryland Corporation | ) |
| | ) |
| Defendants | ) |
| | ) |

**DEFENDANTS GOPAC INDUSTRIES, INC., ERWIN GOMEZ, AND JAMES
PACKARD GOMEZ'S MOTION TO DISMISS COUNTS I AND VIII
OF THE PLAINTIFF'S AMENDED COMPLAINT**

Defendants GoPac Industries, Inc., Erwin Gomez
("Gomez"), and James Packard-Gomez, by and through
undersigned counsel, pursuant to Rules 12(b)(1) and
12(b)(6) of the Federal Rules of Civil Procedure, hereby
move this Honorable Court for the Court's Order dismissing
all breach of contract claims set forth in Count I, all
breach of covenant of good faith and fair dealing claims
set forth in Court VIII, all misappropriation of trade
secret claims set forth in Count II, and all unfair
competition claims set forth in Count VII of the Amended
Complaint filed by Defendant Red Door Salons, Inc.
("Plaintiff") for lack of subject matter jurisdiction and

failure to state a claim upon which relief can be granted.

As support for this Motion, Defendants respectfully refer to and incorporate the attached Memorandum of Points and Authorities in support thereof.

WHEREFORE, Defendants respectfully request an Order dismissing Count I, II, VII and VII of the Plaintiff's Amended Complaint.

Dated:    June 23, 2006

Respectfully submitted,

SHAFFER, BOCK & ANTONOPLOS, PLLC

/s/ Mark L. Shaffer
Mark L. Shaffer, D.C. Bar No.
    346940
1211 Connecticut Avenue, NW
Suite 400
Washington, D.C. 20036
202.223.3210

## CERTIFICATION OF COMPLIANCE WITH LCvR 7(m)

Counsel for Defendant Erwin Gomez certifies that on June 21, 2006, he conferred with opposing counsel in an effort to determine whether there is opposition to the relief sought, and to narrow areas of disagreement. Counsel for the plaintiff did not agree to the relief sought in this motion.

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of Plaintiff

Gomez's Motion to Dismiss to be served electronic service,

on this 23rd day of June, 2006 on:

Stephanie J. Quincy
Robert Vaught
1850 North Central Avenue, Suite 500
Phoenix, AZ 85004

Joel L. Green
1700 Pennsylvania Avenue NW
Suite 500
Washington, D.C. 20006

s/ Mark L. Shaffer
Mark L. Shaffer
Shaffer, Bock &
Antonoplos, PLLC
1211 Connecticut Avenue,
N.W.
Suite 400
Washington, D.C. 20036
Tel: (202) 223-3210
Fax: (202) 223-3211

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Red Door Salons Inc.,                      )
                                           )
                    Plaintiff,             )    CA No. 1:06CV00286 (GK)
                                           )
            v.                             )
                                           )
Erwin Gomez, an individual                 )
James Packard-Gomez, an individual         )
GoPac Industries Inc. d/b/a Erwin Gomez    )
Salon and Spa, a Maryland Corporation      )
                                           )
                    Defendants             )
                                           )

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS GOPAC INDUSTRIES, INC., ERWIN GOMEZ, AND JAMES
PACKARD GOMEZ'S MOTION TO DISMISS IN PART
COUNTS I AND VIII OF THE AMENDED COMPLAINT**

Pursuant to Federal Rules of Civil Procedure 12(b)(1)
and 12(b)(6), Defendants GoPac Industries, Inc., Erwin
Gomez ("Gomez"), and James Packard-Gomez ("Packard-Gomez"),
by and through their undersigned counsel, do hereby submit
this memorandum of points and authorities in support of
their motion to dismiss all breach of contract claims set
forth in Count I, all breach of covenant of good faith and
fair dealing claims set forth in Court VIII, all
misappropriation of trade secret claims set forth in Count
II, and all unfair competition claims set forth in Count
VII of the Amended Complaint ("Complaint") filed by
Defendant Red Door Salons, Inc. ("Red Door Salons") and

1

states as follows:

## 1.   INTRODUCTION

Count I of the Plaintiff's Complaint alleges that
Defendant Gomez breached a "Confidentiality and Non-
Competition Agreement" with Defendant Red Door Salons
contained in two alleged separate written contracts.   This
assertion of a contract between Gomez and Red Door Salons
is both factually inaccurate and gainsaid by the
Plaintiff's own documents attached as exhibits to and
therefore incorporated into the Complaint.   The Plaintiff's
assertion of privity to the contracts between Gomez and Red
Door Salons is inaccurate, misleading and materially and
unfairly prejudicial, given that the Plaintiff's standing
in Count I of the Complaint is based entirely on privity of
contract.   The only potential remedy to the Plaintiff's
misstatement is to dismiss Count I of the Complaint under
Rule 12(b)(1) of the Federal Rules of Civil Procedure for
lack of subject matter jurisdiction.

Furthermore, Count VIII of the Plaintiff's Complaint,
alleging breach of a contract implied covenant of good
faith and fair dealing, is predicated entirely upon the
existence of a contract between Gomez and Red Door.   In the
absence of any contract between Erwin Gomez and Red Door

2

Salons, this Count fails to state any facts upon which relief can be granted, and should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Count II of the Plaintiff's Complaint alleges that "Defendants have misappropriated Red Door's trade secrets by acquiring them by improper means and using them without Red Door's consent." See Plaintiff's Complaint, ¶ 54.  The Plaintiff defines its trade secrets in the Complaint solely as its allegedly confidential "client lists." See id. at ¶ 11-14.  However, Plaintiff's own Exhibits incorporated into its Complaint state that the "…client information is the sole property of Red Door Spa Holdings, Inc." [emphasis added] See id. at Exhibit "B."  Red Door Spa Holdings, Inc. is not a party to this claim, nor does Plaintiff Red Door Salons allege any relationship between the two entities that would give it standing to pursue Red Door Spa Holdings, Inc.'s property rights. Because Red Door Salons lacks standing to sue for the protection of Red Door Spa Holdings, Inc.'s alleged trade secrets, dismissal under Rule 12(b)(1) is required as a matter of law.

Lastly, Red Door Salons alleges in Count VII that "Defendants' have misappropriated Red Door's [Salons] trade secrets and/or used Red Door [Salons]'s customer information for their personal benefit and to the detriment

3

of Red Door [Salons]." See Plaintiff's Complaint, ¶ 87.  As mentioned above, in Exhibit B, Regional Manager Sue Page, speaking on behalf of Red Door Spas/ Elizabeth Arden, states that all trade secrets and customer lists are the "sole property and possession" of Red Door Spa Holding, Inc.  Again, Red Door Spa Holding, Inc. is neither a party to this action, nor does Plaintiff Red Door Salons allege any facts regarding its relationship with Red Door Spa Holding, Inc.'s property to justify the standing.  Absent such standing, dismissal under Rule 12(b)(1) is proper as a matter of law.

## 2.   **FACTS AS ALLEGED IN THE PLAINTIFF'S AMENDED COMPLAINT**

According to the Plaintiff's complaint, Red Door Salons is an "exclusive Hair Salon and Spa" which has "conducted business in the District of Columbia for nearly 40 years." See Plaintiff's Amended Complaint, ¶ 6-7.  The complaint alleges that Erwin Gomez was hired by Red Door Salons in 1994 as a "makeup artist" operating out of its Chevy Chase salon. [emphasis added] See Plaintiff's Amended Complaint, ¶ 15.  The complaint alleges that "as a condition of his employment with Red Door, Gomez on January 21, 1998 signed a Confidentiality and Non-Competition Agreement with Red Door." (emphasis added) See Plaintiff's

4

Amended Complaint, ¶ 15.  As part of its averment of the facts of this contractual relationship, Red Door Salons attaches to the Complaint as Exhibit A a contract between Erwin Gomez and Elizabeth Arden Salons, Inc. and incorporates it by reference. Id.  The contract specifically defines itself as an "EMPLOYMENT AGREEMENT between Elizabeth Arden Salons, Inc. and Erwin Gomez." See Plaintiff's Amended Complaint, Exhibit A.  Red Door Salons does not plead any facts in the complaint to show that it was a party to the 1998 Elizabeth Arden Salons, Inc. contract, as it cannot do so.  More importantly, it does not plead any corporate merger, acquisition, or assignment of the alleged contract, let alone assignment in a manner allowable under District of Columbia law.

Red Door Salons alleges a breach of a second contract in Counts I and VIII based upon the averred provisions of an undated letter from Sue Page, apparently Regional Manager of Red Door Spas / Elizabeth Arden, to Erwin Gomez. Id. at ¶ 19 and Exhibit "B" (referenced by the Plaintiff as the "2005 Letter Agreement" and incorporated therein).  Red Door Salons specifically alleges that "Gomez signed and agreed to be bound by the terms of the Gomez Agreement and the 2005 Letter Agreement." (emphasis added) Id. at ¶ 48. Red Door Salons contends that this letter imposes

contractual duties owed by Gomez to Red Door Salons.   Red
Door Salons' allegation of Gomez's ratification of these
contractual duties is based upon its own incorporated
Exhibit B, which does not contain a signature block for
Gomez, let alone his signature.   In the complaint Red Door
Salons does not make any other averments of facts or
theories of contract to support its claim based on the 2005
letter.

Additionally, while Red Door Salons alleges in
Paragraph 1 of the Complaint that "Red Door Spas" is a
trade name. Exhibit B purports to create a contractual
relationship between Gomez and "Red Door Spa Holding, Inc."
as it relates to the matter at issue, the use and
possession of the "names and contact information of Red
Door guests." See Plaintiff's Amended Complaint, Exhibit
"B."  "Red Door Spa Holding, Inc." is not a party to this
action, nor is it alleged in the Plaintiff's Complaint to
have any relationship to Plaintiff Red Door Salons that
might give the latter standing to bring theses
misappropriation claims.

In Counts I and VIII, Red Door Salons specifically
states that "as a proximate result of the breach of Gomez's
employment agreement, Red Door Salons sustained and will
continue to sustain substantial damages." See id. at ¶ 50.

6

No mention is made in the complaint of the parties that
might suffer injury as a result of a breach of contract,
Elizabeth Arden Salons, Inc. or Red Door Spas Holding, Inc.
in the complaint, let alone the damages they allegedly may
have suffered.

In Counts II and VII Red Door Salons additionally
claims that it has been damaged by the alleged
misappropriation of its trade secrets, solely defined as
customer lists, and that such misappropriation has led to
unfair competition and a derived benefit on behalf of the
Defendants. See Plaintiff's Amended Complaint, ¶s 53-61;
86-90.  This conclusory averment is contradicted by the
provisions of the contract averred in the Plaintiff's own
Complaint, at Exhibit "B," where it states that "[t]he
names and contact information of Red Door guests remain the
sole property and possession of Red Door Spa Holdings,
Inc." See id. at Exhibit "B."  Red Door Spa Holdings, Inc.
is not a party to this action, and Red Door Salons does not
allege any relationship between the two entities anywhere
in its Complaint.

## 3.   LEGAL STANDARD

Rule 12(b) of the Federal Rules of Civil Procedure
permits a Defendant to seek, by responsive pleading,

7

dismissal of a Plaintiff's claim, in whole or in part.
Specifically, subparagraph (1) sanctions dismissal in the
absence of subject matter jurisdiction, while subparagraph
(6) sanctions dismissal when the Plaintiff has failed to
state a claim upon which relief can be granted. See Fed. R.
Civ. P. R. 12. A Court examining may dismiss a Plaintiff's
claim under Rule 12(b) when it is "beyond doubt" that the
Plaintiff will fail to prove any set of facts that would
entitle him to relief under his complaint. See Barr v.
Clinton, 370 F.3d 1196, 1202 (D.C. Cir. 2004); Kowal v. MCI
Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994);
Raymen v. United Senior Ass'n, Inc., 409 F.Supp. 2d 15, 20
(D.D.C. 2006). However, when dismissing a claim pursuant
to Rule 12(b)(6), the Court must "construe the Complaint in
the light most favorable to the plaintiff and must grant
the plaintiff the benefit of all inferences that can be
derived from the alleged facts." Barr, 370 F.3d at 1202.
This does not require, however, that the Court "accept
inferences or conclusory allegations that are unsupported
by the facts set forth in the complaint." Kowal, 16 F.3d at
1276.

One issue that falls under the rubric of Rule 12(b)(1)
subject matter jurisdiction is standing. Standing, "by and
large, is a preliminary matter." See e.g. Barrett Computer

Services, Inc. v. PDA, Inc., 884 F.2d 214, 216 (5th Cir. 1989). In order to demonstrate standing and survive 12(b)(1) scrutiny, a Plaintiff must show "a case or controversy between [itself] and the defendant within the meaning of Article III of the Constitution…[a plaintiff] must show that it suffered an actual injury as a result of [the defendant's] actions that such is redressable by judicial decree." Barrett, 884 F.2d at 217-18. A "case or controversy" in the context of a breach of contract action is dependant upon privity of contract between the Plaintiff and Defendant. Id.

Additionally, Courts have recognized that standing can be resolved as a motion to dismiss, as opposed to summary judgment, when the issue of standing is severable from a consideration of the case on its merits. Id. at 220. In this matter, jurisdictional questions presented by an inquiry into standing are "governed by standards controlling exploration into a Court's subject matter jurisdiction," and thus the motion may be considered and the court can dismiss the claim under Rule 12(b)(1). Id.

The Supreme Court has held in Conley v. Gibson, 355 U.S.41, 45 (1957) that a court should dismiss a complaint under Rule 12(b)(6) "…if it appears that plaintiff can prove no set of facts which will entitle him to relief."

9

Complaint maybe be dismissed, *sua sponte,* if need be, under
Rule 12(b)(6) where the plaintiff can not possibly win
relief.   Best v. Kelly, 39 F.3d 328(D.C.Cir. 1994).

## 4.   ARGUMENT

Plaintiff Red Door Salons, Inc. does not have the
requisite standing to claim either breach of contract or
breach of the implied covenant of good faith and fair
dealing against Defendant Erwin Gomez, as claimed in Counts
I and VIII of the Complaint.  As such, given that standing
is a "preliminary matter" that relates to the Court's
exercise of subject matter jurisdiction, both Counts I and
VIII should be dismissed under Rule 12(b)(1) of the Federal
Rules of Civil Procedure.  Additionally, given that no
contracts exist between Erwin Gomez and the Plaintiff in
this suit, Red Door Salons, Inc. and that Red Door Spa
Holding, Inc. is the alleged owner of the trade secret
information, it is "beyond doubt" that the Plaintiff can be
granted relief under any set of facts pled in the Complaint
Claims I, II, VII and VIII.  Dismissal under Rule 12(b)(6)
is thus proper as a matter of law.

### a) Rule 12(b)(1)

In order to have standing, a Plaintiff must

demonstrate "a case or controversy between [itself] and the
defendant within Article III of the Constitution." Barrett,
884 F.2d at 217-18.  In the context of breach of contract,
the requisite showing for standing is that there was
privity of contract between the Plaintiff and Defendant.
Privity of contract is defined as the "connection or
relationship which exists between two or more contracting
parties... it is essential to the maintenance of an action
on any contract that there should subsist a privity between
the plaintiff and the defendant in respect of the matter
sued on. Black's Law Dictionary, pg. 1362 (Revised Eighth
Edition, 2004).  Absent privity of contract and thus
standing, a Court may not impose subject matter
jurisdiction for any contract claims, thus leaving Rule
12(b)(1) dismissal proper as a matter of law. See Barrett,
884 F.2d at 220.

In the case at hand, the Plaintiff's own exhibits to
its Complaint, its averment of the terms of the alleged
contract irrefutably prove the absence of privity of
contract.  Red Door Salons asserts, inter alia, that as a
condition of his employment with Red Door, Gomez signed a
"Confidentiality and Non-Competition Agreement" on January
21, 1998, after he had been hired in 1994.  The Contract,
attached as an exhibit and thus incorporated into the

11

Complaint shows that Gomez did not enter into a contract with Red Door Salons. The contract attached by the Plaintiff as Exhibit A is a 1998 contract between Erwin Gomez and Elizabeth Arden Salons, Inc. The contract unambiguously states that it is an "EMPLOYMENT AGREEMENT between Elizabeth Arden Salons, Inc. ("the Company") and Erwin Gomez. See Plaintiff's Amended Complaint, Exhibit A. Any duty owed by Erwin Gomez under the express terms of the contract are to the "Company," again defined in the contract as Elizabeth Arden Salons, Inc.

Surprisingly, the Plaintiff's Complaint makes absolutely no mention of Elizabeth Arden Salons, Inc. Instead, the Complaint inaccurately alleges, "Gomez on January 12, 1998 signed a Confidentiality and Non-Competition Agreement with Red Door (emphasis added) See Plaintiff's Amended Complaint, ¶ 15. This averment is contradicted by the Plaintiff's own Complaint at Exhibit "A" and is fundamentally misleading. Furthermore, the Plaintiff makes no allegation of either a transfer or assignment of the contract in question (even though such a transfer of an employment agreement would be impermissible under long-established District of Columbia law).

It is understandable but unacceptable that Plaintiff would seek to obscure the issue of privity. But, in doing

12

so it has misled the court.  Absent any privity of contract
between Gomez and Red Door Salons, Plaintiff has no
actionable claim for breach of contract as no contract
exists between the parties.  Without privity of contract,
the Plaintiff cannot establish standing, which in turn
divests this Court of the subject matter jurisdiction.
Absent such standing, all breach of contract claims in
Count I must be dismissed under Rule 12(b)(1).

     To add to the curiousness of the Plaintiff's breach of
contract claims, in Count I the Plaintiff also alleges a
breach of a different contract.  Plaintiff asserts that
Defendant Gomez "signed" a letter agreement with Red Door
Salons in 2005. See Plaintiff's Amended Complaint, ¶ 48.
As with the purported original contract, Plaintiff attached
the 2005 letter to the Complaint as Exhibit B, thus
incorporating it as its averment of the terms of this
alleged contract.  Plaintiff's own pleading shows that for
several reasons there are no contractual duties owed by
Defendant Gomez to Red Door Salons and therefore no
possible breach of duty to Red Door Salons.

   The "2005 Letter," attached as Exhibit B, is not signed
by Erwin Gomez, nor is it dated.  It is written on Red Door
Spas / Elizabeth Arden letterhead and identifies "Red Door
Spas" as Erwin Gomez's employer, as opposed to the

13

Plaintiff, Red Door Salons and it purports to be a proposal or statement of intent as opposed to a contract. The "2005 Letter" specifically states "…we have decided that if we agree you will stay with the company [undefined] in your existing capacity as a make up artist for Red Door Spas, based in our Chevy Chase Red Door, it will be under the following terms and conditions." [emphasis added] See Plaintiff's Amended Complaint, Exhibit "B."

The Plaintiff also inaccurately alleges that Gomez "signed and agreed" to be bound to the terms of the "2005 Letter." See id. at ¶ 48. This allegation is simply wrong and contradicted by Exhibit "B" to the Plaintiff's Complaint. The letter is not signed by Gomez. Indeed, it has no signature block for him to sign, as logically would be the case with a proposal.

Again, it is understandable why Plaintiff would plead to attempt to obscure the issue of standing. Absent some effort to divert attention from the fact that Red Door Salons is not a party to either alleged contract, it is "beyond doubt" that the Plaintiff has any possible claim based on the "2005 Letter." As the Plaintiff surely knows, no contract exists without the "manifestation of assent to the exchange and a consideration." See Restatement 2d Contacts, § 17; see also Russell v. District of Columbia,

14

747 F.Supp. 72, 80 (D.D.C. 1990). Other than the
unratified proposal in the "2005 Letter," Plaintiff does
not plead any other facts that might, if accepted as true,
establish a contract to which there is privity between the
parties.  It does not plead the existence of an oral
agreement or other meeting of the minds between the
parties, relying solely upon Gomez having "signed and
agreed" to the letter of July 8, 2005. See Plaintiff's
Amended Compliant, ¶ 48.

In view of Exhibit B's clear refutation of this
assertion, it is clear that no contract was formed on the
facts as pleaded.  Further, Red Door Salons cannot be
allowed not to recast the "2005 Letter" claim.

The "2005 Letter" is undated, and even if the letter
constituted a contract no privity of contract exists by
virtue of the aforementioned letter as the letter binds
"Red Door Spass / Elizabeth Arden.  As such, no standing
exists, requiring this Court to dismiss Count I of the
Plaintiff's Complaint.

Additionally, Plaintiff Red Door Salons lack standing
to pursue claims set for in Count II and Count VII.  In the
letter, plead by Red Door Salons as its averment of the
term of the alleged 2005 Letter Agreement, Red Door Spas
through, Regional Manager Sue Page, states that Red Door

15

Salons is not the owner of any trade secrets or
confidential information in the form of customer lists that
are germane to this litigation.  Red Door Salons
specifically avers includes that "[t]he names and contact
information of Red Door guests remain the sole property and
possession of Red Door Spa Holdings, Inc." See id. at
Exhibit "B."  In Paragraph 1 of the Complaint, Red Door
Salons claims that "Red Door Spass" is its trade name.
However, this does not address the identify of Red Door Spa
Holdings, Inc. which is not a party to this action.
Further, Red Door Salons does not plead a relationship
between the two entities anywhere in its Complaint that
would give it standing to maintain an action related based
on Red Door Spa Holdings, Inc.'s rights.

Yet Red Door Salons still attempts to claim both that
"Defendants have misappropriated Red Door's trade secrets
by acquiring them by improper means and using them without
Red Door's consent" and "Defendants' have misappropriated
Red Door's trade secrets and/or used Red Door's customer
information for their personal benefit and to the detriment
of Red Door [Salons]" See Plaintiff's Amended Complaint, ¶s
87, 54.  The Plaintiff, by its own averment of the terms of
the 2005 Letter Agreement, possesses no trade secrets,
defined by the Complaint on customer lists or Confidential

16

Information as all such information is the "sole property
and possession of Red Door Spa Holdings, Inc." See id. at
Exhibit "B." Without customer lists, the Plaintiff does
not possess a protectible interest that can be remedied by
Counts II or VII. As such, no standing or subject matter
jurisdiction exists, leaving this Court no choice but to
dismiss Counts II and VII under Rule 12(b)(1).

### b) 12(b)(6)

Additionally, Count VIII of the Plaintiff's Compliant,
Red Door Salons alleges that Defendant Gomez breached the
implied covenant of good faith and fair dealing. The
Complaint states that "the agreement between Red Door and
Defendant Gomez contained implied covenants of good faith
and fair dealing which imposed upon Gomez a duty to act in
good faith and to deal fairly with Red Door at all times,
and to refrain from undertaking actions designed to deprive
Red Door of the benefits of its respective bargains with
him." See Plaintiff's Amended Complaint at ¶ 92.

The Complaint fails to identify to which of the two
agreement it is referring; the January 28, 1998 contract
between Gomez and Elizabeth Arden Salons, Inc. or the "2005
Letter." However, the above analysis shows that, no
contract exists based the unsigned "2005 Letter" and Red

17

Door Salons is not in privity to any alleged contract with Mr. Gomez.

Under District of Columbia law, no implied covenant of good faith and fair dealing exists in the absence of a contract between the parties. See e.g. Hais v. Smith, 547 A.2d 986, 987 (D.C. 1988). As asserted above, no contract ever existed between the Plaintiff, Red Door Salons, and Defendant Erwin Gomez. Absent the existence of such a contract, Erwin Gomez owed no duty to Red Door Salons and the Plaintiff has no standing to bring an action for a breach of the implied covenant of good faith and fair dealing. As such, Count VIII must be dismissed under Rule 12(b)(1).

Additionally, without the existence of a valid and binding contract, Red Door has failed to state a claim under either Count I or Court VIII for which this Court can grant relief. Theories of breach of contract and breach of the covenant of good faith and fair dealing are both predicated upon the existence of a valid and binding contract. See Hais, 547 A.2d at 987. The Plaintiff, as mentioned above, does not plead the existence of any valid and binding contract. As a matter of law, dismissal of Counts I and VIII of the Plaintiff's Complaint is proper.

5.    **CONCLUSION**

For the foregoing reasons, Counts I, II, VII and VIII of the Plaintiff's Complaint should be dismissed.


Dated:      June 23, 2006

                              Respectfully submitted,

                              SHAFFER, BOCK & ANTONOPLOS, PLLC

                              /s/ Mark L. Shaffer
                              Mark L. Shaffer, D.C. Bar No.
                                  346940
                              1211 Connecticut Avenue, NW
                              Suite 400
                              Washington, D.C. 20036
                              202.223.3210

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the Memorandum of Points and Authorities in Support of Plaintiff Gomez's Motion to Dismiss to be served electronic service, on this 23rd day of June, 2006 on:

Stephanie J. Quincy
Robert Vaught
1850 North Central Avenue, Suite 500
Phoenix, AZ 85004

Joel L. Green
1700 Pennsylvania Avenue NW
Suite 500
Washington, D.C. 20006

s/ Mark L. Shaffer
Mark L. Shaffer
Shaffer, Bock &
Antonoplos, PLLC
1211 Connecticut Avenue,
N.W.
Suite 400
Washington, D.C. 20036
Tel: (202) 223-3210
Fax: (202) 223-3211

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Red Door Salons Inc.,                        )
                                             )
                    Plaintiff,               )     CA No. 1:06CV00286 (GK)
                                             )
            v.                               )
                                             )
Erwin Gomez, an individual                   )
James Packard-Gomez, an individual           )
GoPac Industries Inc. d/b/a Erwin Gomez      )
Salon and Spa, a Maryland Corporation        )
                                             )
                    Defendants               )
                                             )

## ORDER

Upon consideration of the Defendants' Motion Dismiss Counts I, II, VII, and VIII of the Amended Complaint, any opposition filed thereof, it is hereby on this _____ day of _____, 2006 by the United States District Court for the District of Columbia:


ORDERED that the Defendants' Motion to Dismiss is hereby granted; AND

ORDERED that Counts I, II, VII, and VIII of the Plaintiff's Amended Complaint be dismissed.


_____
Judge

1

United States District
Court For the District
of Columbia

Copies to:

Mark L. Shaffer
1211 Connecticut Avenue, NW
Suite 400
Washington, D.C. 20036

Stephanie J. Quincy
Robert Vaught
1850 North Central Avenue, Suite 500
Phoenix, AZ 85004

Joel L. Green
1700 Pennsylvania Avenue NW
Suite 500
Washington, D.C. 20006