UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Red Door Salons Inc., <br><br> Plaintiff, <br><br> v. <br><br> Erwin Gomez, an individual, <br> James Packard-Gomez, an individual, <br> GoPac Industries Inc. d/b/a Erwin Gomez <br> Salon and Spa, a Maryland Corporation, <br><br> Defendants. | Civil Action No. 1:06CV00286(GK) |

## JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER

Plaintiff Red Door Salons, Inc., and Defendants Erwin Gomez, James Packard-Gomez, and GoPac Industries Inc., d/b/a Erwin Gomez Salon and Spa, hereby stipulate and agree to the entry of the Protective Order attached hereto as Exhibit A.

DATED this 27th day of June 2006.

SHERMAN & HOWARD, LLC

By _____
Stephanie J. Quincy, Esq. (Admitted Pro Hac Vice)
Robert G. Vaught, Esq. (Admitted Pro Hac Vice)
1850 North Central Ave., Suite 500
Phoenix, Arizona 85004
Telephone: (602) 636-2008
squincy@sah.com

Joel L. Green, Esq. (192682)
Jennings, Strouss & Salmon, P.L.C.
1700 Pennsylvania Ave., N.W., Suite 500
Washington, D.C. 20006
Telephone: (202) 371-9889

Attorneys for Plaintiff

SHAFFER, BOCK & ANTONOPLOS, PLLC

By *[signature]* / with permission from

Mark Shaffer, Esq.
Josh Stubbins, Esq.
Shaffer, Bock & Antonoplos, PLLC
1211 Connecticut Avenue, N.W., Suite 400
Washington, D.C. 20036

Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 27 day of June, 2006, I electronically transmitted the foregoing to the Clerk's office using the CM/ECF System for filing. Copies of the foregoing have been sent this date using the CM/ECF System to the following:

Mark L. Shaffer, Esq.
SHAFFER, BOCK, & ANTONOPLOS
1211 Connecticut Ave., Suite 400
Washington, D.C. 20036

Attorneys for Defendants

# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Red Door Salons Inc., ) | |
| ) | |
| Plaintiff, ) | CA No. 1:06CV00286 (GK) |
| ) | |
| v. ) | |
| ) | |
| Erwin Gomez, an individual ) | |
| James Packard-Gomez, an individual ) | |
| GoPac Industries Inc. d/b/a Erwin Gomez ) | |
| Salon and Spa, a Maryland Corporation ) | |
| ) | |
| Defendants. ) | |

## STIPULATED PROTECTIVE ORDER

In the adjudication of the above referenced matter, the parties claim that it is likely that certain information may necessarily be disclosed orally or in writing during this action which is proprietary, confidential, or otherwise protectable. To address these concerns:

**IT IS ORDERED**, that protected information, provided formally or informally during the course of this action, shall be disclosed by the parties only as follows:

1.  "Protected information" as used herein means information, the protection of which is necessary to safeguard the proprietary or confidential interests of the parties and entities in which they participate or hold equity interest contained in any document (including any pleading, motion, brief, notice, or discovery request or response) produced, filed, or served by any party to this litigation that is designated as protected by a party and any deposition, testimony, or transcript thereof, or any affidavit taken or provided during this litigation that is designated as protected by a party (See ¶3).

2. Protected information shall be used by parties solely for the purposes of this litigation and shall not be given, shown, made available, discussed, or otherwise communicated in any form to any person or entities except as provided herein:

(a) Protected information shall not be disclosed to the parties, their officers, agents, directors, shareholders, employees or consultants, any other associated entity except to the extent that such disclosure cannot reasonably be prevented at the time of trial;

(b) Prior to trial, disclosure shall be made only to litigation counsel for a party and independent consultants and experts retained to assist litigation counsel in connection with this litigation;

(c) To be granted access to protected information, any authorized litigation counsel shall first execute a copy of the Application for Access to Materials Under Protective Order by Inside or Outside Counsel (Exhibit A-1) and , any consultant or expert, shall first execute a copy of the Application for Access to Materials Under Protective Order by a Consultant or Expert (Exhibit A-2). Litigation counsel shall maintain a log of all confidential information and documents disclosed to consultants including the date(s) of disclosure and persons to which information has been disclosed. Said confidential information log shall be disclosed to a party only upon issuance of a Court Order in the event that the Court determines that there is reasonable cause to believe that an unauthorized disclosure as occurred

(d) Paralegal, clerical and administrative support personnel assisting any litigation counsel who has been admitted under this Order may be given access to protected information if such personnel have first been informed by such counsel of the

obligations imposed by this Order. Litigation counsel shall maintain a list of all such persons to which confidential information was disclosed only to be released upon Court Order in the event that the Court determines that there is reasonable cause to believe that an unauthorized disclosure has occurred.

3. Protected information of any kind may be provided only to the Court and to individuals authorized by this Protective Order, and must be in a sealed parcel containing the label "PROTECTED MATERIAL ENCLOSED" conspicuously placed on the outside of the parcel containing the protected information.

(a) Each page of each document containing protected material is to be clearly marked as "CONFIDENTIAL". If any document is marked "CONFIDENTIAL", it will be assumed that the entire contents of the document constitute protected information. If the entire document does not constitute protected information, the disclosing party must clearly identify the protected information by bracketing the specific portion of the material for which it is claiming protection.

(b) Any courtesy copies of protected materials that are filed with the Court for use by the judge should be marked as such and transmitted in conformity with this paragraph;

(c) The Court will maintain properly marked protected pleadings or materials under seal.

4. Counsel shall endeavor to avoid the use of confidential information in any oral proceedings before this Court, including oral argument. If counsel finds it necessary to refer to protected information in any such oral proceeding, counsel shall notify the Court and all other counsel of record prior to disclosure as soon as such necessity

becomes apparent and shall propose whatever mechanism(s) may be available and appropriate to prevent disclosure of the protected information to persons other than those authorized by this Order. Until the Court resolves the matter, the disputed information shall be treated as protected.

5. Any party may at any time object to another party's designation of particular information as protected. If the parties are unable to resolve the matter by agreement, counsel for the objecting party may submit the matter to the Court for resolution. Until the Court resolves the matter, the disputed information shall be treated as protected.

6. Each person covered by this Order shall take all necessary precautions to prevent disclosure of protected information, including but not limited to, physically securing, safeguarding, and restricting access to the protected information. The confidentiality of protected information obtained or learned pursuant to this Order shall be maintained in perpetuity.

7. Within thirty (30) days after the conclusion of this action (including any and all appeals and remands), counsel for each party shall (i) destroy all protected information and documents, including that which was or had been disclosed to litigation experts and consultants, and certify in writing to all parties and the Court that such destruction has occurred and/or (ii) return the protected information and documents to the parties from which the information was received and certify in writing to all parties and the Court that all protected information and documents have been returned. Provided the documents are marked "PROTECTED" and are properly secured, counsel for each party may retain one copy of the unredacted pleadings.

8. Any party whose information has been designated as protected information may at any time waive the protection of this Order with respect to any or all such information by so advising counsel for all parties in writing, identifying with specificity the information to which this Order shall no longer apply.

9. Nothing contained in this Order shall preclude a party from seeking relief for violation OF this Order through the filing of an appropriate motion with the Court that sets forth the basis for the relief sought.

10. If a party determines subsequent to disclosure that a previously produced document inadvertently was not identified as containing protected information, the producing party shall give notice in writing that the document is to be treated as proprietary, and thereafter the designated document shall be treated as such in accordance with this Order.

11. Counsel for the parties shall promptly report any breach of the provisions of this Order to all counsel and the court. Upon discovery of any breach, plaintiff's or defendants' attorneys shall immediately; (a) take appropriate action to cure the violation, (b) retrieve any protected information that may have been disclosed to persons not covered by this Order; and (c) create a list of all reasons why the protected information was disclosed including the dates and circumstances of such disclosure and present the same to all counsel and the Court. The parties shall reasonably cooperate in determining the reasons for any such breach.

ENTERED this _____ day of _____, 2006.

_____
Gladys Kessler
United States District Court Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

Red Door Salons Inc., )
)
                Plaintiff, ) CA No. 1:06CV00286 (GK)
)
       v. )
)
Erwin Gomez, an individual )
James Packard-Gomez, an individual )
GoPac Industries Inc. d/b/a Erwin Gomez )
Salon and Spa, a Maryland Corporation )
)
                Defendants. )
)

---

### EXHIBIT "A-1"

### APPLICATION FOR ACCESS TO MATERIAL UNDER PROTECTIVE ORDER BY OUTSIDE OR INSIDE COUNSEL

    1.    I, _____, hereby apply for access to protected materials covered by the Protective Order issued in connection with this proceeding.

    2.    a. [outside counsel only]  I am an attorney with the law firm of _____, and have been retained to represent _____, a party to this proceeding.

              b. [inside counsel only] I am in-house counsel for _____, a party to this proceeding.  My title is_____.

    3.    I am____/am not ____ a member of the bar of the United States District Court for the District of Columbia (the "Court").

4.  My professional relationship with the party I represent in this proceeding and its personnel is strictly one of legal counsel.

5.  [outside counsel only] I identify here (by writing "none" or listing names and relevant circumstances) those attorneys in my firm who, to the best of my knowledge, cannot make the representations set for the in the preceding paragraph:

_____

_____

_____

6.  Identify here (by writing "none" or identifying the name of the forum, case number, date, and circumstances) instances in which I have been denied admission to a Protective Order, had admission revoked or been found to have violated a Protective Order issued by any administrative or judicial tribunal:

_____

_____

_____

7.  I have read the Protective Order issued by the Court in this proceeding. I will comply in all respects with that Order and will abide by its terms and conditions in handling any protected information produced in connection with the proceeding.

8.  I acknowledge that a violation of the terms of the Protective Order may result in the imposition of such sanctions as may be deemed appropriate by the Court and in possible civil and criminal liability.

By my signature, I certify that, to the best of my knowledge, the representations set forth above (including any attached statements) are true and correct.

_____        _____
Signature                                                    Date Executed

_____
Name and Title

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
Red Door Salons Inc.,            )
                                 )
                 Plaintiff,      )   CA No. 1:06CV00286 (GK)
                                 )
         v.                      )
                                 )
Erwin Gomez, an individual       )
James Packard-Gomez, an individual )
GoPac Industries Inc. d/b/a Erwin Gomez )
Salon and Spa, a Maryland Corporation )
                                 )
                 Defendants.     )
_____)

EXHIBIT "A-2"

APPLICATION FOR ACCESS TO MATERIAL UNDER
PROTECTIVE ORDER BY OUTSIDE EXPERT OR CONSULTANT

1. I, the undersigned, am a(n) _____ with

_____ and hereby apply for access to protected materials

covered by the protective order issued in connection with this proceeding.

2. I have been retained by _____ and will, under the

direction and control of _____, assist in the representation of

_____ in this proceeding.

3. I have read a copy of the Protective Order issued by the Court in this

proceeding. I will comply in all respects with all terms and conditions of that Order in

handling any protected information produced in connection with the proceeding. I will

not disclose any protected information to any individual who has not been admitted under the Protective Order by the Court.

4. I acknowledge that a violation of the terms of the Protective Order may result in the imposition of such sanctions as may be deemed appropriate by the Court and in possible civil and criminal liability.

By my signature, I certify that, to the best of my knowledge, the representations set forth above (including the attached statements) are true and correct.


_____          _____
Signature                                Date Executed


_____
Name and Title