UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Red Door Salons Inc., )
 )
                Plaintiff, )
v. )
 ) Civil Action No. 1:06CV00286 (GK)
Erwin Gomez, an individual, )
James Packard-Gomez, an individual, )
GoPac Industries Inc. d/b/a Erwin Gomez )
Salon and Spa, a Maryland Corporation, ) Next Scheduled Court Deadline:
 ) August 1, 2006 – Status Conference
                Defendants. )
 )
 )

## PLAINTIFF'S RESPONSE TO DEFENDANT JAMES PACKARD-GOMEZ'S MOTION TO DISMISS IN PART

Plaintiff Red Door Salons, Inc. (hereinafter, "Red Door") hereby submits its Memorandum of Points and Authorities in opposition to Defendants GoPac Industries, Inc., Erwin Gomez and James Packard Gomez's Motion to Dismiss in Part Counts I and VIII of the Amended Complaint (hereinafter "Defendants' Motion").[1]

Defendants' Motion is based on the incorrect assumption that Red Door has not alleged, and will not be able to prove throughout discovery, that it had a contractual relationship with Defendant Erwin Gomez ("Gomez"), or had an interest in the confidential information that Defendants misappropriated. However, Plaintiff has pled more than sufficient facts to sustain each cause of action in its Amended Complaint. In addition, the parties should be permitted to conduct further discovery, which will explain and clarify the relationship between the various corporate entities identified in the relevant documents.

---

[1] Although their Motion is captioned as one to dismiss only Counts I and VIII of Red Door's Amended Complaint, Defendants are also asking the Court to dismiss Counts II and VII. Red Door will address each of these Counts in its Memorandum.

I.   **FACTUAL BACKGROUND.**

Red Door hired Gomez in 1994 as a makeup artist. As a condition of his employment, Gomez signed a Confidentiality and Non-Competition Agreement. *See* Compl. at Ex. A. Under the terms of the Agreement, Gomez promised that for a period of four months after the termination of his employment, he would not render any services ordinarily provided by Red Door salons within three miles of Red Door. Gomez also promised that for a period of six months after termination of his employment, he would not solicit any Red Door employee to work in any business in competition with Red Door. Gomez agreed to not disclose any of Red Door's confidential customer information, and promised that upon his termination he would immediately return all of Red Door's confidential information.

In the summer of 2005, Gomez informed Red Door that he intended to open his own salon outside of the restricted area and after his other covenants had expired. Red Door continued to employ Gomez in exchange for his express agreement: 1) not to solicit or petition Red Door customers, at any time, relative to his new venture; 2) not to solicit or petition anyone employed at any Red Door location; and 3) not to take any of Red Door's confidential customer contact information.[2] *See* letter from Sue Page to Erwin Gomez, attached as Exhibit B to Plaintiff's Complaint (hereinafter, the "Letter Agreement.").

The Letter Agreement is printed on "Red Door Spas" letterhead, and expressly states that Gomez "will remain with the company in [his] existing [capacity] as Makeup Artist for <u>Red Door Spas</u>, based out of Chevy Chase Red Door, it will be under the following terms and

---

[2] The terms in the Letter Agreement are largely duplicative of the terms in the Confidentiality and Non-Competition Agreement. The Confidentiality and Non-Competition Agreement does not contain an express provision prohibiting Gomez from soliciting Red Door's customers. However, Gomez expressly accepted the terms of the Letter Agreement by continuing to remain employed by Red Door until his final departure.

2

conditions." (emphasis added). Gomez accepted the terms of the Letter Agreement by continuing to work at Red Door until his final departure in October of 2005.

However, unknown to Plaintiff until recently, prior to his departure, Gomez took steps to create the Erwin Gomez Salon, which is a company that directly competes with Red Door. Within six months of Gomez's departure, Defendants hired several Red Door employees to work at the Erwin Gomez Salon, all of whom had access to Red Door's confidential customer information. Gomez also usurped for himself business opportunities belonging to Red Door.

Approximately two months after Gomez's departure, Red Door customers expressed concern about the fact that they had been contacted by Defendants, and were asked to schedule appointments at the Erwin Gomez Salon. These customers worried that Red Door had "sold" their contact information. Red Door assured its customers that it had not disclosed their contact information, and suspected that the Defendants had misappropriated proprietary information. Red Door investigated the matter and, based on the information known to date, it appears that the Defendants have at a minimum solicited Red Door's employees and used confidential information to contact and solicit Red Door's customers.

## II.  **DEFENDANTS' MOTION IS PREMATURE AND SHOULD BE DENIED.**

Red Door's Amended Complaint need only set forth "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Bowhead Info. Tech. Servs., Inc. v. Catapult Tech., Ltd.*, 377 F. Supp. 2d 166, 170 (D.D.C. 2005) (internal citations omitted). "Such simplified 'notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to determine more narrowly the disputed facts and issues." *Raymen v. United Senior Ass'n, Inc.*, 409 F. Supp. 2d

3

15, 20 (D.D.C. 2006) (internal citations omitted). Given this simplified standard for pleading, "a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Bowhead,* 377 F. Supp. 2d at 170.

In reviewing Defendants' Motion, this Court "must construe the allegations and facts in the complaint in light most favorable to the plaintiff and must grant the plaintiff the benefit of all inferences that can be derived from the alleged facts." *Raymen,* 409 F. Supp. 2d at 20. A motion to dismiss under Fed. R. Civ. P. 12(b)(6) "tests not whether a plaintiff will ultimately prevail on the merits, but only whether the plaintiff has properly stated a claim for which he is entitled to relief." *Pate v. United States,* 277 F. Supp. 2d. 1, 4 (D.D.C. 2003) (emphasis supplied).

### III. RED DOOR HAS PLEAD SUFFICIENT FACTS TO SUSTAIN EACH OF ITS CLAIMS.

#### A. Red Door Has Plead Sufficient Facts to Sustain its Breach of Contract Claim.

Defendants ask the Court to dismiss Red Door's breach of contract claim because: 1) "Red Door Salons, Inc.," is not identified on the face of Gomez's January 21, 1998 contract; and 2) Gomez did not sign the Letter Agreement. *See* Compl. at Exhibits A, B. However, at this early stage of litigation, Red Door has alleged sufficient facts to sustain its breach of contract claim against Gomez.

##### 1. The January 21, 1998 contract.

Defendants do not deny that Gomez signed the January 21, 1998 contract, do not dispute that Gomez was bound by the terms of the contract, and do not dispute the reasonableness or enforceability of its terms. Although the January 21, 1998 contract does identify "Elizabeth Arden Salons, Inc.," as "the Company," this is not a sufficient basis to dismiss Red Door's entire breach of contract claim. Fact discovery, including documents and witnesses disclosed by Red

Door, will explain the relationship between the various Red Door entities, and will demonstrate beyond any doubt that Red Door Salons, Inc., is the proper Plaintiff and has standing to pursue the breach of contract claim.

Defendants' reliance on *Barrett Computer Servs., Inc. v. PDA, Inc.*, 884 F.2d 214 (5th Cir. 1989), is unavailing. *Barrett* does not stand for the proposition that the Court should grant Defendants' Motion before the parties have conducted meaningful discovery on the issue of standing. In *Barrett*, defendants filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56, alleging that plaintiff lacked standing to bring its claims. *Id.* at 215. The trial court granted defendant's motion for summary judgment because "after an opportunity for discovery, [plaintiff] did not present adequate evidence to create a genuine issue of material fact about whether it possessed the privity of contract necessary for standing." *Id.* (emphasis supplied).

Although the court recognized that the issue of standing is, "by and large, a 'preliminary matter,'" it noted that the plaintiff was only required "at the summary judgment stage, to bring forth sufficient evidence of the essential elements on which it bears the burden of proof." *Id.* at 218 (emphasis supplied). The court emphasized:

> [I]f the plaintiffs' allegations of standing were in fact untrue, then the [defendants] should have moved for summary judgement on the standing issue and demonstrated to the District Court that the allegations were sham and raised no genuine issue of fact. If the defendant fails to make such a showing after the plaintiff offers evidence to support the allegations the case proceeds to trial on the merits, where the plaintiff must prove the allegations in order to prevail. But the Constitution does not require that the plaintiff offer this proof as a threshold matter in order to invoke the District Court's jurisdiction.

*Id.* at 219-20. (internal citations omitted) (emphasis added).[3]  Red Door has alleged sufficient facts to support its breach of contract claim.  At this stage of litigation, the Court should deny Defendants' Motion and permit the parties to conduct further discovery on the issue of standing.

        2.      <u>The Letter Agreement</u>.

It is significant that "'Red Door Spas' is a trade name for 'Red Door Salons, Inc.'" Compl. at ¶1.  The Letter Agreement is printed on "Red Door Spas" letterhead, and expressly states that if Gomez "will remain with the company in [his] existing [capacity] as Makeup Artist for <u>Red Door Spas</u>, based out of Chevy Chase Red Door, it will be under the following terms and conditions." (emphasis added).  These allegations alone are sufficient to demonstrate that Red Door has standing to pursue its breach of contract claim against Gomez.

In addition, although Gomez did not sign the Letter Agreement, he expressly agreed to all of its terms by remaining employed at Red Door until his final departure on October 28, 2005. *See e.g., Northland Capital Corp., v. Silver*, 735 F.2d 1421, (D.C. Cir. 1984) (noting that "a person who knows the terms of an agreement proposed by another party, and who subsequently accepts performance by that party, cannot avoid his contractual obligations by claiming there was no 'meeting of the minds.'"); *see also Puma v. Sullivan*, 746 A.2d 871, 875 (D.C. 2000) (noting:  "[I]t is well-settled that a written contract may be modified or rescinded by a subsequent oral agreement, even where the contract contains express language prohibiting oral modification.").  This is an additional, independent basis on which the Court should deny Defendants' Motion.

---

[3] The *Barrett* court did note that "in a case in which considerations of standing can be severed from a resolution on the merits, a preliminary hearing – to resolve disputed factual issues determining standing – is an appropriate course. Such a hearing could result from a motion to dismiss for lack of subject matter jurisdiction." *Id*. at 220.  However, Defendants have not alleged, and the facts do not suggest, that the standing issues raised by Defendants can be "severed" from a resolution on the merits.  But even if these issues could be "severed," Red Door would still be entitled to conduct relevant discovery and participate in an evidentiary hearing on the issue before the Court rules on Defendants' Motion.  *See id.*

**B.      Red Door Has Plead Sufficient Facts to Sustain its Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing.**

Defendants do not dispute that all contracts contain an implied duty of good faith and fair dealing, which means that "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Paul v. Howard Univ.*, 754 A.2d 297, 310 (D.C. App. 2000) (internal citations omitted). "If a party to the contract evades the spirit of the contract, willfully renders imperfect performance, or interferes with performance by the other party, he or she may be liable for breach of the implied covenant of good faith and fair dealing." *Id*.

The only basis for Defendants' request to dismiss Red Door's claim for breach of the implied covenant of good faith and fair dealing is their incorrect assumption that Red Door never entered into a contractual agreement with Gomez. However, as set forth above, Gomez signed a Confidentiality and Non-Competition Agreement promising, in part, not to solicit any Red Door employees and not to disclose Red Door's confidential customer information. *See* Compl. at Ex. A. Gomez also agreed not to solicit Red Door guests in connection with his new salon. *See* Compl. at Ex. B. As Red Door has plead sufficient facts demonstrating that Gomez was bound by those contractual agreements, Red Door may pursue its claim for breach of the implied covenant of good faith and fair dealing.

**C.      Red Door Has Plead Sufficient Facts to Sustain its Misappropriation Claim.**

The only basis for Defendants' request to dismiss Red Door's misappropriation claim is the fact that the Letter Agreement contains the following sentence: "The names and contact information of Red Door guests remain the sole property and possession of Red Door Spa Holdings, Inc." *See* Compl. at Ex. B. That single allegations is not sufficient reason to grant Defendants' Motion to Dismiss.

7

Plaintiff has alleged sufficient facts to sustain its misappropriation claim. Specifically, Plaintiff has alleged that Defendants acquired <u>Red Door's</u> confidential, trade secret information even though they had a duty to maintain the secrecy of the information. Red Door also alleges that the Defendants used that information to solicit Red Door's customers and compete unfairly with it in the marketplace, thereby causing damage. *See* Compl. at ¶¶ 8-14; 54-61; *see also Catalyst & Chemical Servs., Inc. v. Global Ground Support*, 350 F. Supp. 2d 1, 8 (D.D.C. 2004) (setting forth elements of misappropriation of trade secret claim); *Ruesch v. Ruesch International Monetary Services, Inc.*, 479 A.2d 295, 296-97 (D.C. App. 1984) (noting that customer lists can be entitled to trade secret protection.").

The fact that "Red Door Spa Holdings, Inc.," is mentioned in the Letter Agreement is not sufficient grounds to dismiss Red Door's misappropriation claim. As previously noted, Red Door has disclosed documents and witnesses to explain the relationship between Red Door Salons, Inc., and Red Door Spa Holdings, Inc., and will demonstrate beyond any doubt that Red Door Salons, Inc. is the appropriate Plaintiff. The Court should deny Defendants' Motion and permit the parties to conduct and that discovery.

### D. <u>Red Door Has Plead Sufficient Facts to Sustain its Unfair Competition Claim.</u>

The only basis for Defendants' request to dismiss Plaintiff's unfair competition claim is the fact that the Letter Agreement states: "The names and contact information of Red Door guests remain the sole property and possession of Red Door Spa Holdings, Inc." *See* Compl. at Ex. B. That single allegation is not sufficient reason to grant Defendants' Motion to Dismiss.

Unfair competition is not defined in terms of specific elements, but instead by the description of various acts that would constitute the tort if they resulted in damage. *See Business Equipment Center, Ltd. v. DeJur-Amsco Corp.*, 465 F. Supp. 755, 788 (D.D.C. 1978). Red Door

has plead sufficient facts to sustain its unfair competition claim. Specifically, Red Door has alleged that Defendants' misappropriated Red Door's confidential, trade secret information to their personal benefit and to the detriment of Red Door. *See* Compl. at ¶ 87-90. As noted above, Red Door has pled sufficient facts to support its claims for misappropriation and breach of contract claims and, therefore, should be permitted to conduct further discovery on its unfair competition claim.

## IV.    CONCLUSION.

Red Door has pled sufficient facts to sustain each cause of action in its Amended Complaint. In addition, the parties should be permitted to conduct further discovery on the standing issues raised in Defendants' Motion. For the foregoing reasons, Red Door respectfully asks the Court to deny Defendants' Motion.

DATED this 10th day of July, 2006.

SHERMAN & HOWARD, LLC

By _[signature]_
Stephanie J. Quincy, Esq. (Admitted Pro Hac Vice)
Robert G. Vaught, Esq. (Admitted Pro Hac Vice)
1850 North Central Ave., Suite 500
Phoenix, Arizona 85004
Telephone: (602) 636-2008
squincy@sah.com

Joel L. Green, Esq. (192682)
Jennings, Strouss & Salmon, P.L.C.
1700 Pennsylvania Ave., N.W., Suite 500
Washington, D.C. 20006
Telephone: (202) 371-9889

Attorneys for Plaintiff Red Door Salons, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of July, 2006, I electronically transmitted the foregoing to the Clerk's office using the CM/ECF System for filing, and served a copy electronically generated by the CM/ECF System to the following:

Mark L. Shaffer, Esq.
SHAFFER, BOCK, & ANTONOPLOS
1211 Connecticut Ave., Suite 400
Washington, D.C. 20036

Attorneys for Defendants