UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Red Door Salons Inc., | ) |
| Plaintiff, | ) CA No. 1:06CV00286 (GK) |
| v. | ) |
| Erwin Gomez, an individual<br>James Packard-Gomez, an individual<br>GoPac Industries Inc. d/b/a Erwin Gomez<br>Salon and Spa, a Maryland Corporation | ) |
| Defendants | ) |

**DEFENDANTS' JOINT REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS GOPAC INDUSTRIES, INC., ERWIN GOMEZ, AND JAMES PACKARD GOMEZ'S MOTION TO DISMISS <u>COUNTS I, II, VII AND VIII OF THE AMENDED COMPLAINT</u>**

Defendants Erwin Gomez ("Gomez"), James Packard-Gomez ("Packard-Gomez") and GoPac Industries, Inc. d/b/a/ Erwin Gomez Salon and Spa ("GoPac") hereby submit their joint reply to Plaintiff Red Door Salons, Inc.'s ("Red Door Salons") Response to Defendants' Motion to Dismiss Counts I, II, VII, and VIII of the Amended Complaint. Plaintiff's Opposition fails to present any justification for denial of the Defendants' Motion to Dismiss based upon applicable Rule or case law precedent.

<u>First</u>, the Plaintiff is not the proper party to assert claims for breach of contract, breach of the implied

1

covenant of good faith and fair dealing, misappropriation of trade secrets and unfair competition based upon the alleged Gomez contracts. The Plaintiff has not pled the necessary facts to establish privity of contract between Defendant Gomez and itself. Indeed, Plaintiff pleads facts that conclusively show that it is not a party with standing to enforce the alleged contracts with Mr. Gomez. Plaintiff provides no facts plead in the Amended Complaint and no facts in its narrative statement of its claim to support this assertion. Further, the Plaintiff asserts that it will be able to demonstrate standing after full discovery, despite the fact that it is the primary custodian of all information regarding its entity and transactions. The Plaintiff provides no explanation to why it refused to plead facts showing privity of contract with Gomez in the Amended Complaint.

Plaintiff does not make a single reference to its averments in its Amended Complaint. Rather it argues by presenting as facts its case theory, without providing a clue as to the basis of its standing.

Second, the Plaintiff is incorrect in asserting that Barrett Computer Servs. Inc. v. PDA Inc. 884 F.2d 214 (5th Cir. 1989), stands for the proposition that dismissal for lack of standing cannot occur before the parties are

allowed meaningful discovery. In fact, the court in Barrett specifically stated that "in a case in which considerations of standing can be severed from a resolution of the merits, a preliminary hearing - to resolve disputed factual issues determining standing - is an appropriate course." Barrett, 884 F.2d at 220. The issues posed by Plaintiff's failure to exhibit privity of contract bear no relation to any substantive determinations of the merits of the case, nor does the Plaintiff argue or plead such relatedness. At the very least, Barrett stands for the proposition that the standing issue should be dealt with in an evidentiary hearing before any other substantive matters are determined.

Third, the Plaintiff's Amended Complaint incorporates as exhibits two documents which irrefutably show that: (a) Plaintiff is not in privity of contract with Gomez based on any contract or alleged contract pled; and (b) the alleged July 8, 2005 contract is not a signed contract as averred in Paragraph 48 of the Amended Complaint but rather a conditional statement of position or at most, a proposal.

The Plaintiff provides at least three different accounts of contractual liability on the part of Erwin Gomez, and fails to reconcile these averments or even, at minimum, seek to amend its Complaint. Absent a coherent

description of the contractual duty on behalf of Defendant Gomez, the Plaintiff has not pled a *prima facie* case of Defendant Gomez's contractual duties owed to the Plaintiff.

1. <u>**The Plaintiff fails to plead privity of contract, and thus standing and subject matter jurisdiction, between Defendant Erwin Gomez and Plaintiff Red Door Salons, Inc.**</u>

Evidence of standing is a requirement of any well-pled case in United States courts. Even in view of the relaxed "notice pleading" requirement under Rule 8(a), a Plaintiff must establish that a "case or controversy" exists for which the Court may provide meaningful relief to the proper party. In breach of contract cases, this means that the Plaintiff must assert that they are in privity of contract with at least one of the Defendants. Red Door Salons has failed to meet this persuasive burden.

Rather, the Plaintiff attempts to persuade this Court to deny the Defendants' Motion to Dismiss and allow it to prove standing through discovery. Plaintiff provides no basis for the Court to conclude that it can do so. It states, "[f]act discovery, including documents and witnesses disclosed by Red Door, will explain the relationship between the various Red Door entities, and will demonstrate beyond any doubt that Red Door Salons,

4

Inc. [sic] is the proper Plaintiff and has standing to pursue the breach of contract claim." See Plaintiff's Response to James Packard-Gomez's Motion to Dismiss, pg. 5.[1] Yet the Plaintiff neither referes to facts pled nor provides any explanation to show why it did not properly plead privity of contract, and thus standing, in its Amended Complaint if it possessed "documents and witnesses" by which to prove such standing.

A Complaint in the Federal Courts of the United States must plead with particularity all issues of standing in order to invoke the subject matter jurisdiction of the Court. See e.g. Barrett Computer Services, Inc. v. PDA, Inc., 884 F.2d 214, 220 (5th Cir. 1989). The Plaintiff has failed to provide a well-pled Complaint.

The Plaintiff simply pleads by incorporation that a 1998 contract allegedly signed by Erwin Gomez was intended to benefit "Elizabeth Arden Salons, Inc." See Plaintiff Response to Defendant James Packard-Gomez's Motion to Dismiss, pg. 4. The Plaintiff attempts to explain away this discrepancy (Elizabeth Arden Salons, Inc. is not a party to the above-captioned case) by assuring the Court that the inconsistency will eventually be explained. This

---

[1] Although their Motion is captioned as only a response to Defendant James Packard-Gomez's, Plaintiff is also responding to Defendant Gomez and Defendant GoPac's Motions to Dismiss.

5

is a specious argument. Red Door Salons, Inc., by its own admission, is in possession of all information regarding its various corporate relationships. See Plaintiff Response to Defendant James Packard-Gomez's Motion to Dismiss, pg. 5. Yet nowhere in its Amended Complaint does Red Door Salons, Inc. allege <u>any</u> relationship between Elizabeth Arden Salons, Inc. and itself, let alone one that might convey standing. The Amended Complaint was the appropriate vehicle for such explanation. The Plaintiff determined not to provide facts to allege such a relationship and has not sought to amend its complaint to add such facts.

In its opposition "statement of facts", Plaintiff argues that Red Door Salons, Inc. is the owner of confidential trade secrets, namely, a customer list, which it alleges the Defendants misappropriated. However, the Plaintiff again is contradicted by its own factual averment, at Exhibit "B," incorporated by reference. Red Door Salons asserts that the customer list is the "sole property and possession" of still another party, Red Door Spas Holding, Inc. See Plaintiff's Amended Complaint, Ex. "B." In its opposition, the Plaintiff attempts to validate this irrefutable contradiction by arguing that "[t]he fact that 'Red Door Spa Holdings, Inc.' is mentioned in the Letter Agreement is not sufficient grounds to dismiss Red

6

Door's misappropriation claim." See Plaintiff Response to Defendant James Packard-Gomez's Motion to Dismiss, pg. 8. The Plaintiff is correct. The mere "mention" of Red Door Spa Holdings, Inc. is not grounds to dismiss Count VII. The fact that the Plaintiff did not allege any relationship between Red Door Salons, Inc. and Red Door Spa Holdings, Inc., despite a clear assertion that Red Door Salons, Inc. does not own client lists owned by Red Door Spa Holdings, Inc., is sufficient grounds to dismiss the count based on a failure to plead subject matter jurisdiction.

2. **The Plaintiff fails to plead the existence of Erwin Gomez's contractual duties owed to Red Door Salons, Inc.**

The Plaintiff's contractual claims, pled in its Amended Complaint in Counts I and VII, are based entirely upon the existence of two contracts. The first contract is averred to have been signed by Defendant Gomez is 1998.[2] The second contract is averred to have been signed on July 8, 2005, despite the fact that Plaintiff's exhibit shows that it was not signed by Gomez. See Plaintiff's Amended Complaint, ¶ 48, Ex. "B" (exhibiting a letter from Sue Page, a manager of Red Door Salons, Inc. to Erwin Gomez

---

[2] While this contract was signed by Erwin Gomez, it identifies the employing party as "Elizabeth Arden Salons, Inc." See Plaintiff's Amended Complaint, Ex. "B."

7

that is not signed by Erwin Gomez). Further, even if Red Door Salons was a party, this document by its very terms is not a contract, but rather a proposal. See Plaintiff's Amended Complaint, Exhibit "B" ("...we have determined that if we agree you will remain with the company in your existing, as Makeup Artist for Red Door Spas, based out of Chevy Chase Red Door, it will be under the following terms and conditions...")(emphasis added).

Plaintiff again does not ask to amend its Amended Complaint this time to explain the absence of basic contractual elements, but instead continues to contend that Erwin Gomez signed this alleged "agreement" even when its own pleadings allege otherwise. See Plaintiff's Amended Complaint, ¶ 48, Ex. "B."


3. **Conclusion**

For the foregoing reasons, Counts I, II, VII and VIII of the Plaintiff's Complaint should be dismissed.


Dated:     July 19, 2006

                                Respectfully submitted,

                                SHAFFER, BOCK & ANTONOPLOS, PLLC

                                /s/ Mark L. Shaffer
                                Mark L. Shaffer, D.C. Bar No.
                                    346940

1211 Connecticut Avenue, NW
Suite 400
Washington, D.C. 20036
202.223.3210

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a copy of the Memorandum of Points and Authorities in Support of Plaintiff Gomez's Motion to Dismiss to be served electronic service, on this 19th day of July, 2006 on:


Stephanie J. Quincy
Robert Vaught
1850 North Central Avenue, Suite 500
Phoenix, AZ 85004

Joel L. Green
1700 Pennsylvania Avenue NW
Suite 500
Washington, D.C. 20006

 

                                        s/ Mark L. Shaffer
                                        Mark L. Shaffer
Shaffer, Bock & Antonoplos, PLLC
1211 Connecticut Avenue, N.W.
Suite 400
Washington, D.C. 20036
Tel: (202) 223-3210
Fax: (202) 223-3211