UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RED DOOR SALONS, INC.,

    Plaintiff,

       v.

EDWIN GOMEZ, *et al.*,

    Defendants.

Civil Action No. 06-286 (GK/JMF)

**ORDER**

    This case was referred to me for the resolution of discovery disputes.  Although no motion has been filed, its has come to my attention that there is a dispute regarding a request for inspection of property.  Specifically, plaintiff has demanded that defendants produce for inspection their "entire computer hard drive, servers, and any associated loose media, and permit Plaintiff's forensic computer experts to make a forensic copy of the same." <u>Plaintiff's First Request for Inspection</u> at 3.

    A conference call with counsel, held on July 19, 2006, indicates that they dispute plaintiff's entitlement to such an inspection.  To make sure that dispute truly focuses on the problems, I am going to insist the parties undertake certain preliminary obligations.

    The request could have either of two purposes.  One purpose could be to make a copy of the hard drive(s) in order to preserve its contents, ensuring that nothing is deleted or modified.  The Federal Rules of Civil Procedure that will become effective on December 1, 2006 (barring Congressional action) indicate that the preservation of electronic information is a topic that

counsel must discuss as part of their discovery obligations. I will anticipate that rule and acknowledge its wisdom by requiring counsel to discuss whether they can arrive at an agreement that is intended to preserve discoverable electronic information possessed by either party. It may be relatively easy and inexpensive to preserve such an information; backup, commercial software may be all that is required.

If plaintiff's purpose is to seek more than mere preservation and he wants to conduct a forensic computer examination of the hard drive, then I want to know why he believes such an examination is necessary. I may not, however, have to reach that question if plaintiff's only objective is preservation of the electronic information. We shall, therefore, proceed as follows.

In ten days, counsel shall file with the Court either (1) their agreement as to preservation or (2) a praecipe indicating that they cannot agree. If they cannot agree, plaintiff may move for an order requiring the preservation of certain specified electronic information. Defendant may respond thereto within ten days. In the meanwhile, I expect defendant to preserve and not destroy any information that might be subject to such a preservation order, even if it intends to object to any motion for the same. If, in addition, plaintiff wants a forensic analysis of any computer, hard drive, server or other receptacle of electronic information, plaintiff may also move for an order requiring such an examination. Again, defendant will have ten days to respond.

**SO ORDERED.**

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: