UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Red Door Salons Inc., ) | |
| ) | |
| Plaintiff, ) | CA No. 1:06CV00286 (GK) |
| ) | |
| v. ) | |
| ) | |
| Erwin Gomez, et. al. ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' JOINT MOTION FOR THIS COURT'S ORDER COMPELLING
DISCOVERY AND FOR EXPENSES AND SANCTIONS**

Pursuant to FRCivP Rule 37, the defendants, Messrs Gomez-Packard, Parckard-Gomez, and GoPac Industries, Inc. (hereinafter, the "defendants") have filed the instant Motion seeking this Court's issuance of its Order compelling discovery and requiring the plaintiff or its attorney to pay defendants' reasonable expenses incurred in making this motion, including attorney's fees. Plaintiff's most recent misconduct is its failure to make its designations under Rule 30(6) on Tuesday August 22, 2006, as it represented to both Magistrate Judge Facciola and undersigned counsel during the discovery conferences convened by defendants on August 16, 17, and 18th, pursuant to the requirements of the Court's Scheduling Order. On August 18, 2006, Magistrate Judge Facciola advised counsel that the defendants had complied with Paragraph 11 of thee Court's Scheduling Order and were entitled to file the instant Motion.

The Magistrate Judge also advised counsel that if the Plaintiff was changing its mind and now refusing to identify its corporate designees and provide proposed

1

depositions dates on August 22, it should file for a protective order. On August 22, 2006, the plaintiffs neither provided the designees and dates nor filed their motion.

Plaintiff's failure to make its designations, and provide dates for the deposition of employee Chris Fields is essentially a breach of a *quid pro* quo partial agreement reached during discussions with the Magistrate Judge, whereby the Defendants agreed to the Plaintiff's request to reduce the number of deposition that they would conduct before discussing settlement and to conduct the corporate depositions and the deposition of Ms. Chris Fields in Phoenix, New York and Stamford, the principle places of business of the corporations to be deposes. In exchange, the defendants agreed to identify its corporate designees and provide dates for the deposition of the plaintiff, affiliated corporations, and employee Chris Fields by August 22, 2006. Defense counsel reminded plaintiff's counsel of their commitment to provide the information by August 22 in a letter delivered to plaintiff's counsel on August 21, 2006. (Exhibit No. 1, Shaffer Letter, dated August 21, 2006, p.

Plaintiff has no meaningful justification for its conduct which is part of an ongoing pattern of conduct. Incredibly, during the August 16, 2006 discovery conference, plaintiff's counsel stated to the Magistrate Judge and undersigned counsel that plaintiff's counsel had at that time not identified any of plaintiff's 30(b)(6) designees or determined their dates of availability for deposition. This representation shows that plaintiffs and their counsel never intended to comply with the corporate deposition notices, the Federal Rules and this Court's Order. The defendants placed the plaintiffs on notice of their intention to conduct the three corporate depositions, including that of the plaintiff and two affiliates, two months earlier, on June 21, 2006. (Exhibit No. 2, Stubbins Letter,

2

dated June 21, 2006) One month earlier, on July 25, at plaintiff counsel's request defendants delivered their intended areas of 30(b)(6) inquiry. (Exhibit No. 3, Two e-mails to Vaught, dated July 25, 2006) And, thirteen days prior to the conference with the Magistrate Judge, on August 3, 2006, defendants served plaintiff with their notices of the three 30(b)(6) depositions to be conducted at the end of the August 16-30 time period - previously proposed by Robert Vaught, one of plaintiff's three counsel in this manner.

Plaintiff does not dispute the fact that the counsel reached an agreement that defendants would conduct depositions and plaintiffs would present employee witnesses between August 16, and August 30, 2006. (Exhibit No. 4, Vaught Letter, dated August 8, 2006, p. 1) Plaintiff unilaterally refused to attend and/or provide its employee witnesses for deposition, while acknowledging in writing that under the Federal Rules to prevent the depositions from going forth, it was required to seek and secure a protective order, based upon good cause. (Exhibit No. 4, p. 2) Plaintiff did not seek let alone secure a protective order.

Plaintiff's apparent goal is to obstruct defendants conduct in an orderly manner of properly noticed depositions, including those of subpoenaed third parties. This goal is improper and an abuse of the discovery process, the Federal Rules and a violation of this Court's Scheduling Order. The mandates of FRCivP Rule 26(c) regarding the necessity for obtaining a protective order are clear and acknowledged to be applicable to the instant matter by plaintiff's counsel in their letter dated August 8, 2006. (Exhibit No. 4, p. 2)

Plaintiff's refusal to cooperate in discovery is a discovery dispute within the meaning of Paragraph No. 11 of this Court's Scheduling Order dated April 7, 2006. The Order requires that counsel unable to resolve a discovery dispute shall arrange a brief

3

telephone conference with the Court by contacting chambers before filing a motion. Plaintiffs neither contacted the Court or the Magistrate Judge assigned by the Court in its recent Order to administer discovery nor filed a motion. Plaintiff simply announced unilaterally that it would not attend the noticed depositions or present its employee witnesses.

Plaintiff's conduct is the latest missive in its continued flaunting of the Federal Rules, the Court's Scheduling Order, and agreements between counsel. This is the second time that plaintiff's counsel has simply ignored an agreement for deposition dates between counsel. On June 13, 2206, plaintiff's counsel proposed dates to conduct depositions of the defendants and some of their employees. (Exhibit No. 5, e-mail from Vaught, dated June 13, 2006). On June 14, 2006, defense counsel agreed to some of the earlier dates proposed and requested that plaintiff's counsel reserve the remaining plaintiff proposed dates, July 17-20, for the defendant to conduct some depositions. (Exhibit No. 6, e-mail from Shaffer, dated June 14, 2006) Plaintiff's counsel never objected to these dates for the defense to conduct depositions and never advised that it was withdrawing the July 17-20 dates. However, when defense counsel served its notices of depositions for those dates, plaintiff's counsel for the first time advised that "…unfortunately those dates are not longer available. "

Conclusion

Plaintiff's counsel has twice now unilaterally obstructed the defense conduct of properly noticed depositions. Plaintiff's counsel has now failed to comply with its agreement with defense counsel and promise to the Magistrate Judge to provide corporate designees and deposition dates for the depositions of the plaintiff and two affiliated

4

entities. Plaintiff's counsel failed to provide the designations and dates on August 22, 2006 as promised, after receiving and not responding to a reminder letter from defense counsel on August 21, 2006. For these reasons, the Motion should be granted and sanctions in the form of an order that plaintiff pay defendants costs in bringing this motion should be granted.

          Respectfully Submitted,

          SHAFFER, BOCK & ANTONOPLOS, PLLC

          /s/ Mark L. Shaffer

          Mark L. Shaffer, D.C. Bar No. 346940
          1211 Connecticut Avenue, NW
          Suite 400
          Washington, D.C. 20036
          202.223.3210