# Sherman & Howard L.L.C.

ATTORNEYS & COUNSELORS AT LAW
1850 N. CENTRAL AVENUE, SUITE 500
PHOENIX, ARIZONA 85004
TELEPHONE: 602 636-2000
FAX: 602 234-7979
OFFICES: DENVER • COLORADO SPRINGS
RENO • LAS VEGAS

Robert G. Vaught
Direct Dial Number: (602) 636-2036
e-mail: rvaught@sah.com

August 8, 2006

**Via Facsimile and U.S. Mail**
Mark Shaffer, Esq.
Josh Stubbins, Esq.
Shaffer, Bock & Antonoplos, PLLC
1211 Connecticut Avenue, N.W., Suite 400
Washington, D.C. 20036

Re:   *Red Door Salons, Inc. v. Erwin Gomez, et al.*

Counsel:

We have reviewed your letter dated August 3, 2006, which we received via regular mail on August 7, 2006. Your letter is in response to a letter we sent on August 1, 2006, which related to upcoming depositions. As you know, in that letter, we told you that if we did not hear from you immediately, we were assuming the depositions were going to be put off. In the future, please e-mail or fax correspondence to our office, so that we may respond as promptly as possible.

The latest deposition schedule Defendants have proposed, which includes 22 individual depositions and potentially three dozen Rule 30(b)(6) depositions over ten consecutive business days in late August, is unduly burdensome and would be counterproductive to the settlement process. When the parties originally agreed to hold August 16 - 30 for depositions in this case, it was only to comply with a September 15, 2006 discovery deadline. On August 1, 2006, that deadline was extended to December 15, 2006. It has therefore become unnecessary, and unreasonable, to try and schedule so many depositions over such a short period of time.

In addition, the schedule you have proposed is logistically impracticable, as several of the depositions you have noticed to take place in Washington D.C. will in fact take place in different states. As we have advised on multiple occasions, the depositions of Janet Denyer, Chris Fields and Gabriella Macko will take place in Florida (or Washington state), New York and Arizona, respectively, where these individuals work and reside. Plaintiff is under no obligation to, and therefore will not, produce these individuals for depositions in Washington DC.

Plaintiff also objects to the number of Rule 30(b)(6) depositions Defendants have requested. As you recall, Plaintiff agreed, at your request, to waive the presumptive limit of 10 depositions per side, provided that requests for depositions were reasonable in scope and

# Sherman & Howard L.L.C.

Mark Shaffer, Esq.
Josh Stubbins, Esq.
August 8, 2006
Page 2

number. In your most recent correspondence, you have attached three separate Rule 30(b)(6) notices that each contain thirteen distinct categories of testimony, for a total of 36 possible depositions. Furthermore, you have noticed all of these depositions to take place over a three-day period. We are in the process of identifying corporate representatives who could testify regarding the categories you have identified, but will not consent to such an unreasonable number of Rule 30(b)(6) depositions. We will provide more detailed objections to some of the specific categories you have requested.

In addition, we question the validity of the subpoenas you prepared for the depositions of Bobby Stewart, Ronnie Stewart, Christophe Jouenne, Deirdre Channing and Cheree Clegghorn. We have no indication that you have actually served, or have attempted to serve, any of these subpoenas. Curiously, each of these subpoenas, which are either undated or dated August 3, 2006, purport to have been signed by Mark Shaffer. You have previously represented to us that Mr. Shaffer has been out of the country since the end of July, and will not return until August 12.

Finally, we have received no response regarding Plaintiff's offer to resolve this matter and participate in private mediation. We remain willing to discuss mediation procedures with you at your earliest convenience, including the selection of a private mediator.

Under the circumstances, Plaintiff cannot agree to the deposition schedule Defendants have proposed for August 16 – 30. We remain willing to work with you to schedule further depositions on a reasonable timeframe, and will provide alternate dates for September and early October. This will give the parties the opportunity to resolve the matter before expending significant additional resources, but still allow sufficient time to complete discovery should settlement talks prove to be unsuccessful.

Please advise by August 9, 2006, at 5:00 M.S.T., if Defendants will agree to vacate all depositions noticed for August 16 – 30 so that, if necessary, we may lodge a request for Protective Order with the Discovery Master.

Very truly yours,

Robert G. Vaught

RGV/amg

cc:   Robert E. Youle, Esq.
      Stephanie J. Quincy, Esq.