UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Red Door Salons Inc.,

                Plaintiff,

v.

Erwin Gomez, an individual,
James Packard-Gomez, an individual,
GoPac Industries Inc. d/b/a Erwin Gomez
Salon and Spa, a Maryland Corporation,

                Defendants.

Civil Action No. 06-286 (GK/JMF)

## PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Plaintiff Red Door Salons, Inc. (hereinafter, "Red Door"), through undersigned counsel, respectfully asks the Court to enter a Protective Order to prevent Defendants from conducting an overbroad and unduly burdensome number of Rule 30(b)(6) depositions. This Motion is supported by the following Statement of Points and Authorities and the Court's file in this matter, which are incorporated herein by reference.

## STATEMENT OF POINTS AND AUTHORITIES

### I.    BACKGROUND

On June 21, 2006, defense counsel informed Plaintiff's counsel that they wished to take over thirty deposition in this case; significantly more than the number of depositions permitted by Fed. R. Civ. P. 30(a)(2)(A) and Judge Kessler's April 7, 2006 Scheduling Order. At defense counsel's request, Plaintiff's counsel agreed to waive the presumptive limitation and proceed with a reasonable number of additional depositions, provided that Defendants could articulate a legitimate, good-faith basis for the depositions they requested.

On August 3, 2006, Defendants served Rule 30(b)(6) deposition notices for the following three corporate entities: Red Door Salons, Inc., Elizabeth Arden Salons, Inc., and Red Door Spas Holdings, Inc. *See* Deposition Notices, attached hereto as Exhibit A. Each Notice seeks testimony regarding thirteen distinct categories of information.

On August 7, 2006, Plaintiff's counsel sent defense counsel a letter containing a general objection to the scope and number of requested Rule 30(b)(6) depositions. Plaintiff's counsel advised that they were in the process of identifying corporate representatives to testify regarding some of the categories Defendants had identified, but that Plaintiff would not consent to such an unreasonable number of Rule 30(b)(6) depositions. On August 15, 2006, Plaintiff's counsel sent defense counsel another letter reiterating its objection.

On August 16, 17 and 18, counsel participated in several telephone conferences with Magistrate Judge Facciola regarding deposition scheduling. Magistrate Judge Facciola informed counsel that if they could not agree upon a schedule for Rule 30(b)(6) depositions, he would accept briefing on a Motion for Protective Order containing specific objections to the requested categories.

To date, the parties have not agreed upon a schedule for Rule 30(b)(6) depositions. Plaintiff is currently attempting to determine which individuals will be designated as corporate representatives for some of the requested categories, and remains hopeful that the parties will be able to agree on a revised schedule. However, as the first Rule 30(b)(6) deposition is currently set for August 25, 2006, Plaintiff hereby files the present Motion to preserve its objections to the Rule 30(b)(6) categories Defendants have requested.

II. **LEGAL ARGUMENT**

Courts have broad authority "to distinguish reasonable and productive uses of the discovery procedures from abusive invocations of those procedures and to design protective orders to curtail the latter." *Doe v. District of Columbia*, 697 F.2d 1115, 1119 (D.C. Cir. 1983); *see also* Fed. R. Civ. P. 26(c) (permitting courts to limit discovery by any order "which justice so

2

requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."). The party requesting the protective order must show "good cause" for the limitation. *See id.* In considering the party's request, the Court should consider whether "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case . . . the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." *In re: Sealed Case*, 381 F.3d 1205, 1215 (D.C. Cir. 2004). The Court has "broad discretion to tailor discovery narrowly," and should "undertake some substantive balancing of interests." *Id.*; *see also*, Fed. R. Civ. P. 26(b)(2).

Discovery requests may be objected to as overly broad and not reasonably calculated to lead to the discovery of admissible evidence. *See e.g., In re Independent Serv. Organizations Antitrust Litigation*, 168 F.R.D. 651, 654 (D. Kan. 1996) (noting that a protective order may be issued when a wide ranging deposition notice under Rule 30(b)(6) is "overbroad, burdensome, and a highly inefficient method through which to obtain otherwise discoverable information."). Courts may protect a party from oppressive discovery by limiting the scope of permissible questioning and the number of deponents questioned. *See Weisberg v. Department of Justice*, 627 F.2d 365, 371 (D.C. Cir. 1980).

As set forth in Plaintiff's specific objections below, several of Defendants' requested Rule 30(b)(6) categories are overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. As such, Plaintiff respectfully asks the Court to enter a Protective Order prohibiting the currently-noticed Rule 30(b)(6) depositions and giving Plaintiff sufficient time to identify appropriate corporate representatives.

### III. PLAINTIFF'S OBJECTIONS TO DEFENDANTS' RULE 30(B)(6) DEPOSITION NOTICES.

Plaintiff objects to all of Defendants' Rule 30(b)(6) Notices to the extend they purport to be a request for the production of documents, as they do not comply with the substantive or procedural requirements of Fed. R. Civ. P. 34 and 45.

Plaintiff sets forth its specific objections to Defendants' proposed Rule 30(b)(6) categories as follows:

1.  The corporate history of [Red Door Salons, Inc./Elizabeth Arden Salons, Inc./Red Door Spas Holdings, Inc.] including, but not limited to, all relevant transactions and formations, dates and supporting records.

    **OBJECTION**: Category One is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The phrase "including, but not limited to, all relevant transactions and formations," is so vague and overbroad as to preclude Plaintiff from identifying a single individual who could provide responsive testimony. *See e.g., Tri-State Hosp. Supply Corp. v. United States*, 226 F.R.D. 118, 125 (D.D.C. 2005) (Holding that Rule 30(b)(6) categories containing the phrase "including but not limited to" are overbroad, and noting that the "purpose of designating matters for the 30(b)(6) deposition is to give the opposing party notice of the areas of inquiry that will be pursued so that it can identify appropriate deponents and ensure that they are prepared for the deposition. Listing several categories and stating that the inquiry may extend beyond the enumerated topics defeats the purpose of having any topics at all.").

    Category One is also overbroad because Plaintiff has already produced documents regarding the formation of Red Door Salons, Inc. *See* EG00149-69. *See Banks v. Office of the Senate Sergeant of Arms*, 222 F.R.D. 7, 19 (D.D.C. 2004) (ordering the parties to find topics that will "insure that the 30(b)(6) depositions are meaningful exercises in ascertaining information that has not been previously discovered" and ordering the party seeking discovery "not [to] ask questions that duplicate questions previously asked of other witnesses, or seek information that he already has by virtue of responses to other discovery devices.").

    Subject to and without waiving any objections, Plaintiff is in the process of identifying individuals who could testify regarding the formation of Red Door Salons, Inc., Elizabeth Arden Salons, Inc. and Red Door Spa Holdings, Inc.

2.  The corporate, partnership, parent/subsidiary, holding, relationship(s) of [Red Door Salons, Inc./Elizabeth Arden Salons, Inc./Red Door Spas Holdings, Inc.] in relation to: Red Door Salon and Spa; Red Door Spas; Red Door Spas, Inc.; Elizabeth Arden; Elizabeth Arden, Spas, LLC; Red Door Spa Holdings; Red Door Spa Holdings, Inc.; Elizabeth Arden, The Salon; Elizabeth Arden Salon; Elizabeth Arden Salons, Inc.; Elizabeth Arden, red door salon & spa Mario Tricoci; Red Door Spa Chevy Chase; red door spas Elizabeth Arden; Red Door Spas, Washington, D.C.; Mario Tricoci Hair Salons Day Spas; Mario Tricoci Hair Salons & Day Spas, Inc. This includes, but is not limited to, knowledge and production of all supporting records.

> **OBJECTION**: Category Two is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. *See e.g., Tri-State*, 226 F.R.D. at.125. Defendants have requested information regarding fifteen different entities, most of which, including all of the Mario Tricoci entities, have no involvement in the present litigation.
>
> Subject to and without waiving any objections, Plaintiff has already produced organizational charts regarding the relationships between the listed organizations (EG00170-71) and is in the process of identifying individuals who could testify regarding the relationship between Red Door Salons, Inc., Elizabeth Arden Salons, Inc. and Red Door Spa Holdings, Inc.

3.  [Red Door Salons, Inc.'s/Elizabeth Arden Salons, Inc.'s/Red Door Spas Holdings, Inc.'s] ownership or other interest and/or relationship with the salon and spa business operated at 5225 Wisconsin Avenue, NW, Washington, D.C. 20015 and records supporting such interests or relationships.

    > **OBJECTION**: Category Three is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff has already produced documents regarding the lease of the premises used to operate the business located at 5225 Wisconsin Avenue, NW, Washington D.C. 20015. *See* EG00172-244. *See Banks*, 222 F.R.D., at 19.
    >
    > Subject to and without waiving any objections, Plaintiff is in the process of identifying individuals to testify regarding Red Door Salons, Inc.'s relationship to the business operated at 5225 Wisconsin Avenue, NW, Washington D.C. 20015.

4.  Red Door Salons, Inc.'s employer or other relationship with persons working at the salon and spa business operated at 5225 Wisconsin, Avenue, NW, Washington D.C. 20015 and records supporting such relationships.

    > **OBJECTION**: Category Four is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Presently, over one hundred individuals work at Red Door's Chevy Chase Salon. In any event, Category Four contains no date restrictions of any kind, and does not identify specific "persons" regarding whom information is sought. Defendants also do not define the "relationships" about which they are seeking information. Those "relationships" could include relationships with co-workers, customers, vendors, management as well as personal relationships that have absolutely no bearing on the present litigation. *See Tri-State*, 226 F.R.D. at 125.

5. Any written employment contracts given to and ratified by persons working at salon and spa business operated at 5225 Wisconsin Avenue, NW, Washington D.C. 20015 and all supporting records.

> **OBJECTION**: Category Five is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Category Five contains no date restrictions of any kind, and does not identify specific "persons" regarding whom information is sought. Red Door's Chevy Chase Salon has been in business for over 20 years and has employed hundreds of individuals, several of whom no longer work for Red Door, and most of whom have absolutely no involvement in this litigation. In addition, the meaning of the word "ratified" is unclear as it relates to written employment agreements.

6. All relationships, including but not limited to employment relationships, between Red Door Salons, Inc. and Erwin Gomez, Valerie Carrasquillo, Valerie La Faye, Nia Cooper, Nina Cooper, Mata Keo, Tia Rice, Teneisha Rice, Angela Keo and records supporting such relationships.

> **OBJECTION**: Category Six is vague and ambiguous. Defendants do not define the "relationships" about which they are seeking information. Those "relationships" could include relationships with co-workers, customers, vendors, management as well as personal relationships that have absolutely no bearing on the present litigation. In addition, Plaintiff has already produced copies of documents regarding the requested individuals' employment with Plaintiff. *See* EG00001-07; EG00089-90; EG00091; EG00092-93; EG00094-100; EG00102-04; EG00106-08; EG00111; EG00056; EG00078-81; EG00068-70; EG00071-77; EG00066-65; EG00082-86; EG00101; EG00269-84; EG00728-49; EG00305-16; EG00286-94; EG00318-72; EG00385-00400; EG00374-83. *See also, Banks*, 222 F.R.D., at 19.
>
> Subject to and without waiving any objections, Plaintiff is in the process of identifying individuals to testify regarding the identified individuals' employment with Plaintiff

7. Any written employment contracts with Erwin Gomez, Valerie Carrasquillo, Valerie La Faye, Nia Cooper, Nina Cooper, Mata Keo, Tia Rice, Teneisha Rice, Angela Keo and copies of the same.

> **OBJECTION**: Plaintiff has already produced copies of documents regarding the requested individuals' employment with Plaintiff. *See* EG00001-07; EG00089-90; EG00091; EG00092-93; EG00094-100; EG00102-04; EG00106-08; EG00111; EG00056; EG00078-81; EG00068-

      70; EG00071-77; EG00066-65; EG00082-86; EG00101; EG00269-84; EG00728-49; EG00305-16; EG00286-94; EG00318-72; EG00385-00400; EG00374-83. *See also, Banks*, 222 F.R.D., at 19.

      Subject to and without waiving any objections, Plaintiff is in the process of identifying individuals to testify regarding the identified individuals' employment with Plaintiff.

8.    Any and all compensation paid to all employees working at the salon and spa located at 5225 Wisconsin Avenue, NW, Washington, D.C. 20015 including Erwin Gomez, Valerie Carrasquillo, Valerie La Faye, Nia Cooper, Nina Cooper, Mata Keo, Tia Rice, Teneisha Rice, Angela Keo, and all supporting records.

      **OBJECTION**: Category Eight is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeking confidential information. Category Eight requests confidential financial information regarding every individual who has worked at Red Door's Chevy Chase salon, and contains no date restrictions of any kind. The compensation paid to these individuals is not at issue in this litigation.

9.    All customer and client data, lists, mailing lists and records generally for the salon and spa located at 5225 Wisconsin Avenue, NW, Washington D.C. 20015, including, but not limited to, all such information and data related to the customers and clients of Erwin Gomez, Valerie Carrasquillo, Valerie La Faye, Nia Cooper, Nina Cooper, Mata Keo, Tia Rice, Teneisha Rice, Angela Keo and all supporting records.

      **OBJECTION**: Category Nine is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. *See Tri-State*, 226 F.R.D. at.125. By requesting "records generally," Category Nine seeks information regarding each and every "record" kept at Red Door's Chevy Chase salon.

      In addition, Plaintiff has already disclosed client lists and other documents regarding customers who have requested services at Red Door's Chevy Chase Salon. *See* EG00479-660; EG00661-726; *see also* Compact Disc Bates Stamped EG00767 produced with Plaintiff's First Supplemental Response to Defendant Gomez's Request for Production of Documents. *See Banks*, 222 F.R.D., at 19.

7

10. All policies, practices, security procedures, and access controls for propriety customer/client data responsive to item no. 9.

>**OBJECTION**: Category Ten is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.
>
>Subject to and without waiving any objections, Plaintiff is in the process of identifying individuals to testify regarding the measures in place at Red Door's Chevy Chase Salon to secure Plaintiff's confidential customer information.

11. All persons with access to customer/client data etc. responsive to item no. 9 between January 1, 2005 and December 31, 2005, and all accesses made by such persons including times and dates, materials accessed, and materials printed out and supporting records.

>**OBJECTION**: Category Eleven is vague, ambiguous, overbroad and unduly burdensome. In its First Supplemental Response to Defendant Gomez's Interrogatory Number 5, Plaintiff advised that, although it can identify the dates on which its employees use their passwords to access Red Door's computer database, it does not separately log specific information that was reviewed, transmitted or copied during each login.

12. All persons working at 5225 Wisconsin Avenue, NW, Washington, D.C. 20015 who were required to sign the "internal offer of employment with Red Door Spas, LLC in technical position" (GOP11493-4), between December 1, 2004 and June 31, 2005 including the dates of said signing by these persons.

>**OBJECTION**: Category Twelve is unduly burdensome. Defendants could obtain the requested information by serving an appropriate Request for Production of Documents pursuant to Fed. R. Civ. P. 34.

13. All knowledge related to any and all responsive documents.

>**OBJECTION**: Category Thirteen is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully asks the Court to enter a Protective Order prohibiting Defendants from conducting Rule 30(b)(6) depositions with respect to categories 4, 5, 8, 9, 12 and 13. Plaintiff also respectfully requests an Order revising the substance of categories 1, 2, 3, 6, 7, 10, and 11 as set forth above, and giving Plaintiff until ten days following resolution of this Motion to designate appropriate corporate representatives on those revised categories.

DATED this 24th day of August, 2006.

SHERMAN & HOWARD, LLC

By _/s/ Stephanie J. Quincy_
Stephanie J. Quincy (Admitted Pro Hac Vice)
Robert G. Vaught (Admitted Pro Hac Vice)
1850 North Central Ave., Suite 500
Phoenix, Arizona 85004
Telephone: (602) 636-2008
squincy@sah.com

Joel L. Green (192682)
Jennings, Strouss & Salmon, P.L.C.
1700 Pennsylvania Ave., N.W.
Suite 500
Washington, D.C. 20006
Telephone: (202) 371-9889

Attorneys for Plaintiff Red Door Salons, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of August, 2006, I electronically transmitted the foregoing to the Clerk's office using the CM/ECF System for filing, and served a copy via facsimile and United States mail to the following:

Mark L. Shaffer, Esq.
SHAFFER, BOCK, & ANTONOPLOS
1211 Connecticut Ave., Suite 400
Washington, D.C. 20036

Attorneys for Defendants