UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Red Door Salons Inc.,

        Plaintiff,

v.

Erwin Gomez, an individual,
James Packard-Gomez, an individual,
GoPac Industries Inc. d/b/a Erwin Gomez
Salon and Spa, a Maryland Corporation,

        Defendants.

**Civil Action No. 1:06CV00286(GK)**

## DEFENDANTS' PRAECIPE REGARDING EFFORTS TO CONDUCT PRIVATE MEDIATION

Pursuant to the Court's August 1, 2006 Order, defendants Erwin Gomez, James Packard-Gomez, and GoPac Industries Inc., d/b/a Erwin Gomez Salon and Spa, hereby advise the Court regarding the status of their efforts to engage a private mediator to attempt to resolve this case. It is defendant's view that, consistent with counsel discussions and agreement last June, it is premature to engage in mediation before completion of the critical depositions necessary for both parties to assess the merits, if any, of the plaintiff's claims.

With defendants' cooperation, plaintiff completed those depositions that its counsel identified as being critical to its self-assessment. However, for reasons more fully set forth in defendants' pending motion for a court order compelling discovery and for sanctions, plaintiffs have obstructed and delayed defendants' conduct of its critical depositions to include its unilateral refusal to attend and present its employee witnesses for properly noticed depositions. Most recently, plaintiff failed to comply with its representations to defense counsel and Magistrate Judge Facciola during the discovery conference convened by defendants and held on August 16, 17 and 18, that it provide corporate deposition designees and possible deposition

dates on August 22, 2006. The conference had been convened to address plaintiff's unilateral non-compliance with the applicable Federal Rules of Civil Procedure, this Courts Scheduling Order and its refusal to attend and present employee witnesses to appear at properly noticed depositions.

For the above state reasons, reasoned settlement discussions are impossible at this time. Further, defendants do not presently believe that employment of a mediator is likely to resolve the case, because the parties' disputes are both legally and factually complex.

DATED this 25th day of August, 2006.

**SHAFFER, BOCK & ANTONOPLOS, PLLC**

By  /s/ Mark L. Shaffer
    Mark Shaffer, Esq. (D.C. Bar No. 346940)
    Shaffer, Bock & Antonoplos, PLLC
    1211 Connecticut Avenue, N.W., Suite 400
    Washington, D.C. 20036

    Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of August, 2006, I electronically transmitted the foregoing to the Clerk's office using the CM/ECF System for filing. Copies of the foregoing have been sent this date using the CM/ECF System to the following:

Stephanie J. Quincy, Esq. (Admitted Pro Hac Vice)
Robert G. Vaught, Esq. (Admitted Pro Hac Vice)
1850 North Central Ave., Suite 500
Phoenix, Arizona 85004
Telephone: (602) 636-2008

Joel L. Green, Esq. (192682)
Jennings, Strouss & Salmon, P.L.C.
1700 Pennsylvania Ave., N.W., Suite 500
Washington, D.C. 20006
Telephone: (202) 371-9889

Attorneys for Plaintiff

/s/ Mark L. Shaffer
Mark Shaffer, Esq. (D.C. Bar No. 346940)