```
          TRANSMISSION VERIFICATION REPORT

                                    TIME   : 08/21/2006 18:46
                                    NAME   : SHAFFER BOCK ANTON
                                    FAX    : 2022233211
                                    TEL    : 2022233200
                                    SER.#  : BROK2J713532


DATE,TIME            08/21  18:45
FAX NO./NAME         16022347979-1245
DURATION             00:01:14
PAGE(S)              04
RESULT               OK
MODE                 STANDARD
                     ECM
```

# SHAFFER, BOCK & ANTONOPLOS, P.L.L.C.

## FACSIMILE TRANSMITTAL SHEET

| TO: Robert Vaught | FROM: Joshua Stubbins |
|---|---|
| COMPANY: | DATE: 8/21/06 |
| FAX NUMBER: 602.234.7979 | TOTAL NO. OF PAGES INCLUDING COVER: 4 |
| PHONE NUMBER: | SENDER'S REFERENCE NUMBER: |
| RE: Correspondence from Mark Shaffer | YOUR REFERENCE NUMBER: |

URGENT    X FOR REVIEW    ☐ PLEASE COMMENT    PLEASE REPLY    ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Dear Rob,

Please find attached correspondence from Mark Shaffer following up on your conversation of 8/21/06 and responding to your settlement offer and request for mediation.

Josh Stubbins

SHAFFER, BOCK & ANTONOPLOS, P.L.L.C.

## FACSIMILE TRANSMITTAL SHEET

| TO: Robert Vaught | FROM: Joshua Stubbins |
|---|---|
| COMPANY: | DATE: 8/21/06 |
| FAX NUMBER: 602.234.7979 | TOTAL NO. OF PAGES INCLUDING COVER: 4 |
| PHONE NUMBER: | SENDER'S REFERENCE NUMBER: |
| RE: Correspondence from Mark Shaffer | YOUR REFERENCE NUMBER: |

URGENT     X FOR REVIEW     ☐ PLEASE COMMENT     PLEASE REPLY     ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Dear Rob,

Please find attached correspondence from Mark Shaffer following up on your conversation of 8/21/06 and responding to your settlement offer and request for mediation.

Josh Stubbins

# SHAFFER, BOCK & ANTONOPLOS, PLLC.

Shaffer@shafferbockanton.com

August 21, 2006

*VIA E-mail: rvaught@sah.com*
*and Fax 602.234.7979*

Robert G. Vaught
Sherman & Howard, L.L.C.
1850 N. Central Avenue, Suite 500
Phoenix, AZ 85004

   Re:   Red Door Salons, Inc. v. Gomez, et al

Dear Robert,

This is to follow up today's deposition and our discussion.

1. You have agreed to provide us with a photocopy set of the exhibits from the Gomez, Packard and Spangler depositions. The reporter's transcript did not include copies and instead states that the exhibits were kept by plaintiff's counsel. We need a copy to be certain that there is mutual agreement as to what is presently in the case record.

2. You requested my response to Judge Kessler's order that by August 25 we advise her as to the status of a voluntary mediation. Our position on this matter is that a discussion of any form of dispute resolution, including mediation is premature. We have previously advised you that, while we do not believe that the plaintiff has established the requisite facts to file this case, let alone take it to a jury, we cannot consider settlement discussions until we have first conducted sufficient discovery to determine the factual basis for plaintiff's claims. Magistrate Facciola asked the defendants and we agreed to limit our discovery for the moment to development of the facts we deem essential to our decision to discuss settlement, with a view towards advising the plaintiffs of our position on settlement before completing the remainder of our previously proposed preliminary deposition schedule.

However, at this time we cannot see the value of paying a mediator $500.00 per hour to tell us to split the difference between you asking figure, $300,000 and our offer, $0.00. I have mediated many cases and rarely seen a mediator make a substantive assessment of the merits of each side's

RDS v. Gomez et al.
Page 2
8/21/2006

case and push one side or the other to concede any more that splitting the difference. This case is fact intensive, and mediators don't resolve factual disputes.

3. We have reviewed your prior settlement offer and find it to be so unjustified as to defy reason. Your client demands damages in the amount of $300,000, but has not proved a single fact to show that it lost a single dollar as a result of my clients' conduct. The record clearly shows, among other things that your client voluntarily directed all of Mr. Gomez's clients to him referring them for two months to his business phone in response to their requests for appointments with him. Today we learned that this referral of clients is the practice for your client for at least two major producers, Messrs. Gomez and Jouenne.

4. Your client's demand that Mr. Gomez not use the Arden or Red Door name in his advertisements, and not hire former employees who have been terminated for less that one year are remedies that exceed Mr. Gomez' alleged duties as such set forth in any contract proffered by the plaintiff despite that fact that the plaintiff has yet to prove any such contract is germane to this matter. We therefore doubt the sincerity of your client's proposal.

5. In this same regard, it is our observation that your client still may be including Mr. Gomez's name in its marketing efforts, possibly optimizing outdated references to him on its website. Please consider this our demand that your client remove all references to Mr. Gomez from its advertising and website. He is no longer affiliated with your client's organization, and use of his name at this time, wrongfully implies a continuing affiliation constituting an unfair competition. This is much different from Mr. Gomez merely advising others of his prior employment and job title.

6. We learned from Mr. Jouenne today that apparently your client has engaged in disparate treatment in the terms and conditions of employment based upon race and/or national origin. Mr. Jouenne testified that while employed he engaged in both competitive and unfair trade practices as you have defined them in the instant lawsuit. He essentially admitted to virtually every wrongdoing that you accuse Mr. Gomez of having perpetrated, but have yet to prove. More importantly, he states and you do not deny that he did all of this with management's knowledge and consent. We will shortly determine whether or not to request leave to amend our Answer to assert a counterclaim or file a separate action alleging discrimination. If we do so, we will include a demand for at least $1,000,000 in damages.

7. Today, I candidly shared with you our present assessment of your case. I truly do not believe that your firm and your client can meet your burden under Rule 11 for filing your Complaint, let alone get the case to the jury. Presently, we are considering when and how to present this concern to the Court. I strongly suggest that you consider a voluntary dismissal or a sealed face saving settlement. Please advise whether you are prepared to move along these lines by September 1, 2006.

8. Lastly, it is my understanding from our discussions with Magistrate Judge Facciola that tomorrow, August 22 you and/or Mr. Youle will present to us optional dates for the conduct of

RDS v. Gomez et al.
Page 3
8/21/2006

the pending noticed 30(b)(6) depositions. If we cannot agree as to dates, it is my further understanding that the Magistrate Judge has required you to file a timely motion for a protective order, before August 25. As you know, I have agreed to new dates if reasonably soon and to conduct each deposition in its entirety in the city that is the principle place of business of each of the three corporations, Phoenix and Stamford. I look forward to receiving the optional dates and avoiding any further difficulties that require Court intervention. In this same regard, I note that you have not yet offered a date for the deposition of Ms. Chris Fields. I also will expect your proposed options for her deposition tomorrow. I suggest that we depose her the day before or day after the Stamford deposition and conduct it in Stamford, although New York City is acceptable if necessary.

        Very truly yours,

        SHAFFER, BOCK, & ANTONOPLOS

        By: _____
           Mark L. Shaffer